**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DIAMOND SPORTS GROUP, LLC, | ) | Case No. 23-90116 (CML) |
| | ) | |
| Debtor. | ) | |
| Tax I.D. No. 83-4553143 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ARC HOLDING, LTD., | ) | Case No. 23-90115 (CML) |
| | ) | |
| Debtor. | ) | |
| Tax I.D. No. 75-2546758 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DIAMOND COLLEGE SPORTS, LLC, | ) | Case No. 23-90141 (CML) |
| | ) | |
| Debtor. | ) | |
| Tax I.D. No. 91-2135824 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DIAMOND DIGITAL GROUP, LLC, | ) | Case No. 23-90142 (CML) |
| | ) | |
| Debtor. | ) | |
| Tax I.D. No. 86-1460831 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DIAMOND GAMING SERVICES, LLC, | ) | Case No. 23-90143 (CML) |
| | ) | |
| Debtor. | ) | |
| Tax I.D. No. 88-1318533 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DIAMOND MOBILE HOLDINGS, LLC, | ) | Case No. 23-90144 (CML) |
| | ) | |
| Debtor. | ) | |
| Tax I.D. No. 95-4675174 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DIAMOND OHIO HOLDINGS, LLC, | ) | Case No. 23-90127 (CML) |
| | ) | |
| Debtor. | ) | |
| Tax I.D. No. N/A | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DIAMOND OHIO HOLDINGS II, LLC, | ) | Case No. 23-90118 (CML) |
| | ) | |
| Debtor. | ) | |
| Tax I.D. No. N/A | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DIAMOND SAN DIEGO HOLDINGS, LLC, | ) | Case No. 23-90128 (CML) |
| | ) | |
| Debtor. | ) | |
| Tax I.D. No. 90-0846188 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DIAMOND SOUTHERN HOLDINGS, LLC, | ) | Case No. 23-90129 (CML) |
| | ) | |
| Debtor. | ) | |
| Tax I.D. No. 84-1111431 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DIAMOND SPORTS NET, LLC, | ) | Case No. 23-90126 (CML) |
| | ) | |
| Debtor. | ) | |
| Tax I.D. No. 06-1667112 | ) | |

2

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DIAMOND SPORTS NET ARIZONA, LLC, | ) | Case No. 23-90117 (CML) |
| | ) | |
| Debtor. | ) | |
| Tax I.D. No. 95-4581168 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DIAMOND SPORTS NET ARIZONA HOLDINGS, LLC, | ) | Case No. 23-90130 (CML) |
| | ) | |
| Debtor. | ) | |
| Tax I.D. No. 81-4280234 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DIAMOND SPORTS NET DETROIT, LLC, | ) | Case No. 23-90123 (CML) |
| | ) | |
| Debtor. | ) | |
| Tax I.D. No. 95-4655952 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DIAMOND SPORTS NET FLORIDA, LLC, | ) | Case No. 23-90131 (CML) |
| | ) | |
| Debtor. | ) | |
| Tax I.D. No. 65-1257491 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DIAMOND SPORTS NET NORTH, LLC, | ) | Case No. 23-90120 (CML) |
| | ) | |
| Debtor. | ) | |
| Tax I.D. No. 91-2031366 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DIAMOND SPORTS NET OHIO, LLC, | ) | Case No. 23-90125 (CML) |
| | ) | |
| Debtor. | ) | |
| Tax I.D. No. 65-1257503 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DIAMOND SPORTS NET WEST 2, LLC, | ) | Case No. 23-90124 (CML) |
| | ) | |
| Debtor. | ) | |
| Tax I.D. No. 95-4675177 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DIAMOND SPORTS SUN, LLC, | ) | Case No. 23-90119 (CML) |
| | ) | |
| Debtor. | ) | |
| Tax I.D. No. 35-2660357 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DIAMOND ST. LOUIS HOLDINGS, LLC, | ) | Case No. 23-90132 (CML) |
| | ) | |
| Debtor. | ) | |
| Tax I.D. No. 47-3099387 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DIAMOND WEST HOLDINGS, LLC, | ) | Case No. 23-90133 (CML) |
| | ) | |
| Debtor. | ) | |
| Tax I.D. No. 37-1649811 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DIAMOND-BRV SOUTHERN SPORTS HOLDINGS, LLC, | ) | Case No. 23-90134 (CML) |
| | ) | |
| Debtor. | ) | |
| Tax I.D. No. 51-0639111 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| FASTBALL SPORTS PRODUCTIONS, LLC, | ) | Case No. 23-90135 (CML) |
| | ) | |
| Debtor. | ) | |
| Tax I.D. No. 20-4146199 | ) | |

4

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FRSM HOLDINGS LLC, | ) | Case No. 23-90136 (CML) |
| | ) | |
| Debtor. | ) | |
| Tax I.D. No. 84-1343026 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SPORTS HOLDING, LLC, | ) | Case No. 23-90137 (CML) |
| | ) | |
| Debtor. | ) | |
| Tax I.D. No. 75-2546757 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SPORTS NETWORK, LLC, | ) | Case No. 23-90138 (CML) |
| | ) | |
| Debtor. | ) | |
| Tax I.D. No. 83-3697733 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SPORTS NETWORK II, LLC, | ) | Case No. 23-90139 (CML) |
| | ) | |
| Debtor. | ) | |
| Tax I.D. No. 84-2452051 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SPORTSOUTH NETWORK, LLC, | ) | Case No. 23-90121 (CML) |
| | ) | |
| Debtor. | ) | |
| Tax I.D. No. 58-1888790 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SPORTSOUTH NETWORK II, LLC, | ) | Case No. 23-90122 (CML) |
| | ) | |
| Debtor. | ) | |
| Tax I.D. No. 45-2099432 | ) | |

5

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SUNSHINE HOLDCO, LLC, | ) | Case No. 23-90140 (CML) |
|  | ) |  |
| Debtor. | ) |  |
| Tax I.D. No. 65-0044370 | ) |  |

**DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY
OF AN ORDER (A) DIRECTING JOINT ADMINISTRATION
OF CHAPTER 11 CASES AND (B) GRANTING RELATED RELIEF**

---

**Emergency relief has been requested.  Relief is requested not later than 2:30 p.m. (prevailing Central Time) on March 16, 2023.**

**If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph.  Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**A hearing will be conducted on this matter on March 16, 2023, at 2:30 p.m. (prevailing Central Time) in Courtroom 401, 4th floor, 515 Rusk Street, Houston, Texas 77002.  Participation at the hearing will only be permitted by an audio and video connection.**

**Audio communication will be by use of the Court's dial-in facility.  You may access the facility at (832) 917-1510.  Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153.  Video communication will be by use of the GoToMeeting platform.  Connect via the free GoToMeeting application or click the link on Judge Lopez's homepage.  The meeting code is "JudgeLopez."  Click the settings icon in the upper right corner and enter your name under the personal information setting.**

**Hearing appearances must be made electronically in advance of both electronic and in-person hearings.  To make your appearance, click the "Electronic Appearance" link on Judge Lopez's homepage. Select the case name, complete the required fields, and click "Submit" to complete your appearance.**

---

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") respectfully state as follows in support of this motion:[1]

<u>**Relief Requested**</u>

1.      The Debtors seek entry of an order, substantially in the form attached hereto, (a) directing procedural consolidation and joint administration of these chapter 11 cases and

---

[1]     A detailed description of the Debtors and their business, including the facts and circumstances giving rise to these chapter 11 cases and supporting this motion, is set forth in the *Declaration of David F. DeVoe, Jr. in Support of Chapter 11 Petitions and First Day Motions* (the "<u>First Day Declaration</u>"), filed contemporaneously herewith and incorporated herein by reference.  Capitalized terms used but not defined in this motion have the meanings ascribed to them in the First Day Declaration.

6

(b) granting related relief.  The Debtors request that one file and one docket be maintained for all of the jointly administered cases under the case of Diamond Sports Group, LLC, and that the cases be administered under a consolidated caption, as follows:

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DIAMOND SPORTS GROUP, LLC, *et al.*,[1] | ) | Case No. 23-90116 (CML) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1]  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/DSG.  The Debtors' service address for purposes of these chapter 11 cases is:  c/o Diamond Sports Group, LLC, 3003 Exposition Blvd., Santa Monica, CA 90404.

2.      The Debtors further request that the Court (as defined herein) order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code (as defined herein).

3.      The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than Diamond Sports Group, LLC to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas directing joint administration for procedural purposes only of the chapter 11 cases of: Diamond Sports Group, LLC, Case No. 23-90116; ARC Holding, Ltd., Case No. 23-90115; Diamond College Sports, LLC, Case No. 23-90141; Diamond Digital Group, LLC, Case No. 23-90142; Diamond Gaming Services, LLC, Case No. 23-90143; Diamond Mobile Holdings, LLC, Case No. 23-90144; Diamond Ohio Holdings, LLC, Case No. 23-90127; Diamond Ohio Holdings II, LLC, Case No. 23-90118; Diamond San Diego Holdings, LLC, Case No. 23-90128; Diamond Southern Holdings, LLC, Case No. 23-90129; Diamond Sports Net, LLC, Case No. 23-90126; Diamond Sports Net Arizona, LLC, Case No. 23-90117; Diamond Sports Net Arizona Holdings, LLC, Case No. 23-90130; Diamond Sports Net Detroit, LLC,

Case No. 23-90123; Diamond Sports Net Florida, LLC, Case No. 23-90131; Diamond Sports Net North, LLC, Case No. 23-90120; Diamond Sports Net Ohio, LLC, Case No. 23-90125; Diamond Sports Net West 2, LLC, Case No. 23-90124; Diamond Sports Sun, LLC, Case No. 23-90119; Diamond St. Louis Holdings, LLC, Case No. 23-90132; Diamond West Holdings, LLC, Case No. 23-90133; Diamond-BRV Southern Sports Holdings, LLC, Case No. 23-90134; Fastball Sports Productions, LLC, Case No. 23-90135; FRSM Holdings LLC, Case No. 23-90136; Sports Holding, LLC, Case No. 23-90137; Sports Network, LLC, Case No. 23-90138; Sports Network II, LLC, Case No. 23-90139; SportSouth Network, LLC, Case No. 23-90121; SportSouth Network II, LLC, Case No. 23-90122; and Sunshine Holdco, LLC, Case No. 23-90140.

The docket in Case No. 23-90116 should be consulted for all matters affecting this case.  All further pleadings and other papers shall be filed, and all further docket entries shall be made, in Case No. 23-90116.

### Jurisdiction and Venue

4.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012 (the "Amended Standing Order").  The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The bases for the relief requested herein are sections 105(a) and 342(c) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rule 1015(b), and Rules 1015-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules").

**Background**

7.     The Debtors own and/or operate the Bally Sports Regional Sports Networks (the "RSNs"), making them the nation's leading provider of local sports programming.  The Debtors' 19 Bally Sports RSNs serve as the home for 42 MLB, NHL, and NBA teams.  The Debtors also hold joint venture interests in Marquee, the home of the Chicago Cubs, and the YES Network, the local destination for the New York Yankees and Brooklyn Nets.  The RSNs produce approximately 4,500 live local professional telecasts each year in addition to a wide variety of locally produced sports events and programs.

8.     On March 14 and 15, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

**Basis for Relief**

9.     Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."  Fed. R. Bankr. P. 1015.  The Debtor entities that commenced chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code.  Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.  Local Rule 1015-1 further contemplates the joint administration of related chapter 11 cases in this jurisdiction.

10.     Joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest.  Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity.  The

entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections in each of the Debtors' cases.  Joint administration also will allow the Office of the United States Trustee for the Southern District of Texas and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

11.     Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this motion seeks only administrative, not substantive, consolidation of the Debtors' estates.  Parties in interest will not be harmed by the relief requested, but instead will benefit from the cost reductions and administrative convenience associated with the joint administration of these chapter 11 cases.  Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

## **Emergency Consideration**

12.     Pursuant to Local Rule 9013-1, the Debtors respectfully request emergency consideration of this motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm."  As set forth in this motion and in the First Day Declaration, the Debtors believe an immediate and orderly transition into chapter 11 is critical to their ability to reorganize successfully, and that the immediate entry of an order providing for the joint administration of these chapter 11 cases before the entry of any further orders will maximize efficiency and minimize confusion in these cases.  Any delay in granting the relief requested would have the opposite effect.  Accordingly, the Debtors respectfully request that the Court grant the relief requested in this motion on an emergency basis.

## **Notice**

13.     The Debtors will provide notice of this motion to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the administrative agents under the Debtors' prepetition credit facilities and counsel thereto; (d) the indenture trustees under the Debtors' prepetition indentures and counsel thereto; (e) counsel to the Ad Hoc First Lien Group; (f) counsel to the Ad Hoc Secured Group; (g) counsel to the Ad Hoc Crossholder Group; (h) Sinclair and its counsel; (i) the United States Attorney's Office for the Southern District of Texas; (j) the Internal Revenue Service; (k) the state attorneys general for states in which the Debtors conduct business; (l) the Securities and Exchange Commission; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the proposed order, substantially in the form attached hereto, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

March 15, 2023

Respectfully submitted,

By: */s/ John F. Higgins*
**PORTER HEDGES LLP**
John F. Higgins (TX Bar No. 09597500)
M. Shane Johnson (TX Bar No. 24083263)
Megan Young-John (TX Bar No. 24088700)
Bryan L. Rochelle (TX Bar No. 24107979)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile:  (713) 226-6248
jhiggins@porterhedges.com
sjohnson@porterhedges.com
myoung-john@porterhedges.com
brochelle@porterhedges.com

- and -

**WILMER CUTLER PICKERING HALE AND DORR LLP**
Andrew N. Goldman (*pro hac vice* pending)
Benjamin W. Loveland (*pro hac vice* pending)
Lauren R. Lifland (*pro hac vice* pending)
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
andrew.goldman@wilmerhale.com
benjamin.loveland@wilmerhale.com
lauren.lifland@wilmerhale.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Brian S. Hermann (*pro hac vice* pending)
Andrew M. Parlen (*pro hac vice* pending)
Joseph M. Graham (*pro hac vice* pending)
Alice Nofzinger (*pro hac vice* pending)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
bhermann@paulweiss.com
aparlen@paulweiss.com
jgraham@paulweiss.com
anofzinger@paulweiss.com

*Proposed Section 327(e) Counsel to the Debtors and Debtors in Possession*

*Proposed Section 327(a) Counsel to the Debtors and Debtors in Possession*

## Certificate of Accuracy

I certify that the facts and circumstances described in the above pleading giving rise to the emergency request for relief are true and correct to the best of my knowledge, information, and belief.  This statement is made pursuant to Local Rule 9013-1(i).

*/s/ John F. Higgins*
John F. Higgins


## Certificate of Service

I certify that on March 15, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ John F. Higgins*
John F. Higgins