IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| DIAMOND SPORTS GROUP, LLC, *et al.*,[1] | ) ) | Case No. 23-90116 (CML) |
| Debtors. | ) ) ) | (Joint Administration Requested) (Emergency Hearing Requested) |

**DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO (A) FILE A CONSOLIDATED LIST OF CREDITORS AND THE 30 LARGEST UNSECURED CREDITORS AND (B) REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION, (II) APPROVING THE FORM AND MANNER OF NOTIFYING PARTIES OF THE COMMENCEMENT OF THESE CHAPTER 11 CASES, AND (III) GRANTING RELATED RELIEF**

> **Emergency relief has been requested. Relief is requested not later than 2:30 p.m. (prevailing Central Time) on March 16, 2023.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on March 16, 2023, at 2:30 p.m. (prevailing Central Time) in Courtroom 401, 4th floor, 515 Rusk, Houston, Texas 77002. Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's home page. The meeting code is "JudgeLopez." Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Lopez's home page. Select the case name, complete the required fields and click "submit" to complete your appearance.**

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/DSG. The Debtors' service address for purposes of these chapter 11 cases is: c/o Diamond Sports Group, LLC, 3003 Exposition Blvd., Santa Monica, CA 90404.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion:[2]

### Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto, (a) authorizing the Debtors to (i) file a consolidated creditor matrix in lieu of submitting separate mailing matrices for each Debtor and a consolidated list of their 30 largest unsecured creditors, and (ii) redact certain personally identifiable information, (b) approving the form and manner of notifying creditors of commencement of the chapter 11 cases and the scheduling of the meeting of creditors under section 341 of the Bankruptcy Code (as defined below), and (c) granting related relief.

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012 (the "Amended Standing Order"). The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2] A detailed description of the Debtors and their business, including the facts and circumstances giving rise to these chapter 11 cases and supporting this motion, is set forth in the *Declaration of David F. DeVoe, Jr. in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith and incorporated herein by reference. Capitalized terms used but not defined in this motion have the meanings ascribed to them in the First Day Declaration.

4.     The bases for the relief requested herein are sections 105(a), 107(b), and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rules 1007, 2002, and 9007, and Rules 9013-1 and 1075-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules").

## Background

5.     The Debtors own and/or operate the Bally Sports Regional Sports Networks (the "RSNs"), making them the nation's leading provider of local sports programming. The Debtors' 19 Bally Sports RSNs serve as the home for 42 MLB, NBA, and NHL teams. The Debtors also hold joint venture interests in Marquee, the home of the Chicago Cubs, and the YES Network, the local destination for the New York Yankees and Brooklyn Nets. The RSNs produce approximately 4,500 live local professional telecasts each year in addition to a wide variety of locally produced sports events and programs.

6.     On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors have contemporaneously filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

## Basis for Relief

**I.    Cause Exists to Authorize the Debtors to Prepare a List of Creditors in Lieu of Submitting a Formatted Mailing Matrix and to File a Single Consolidated List of the Debtors' 30 Largest Unsecured Creditors**

7.     Section 521(a) of the Bankruptcy Code and Bankruptcy Rule 1007(a)(1) require a debtor in a voluntary chapter 11 case to file a list containing the name and complete address of

each creditor. In addition, Bankruptcy Rule 1007(d) requires a debtor to file a list containing the names, addresses, and claims of the creditors holding the 20 largest unsecured claims against the debtor, excluding insiders. The Procedures for Complex Chapter 11 Cases in the Southern District of Texas, incorporated pursuant to Local Rule 1075-1, allow affiliated debtors in complex chapter 11 cases to file a consolidated list of creditors in lieu of filing a separate matrix for each affiliated debtor entity (such consolidated matrix, the "Creditor Matrix").

8. The Debtors submit that permitting them to maintain a single Creditor Matrix is warranted under the circumstances of these chapter 11 cases. Further, because certain of the Debtors share many creditors and the Debtors operate as a single business enterprise, the Debtors request authority to file a single, consolidated list of their 30 largest general unsecured creditors.

9. Thirty entities are Debtors in these chapter 11 cases. As of the Petition Date, the Debtors have borrowed or issued more than $8.8 billion in aggregate principal amount of funded indebtedness in addition to other obligations arising in the ordinary course of operation of the Debtors' business, including contractual obligations to their league and team partners. The Debtors estimate that there are hundreds or potentially thousands of creditors and parties in interest (on a consolidated basis) in these chapter 11 cases. The preparation of separate lists of creditors for each Debtor would be expensive, time consuming, administratively burdensome, and of little incremental benefit. Moreover, submitting one Creditor Matrix will avoid duplicative notice. Accordingly, the Debtors respectfully request authority to file the Creditor Matrix instead of uploading a text file for each case.

10. Compiling separate top 20 creditor lists for each individual Debtor also would consume a substantial amount of the Debtors' time and resources. As noted above, the Debtors operate as a single business enterprise and have dozens or potentially hundreds of overlapping

creditors, including creditors on each of their top 20 lists.  Further, the Debtors believe a single, consolidated list of the Debtors' 30 largest unsecured, non-insider creditors will aid the United States Trustee for the Southern District of Texas (the "U.S. Trustee") in its efforts to communicate with these creditors.  As such, the Debtors believe that filing a single consolidated list of the 30 largest unsecured creditors in these chapter 11 cases is appropriate.

**II.     Cause Exists to Redact Certain Confidential Information**

11.     Section 107(c)(1) of the Bankruptcy Code provides that the court "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft . . . [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under" the Bankruptcy Code. 11 U.S.C. § 107(c)(1).

12.     The Debtors request that the Court authorize the Debtors to redact the addresses of individuals, including the Debtors' employees and former employees, from the Creditor Matrix and any other documents filed in these chapter 11 cases.  Although transparency is important to the bankruptcy process, Congress recognized a counterbalancing interest in enacting section 107(c)(1):  the need to protect the identities and privacy of individuals.  The statutory language demonstrates Congress' desire for courts to have flexibility to protect individuals' identities.  Section 107(c)(1)(B) of the Bankruptcy Code allows a bankruptcy court to shield "[o]ther information" apart from "means of identification," and the definition of "means of identification" is itself a non-exhaustive list of personally identifiable information.  Although an individual's home address is not expressly enumerated as a "means of identification," it is nevertheless within the broad scope of section 107(c)(1)(B).

13.     With potentially hundreds of creditors, the Debtors cannot reasonably know with sufficient certainty whether a release of their personal information could potentially jeopardize

their privacy and/or safety. In these circumstances, the Debtors respectfully submit that it is appropriate to authorize the Debtors to redact from any documents filed or to be filed with the Court in these chapter 11 cases, including the Creditor Matrix, the home addresses of individuals including the Debtors' employees and former employees. Such information could be used, among other things, to perpetrate identity theft or phishing scams, or locate survivors of domestic violence, harassment, or stalking who have otherwise taken steps to conceal their whereabouts. Providing such information that results in harm to others may expose the Debtors to potential civil liability and significant financial penalties. For these reasons, cause exists to authorize the Debtors to redact the names, home addresses, and other information relating to identifying any individual listed on the Creditor Matrix or any other document filed with the Court.

14. The Debtors propose to provide, upon request, an unredacted version of the Creditor Matrix (and any other filings redacted pursuant to the proposed order) to (a) the Court, (b) the U.S. Trustee, (c) counsel to any statutory committee appointed in these chapter 11 cases, and (d) any party in interest that represents that the unredacted list will be utilized solely for giving notice in the chapter 11 cases and otherwise maintained in confidence, and covenants not to transfer or otherwise provide such unredacted personally identifiable information to any person or entity not party to the request. The Debtors submit that this proposal appropriately balances each individual's privacy concerns with the need to facilitate any necessary communications with such individuals as the need for such communications arises.

### III.   Service of the Notice of Commencement

15. Bankruptcy Rule 2002(a)(1) provides that the clerk (or other person directed by the court) must give the debtor, the U.S. Trustee, all creditors, and any indenture trustee at least 21-days' notice by mail of the meeting of creditors under section 341 of the Bankruptcy Code.

Bankruptcy Rule 2002(f)(1) further provides that notice of "the order for relief" shall be sent by mail to all creditors.

16. The Debtors propose that their proposed claims, noticing, and solicitation agent (the "<u>Claims Agent</u>") serve the Notice of Commencement, substantially in the form attached as **Exhibit 1** to the proposed order attached hereto, on all parties listed on the Creditor Matrix to advise them of the commencement of these cases and the meeting of creditors under section 341 of the Bankruptcy Code. Service of this Notice of Commencement on the Creditor Matrix will not only avoid confusion among creditors, but will prevent the Debtors' estates from incurring unnecessary costs associated with serving multiple notices to the parties listed on the Debtors' Creditor Matrix. Accordingly, the Debtors submit that service of a single Notice of Commencement is warranted.

### Emergency Consideration

17. Pursuant to Local Rule 9013-1, the Debtors respectfully request emergency consideration of this motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." As set forth in this motion, an immediate and orderly transition into chapter 11 is critical to the Debtors' ability to reorganize successfully. The immediate entry of an order providing for the relief requested herein will maximize efficiency and minimize confusion in these cases as the motion requests relief from procedural rules and requirements that pertain to matters of immediate significance and the relief requested will save costs and avoid undue administrative burden only if granted immediately. Accordingly, the Debtors respectfully request that the Court grant the relief requested in this motion on an emergency basis.

**Notice**

18. The Debtors will provide notice of this motion to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the administrative agents under the Debtors' prepetition credit facilities and counsel thereto; (d) the indenture trustees under the Debtors' prepetition indentures and counsel thereto; (e) counsel to the Ad Hoc First Lien Group; (f) counsel to the Ad Hoc Secured Group; (g) counsel to the Ad Hoc Crossholder Group; (h) Sinclair and its counsel; (i) the United States Attorney's Office for the Southern District of Texas; (j) the Internal Revenue Service; (k) the state attorneys general for states in which the Debtors conduct business; (l) the Securities and Exchange Commission; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the proposed order substantially in the form attached hereto, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

March 15, 2023

Respectfully submitted,

By: */s/ John F. Higgins*
**PORTER HEDGES LLP**
John F. Higgins (TX Bar No. 09597500)
M. Shane Johnson (TX Bar No. 24083263)
Megan Young-John (TX Bar No. 24088700)
Bryan L. Rochelle (TX Bar No. 24107979)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile:  (713) 226-6248
jhiggins@porterhedges.com
sjohnson@porterhedges.com
myoung-john@porterhedges.com
brochelle@porterhedges.com

- and -

| **WILMER CUTLER PICKERING HALE AND DORR LLP** | **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP** |
|---|---|
| Andrew N. Goldman (*pro hac vice* pending) | Brian S. Hermann (*pro hac vice* pending) |
| Benjamin W. Loveland (*pro hac vice* pending) | Andrew M. Parlen (*pro hac vice* pending) |
| Lauren R. Lifland (*pro hac vice* pending) | Joseph M. Graham (*pro hac vice* pending) |
| 250 Greenwich Street | Alice Nofzinger (*pro hac vice* pending) |
| New York, New York 10007 | 1285 Avenue of the Americas |
| Telephone: (212) 230-8800 | New York, New York 10019 |
| Facsimile: (212) 230-8888 | Telephone: (212) 373-3000 |
| andrew.goldman@wilmerhale.com | Facsimile: (212) 757-3990 |
| benjamin.loveland@wilmerhale.com | bhermann@paulweiss.com |
| lauren.lifland@wilmerhale.com | aparlen@paulweiss.com |
| | jgraham@paulweiss.com |
| | anofzinger@paulweiss.com |
| *Proposed Section 327(e) Counsel to the Debtors and Debtors in Possession* | *Proposed Section 327(a) Counsel to the Debtors and Debtors in Possession* |

**Certificate of Accuracy**

I certify that the facts and circumstances described in the above pleading giving rise to the emergency request for relief are true and correct to the best of my knowledge, information, and belief.  This statement is made pursuant to Local Rule 9013-1(i).

*/s/ John F. Higgins*
John F. Higgins

**Certificate of Service**

I certify that on March 15, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ John F. Higgins*
John F. Higgins