IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| DIAMOND SPORTS GROUP, LLC, *et al.*,[1] | ) ) ) | Case No. 23-90116 (CML) |
| Debtors. | ) ) ) | (Jointly Administered) |

**DEBTORS' (1) OMNIBUS OBJECTION TO EMERGENCY CONSIDERATION OF MOTIONS; AND (2) MOTION TO ADJOURN HEARING REQUESTED FOR APRIL 13, 2023 TO MAY 12, 2023**

> **Emergency relief has been requested. Relief is requested not later than 5:00PM (prevailing Central Time) on April 12, 2023.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned counsel, hereby file this (1) objection to emergency consideration of the (i) *Emergency Joint Motion of Major League Baseball and Certain Major League Baseball Clubs to Compel Performance Under Telecast Rights Agreements, or, in the Alternative, to Compel Assumption or Rejection of Telecast Rights Agreements and for Relief from the Automatic Stay* [ECF No. 279], filed on April 5, 2023 (the "MLB Motion"); and (ii) *Emergency Motion Of AZPB Limited Partnership To Compel Debtors To Perform Under The Telecast Rights Agreement, Or, In The Alternative, To Compel Assumption Or Rejection Of The Telecast Rights Agreement And Relief From The Automatic Stay* [ECF No. 303], filed on April 6, 2023 (the "Diamondbacks

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/DSG. The Debtors' service address for purposes of these chapter 11 cases is: c/o Diamond Sports Group, LLC, 3003 Exposition Blvd., Santa Monica, CA 90404.

Motion" and, together with the MLB Motion, the "Motions"); and (2) motion to adjourn the hearings on the Motions, presently requested for April 13, 2023, for three and a half weeks until May 12, 2023. In support hereof, the Debtors respectfully state as follows:

### BACKGROUND

1. The Motions were filed less than a month into these cases, and seek—on an emergency basis and six days after the Motions were filed—to compel immediate payment and immediate assumption or rejection of contracts that are at the core of these chapter 11 cases. The Motions offer no reasonable grounds for their requested exigency, and given fact-specific arguments that the Debtors intend to raise in opposition thereto (including expert testimony on the current value of the rights under the contracts, which will form the basis of the Court's determination of the quantum of any payments the Debtors are required to make), the fact that the movants have **not** agreed to a modest three and a half week adjournment demonstrates the unreasonableness of their position.

2. In light of these considerations, the Debtors request a modest adjournment of the hearing date to May 12 (which the Court has advised is available for such hearing) to allow the Court to consider full briefing and evidence on the issues presented in the Motions, including expert testimony.[2]

---

[2] This objection addresses **only** the Motions' requests for emergency consideration, in accordance with the instructions included in the Motions as required by the *Procedures For Complex Cases In The Southern District of Texas*. For the avoidance of doubt, the Debtors plan to submit a separate objection to the substantive relief requested in the Motions, in accordance with the schedule entered by the Court.

**ARGUMENT**

3. The Motions are brought by three professional baseball teams (the "Teams"),[3] and the Office of the Commissioner of Baseball and certain affiliates (collectively, "MLB"). Neither of the Motions establishes any factual basis for **emergency** consideration, and allowing them to proceed on this expedited basis could deprive the Debtors of their most valuable rights under the Bankruptcy Code.

### A. There Is No Basis For Emergency Consideration.

4. *First*, there is no basis for emergency consideration. The plain language of the Guardians' and Twins' contracts with the Debtors shows that there is no emergency. While payments were due to those teams on April 3, MLB Motion ¶ 37, their respective Telecast Rights Agreements provided a grace period during which the Debtors could make payment to the Guardians and to the Twins (thus, because of the length of those grace periods, outside of bankruptcy, those teams would not have had the right to terminate their respective Telecast Rights Agreements by their requested April 13, 2023 hearing date).[4] **Said differently, the movants under the MLB Motion have run into court, claiming an "emergency" even before the grace periods in their own documents have run**. There is simply no basis to provide these teams relief (emergency or otherwise) against the Debtors in bankruptcy that they had no right to outside of bankruptcy.

5. As for the Diamondbacks, although their grace period expired on March 16, 2023, they waited until 21 days later to seek relief from the Court, again on an emergency six-day notice

---

[3] The Teams are the Arizona Diamondbacks, Cleveland Guardians, and Minnesota Twins.

[4] The applicable grace period under the Guardians contract is at least 15 days (i.e., until at least April 18) and the applicable grace period under the Twins contract is at least 21 days (i.e., until at least April 24).

3

basis. Their conduct is not reflective of any emergency, and it undercuts any claim that waiting an additional three and a half weeks would somehow cause them irreparable harm.

6. MLB and the Teams fail to meet the applicable legal standard for emergency consideration. Local Rule 9013-1 requires that a request for emergency consideration include "a detailed statement why an emergency exists, and the date the relief is needed to avoid the consequences of the emergency." Local Rule 9013-1(i). The Motions do no such thing. Their conclusory assertions of a claimed need for cashflow, MLB Motion ¶ 37; Diamondbacks Motion ¶ 60, fall far short of justifying emergency consideration. All teams (and the Debtors themselves) require cash flow to sustain their operations, so that argument in and of itself cannot justify "emergency relief." And the Motions and accompanying declarations do not identify any harm that the Teams would suffer by waiting an additional three and a half weeks for the Court to hear the Motions on a more complete record (such as, for example, evidence that the Teams would lack sufficient funds to meet their expenses if they did not receive payment for these additional three and a half weeks).

7. *Second*, as both Motions acknowledge, the Debtors have sufficient cash to make the payments sought by the Motions, to the extent the Debtors ultimately are required to make such payments (whether in full at the contract rate or otherwise). MLB Motion ¶ 26 ("In particular, there is no evidence of the Debtors' inability to pay administrative fees as they come due. All currently available evidence indicates that the Debtors have sufficient financing to pay all current administrative expenses . . . ."); Diamondbacks Motion ¶ 54. And for the avoidance of doubt, the Debtors offered to the Guardians and the Twins, and remain willing, to place into escrow the full contract amounts of the Telecast Rights Fees due on April 3, pending a resolution of the issues

4

raised in the Motions, to quell any concerns that those two Teams have about the Debtors' ability to make good on payments.

### B. Permitting Emergency Consideration Would Undermine The Debtors' Most Important Rights Under The Bankruptcy Code.

8. Finally, consideration of the Motions on an emergency basis would undermine the Debtors' rights under the Bankruptcy Code.

9. Section 365(d)(2) of the Bankruptcy Code grants the Debtors until the time of plan confirmation to determine whether to assume or reject an executory contract. While that period can be shortened upon request of a counterparty to the contract, such requests are rarely granted and only in extraordinary circumstances not present here. 3 Collier on Bankruptcy ¶ 365.05 (16th 2013). The Debtors' telecast rights agreement portfolio is the lifeblood of their business and the core assets around which they intend to restructure their business. Said differently, the portfolio of the Debtors' telecast rights agreements is central to any chapter 11 reorganization. *Theatre Holding Corp. v. Mauro*, 681 F.2d 102, 106 (2d Cir. 1982) (citing *In re Chicago Rapid Transit Co.*, 129 F.2d 1, 7 (7th Cir. 1942)). The Debtors are in the embryonic stages of their chapter 11 cases and cannot be reasonably expected to make assumption/rejection decisions on these core assets within the first three weeks of their chapter 11 life.

10. MLB and Teams acknowledge in the Motions that the contract rate reflects only the presumptive value being received by the Debtors. MLB Motion ¶ 15; Diamondbacks Motion ¶ 39. The Debtors intend to request that the Court require that the Debtors pay to these teams—during the pendency of the chapter 11 cases under sections 365 and 503 of the Bankruptcy Code—in lieu of the contract rate, only the reasonable value of the rights for which the Debtors are obligated to pay. The Debtors intend to introduce expert testimony in support of their position. But those are arguments for the merits hearing. For present purposes, the importance of these

contracts to the reorganization, open legal issues surrounding these contracts, and the complexity of the bankruptcy (not to mention that the Debtors have been in bankruptcy for less than 30 days) are all factors that compel the denial of emergency consideration of the Motions.

11. In sum, considering the Motions on an emergency basis would deprive the Debtors, and the Court, of full briefing and evidence concerning these critical issues.

### C. Proposed Path Forward

12. Although MLB and the Teams are not entitled to emergency consideration of the Motions for the reasons set forth herein, the Debtors share their desire to resolve these issues as promptly as possible. Accordingly, the Debtors request that the Court schedule a hearing on the Motion on May 12, 2023, which the Debtors understand the Court has available for such hearing.

13. In the meantime, the Debtors remain open to discussions to resolve on a consensual basis these issues and other issues relating to MLB and the Teams that were previewed at the first day hearing and that are critical to the path forward in these cases.

### EMERGENCY CONSIDERATION

14. The Debtors request emergency consideration of the adjournment request set forth herein pursuant to Bankruptcy Rule 9013 and Local Rule 9013-1. The Motions were filed with no advance warning and, as described above, raise complicated issues that require the Debtors to marshal evidence in response. The Debtors are in the process of doing so. In the meantime, the Debtors require clarity on the timing on which the Motions will be heard so that they can properly prepare their substantive response and evidentiary record.

15. Accordingly, the Debtors request that their request to adjourn the hearing on the Motions be scheduled for no later than April 12 at 5:00 p.m.

6

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court (1) deny emergency consideration of the Motions; and (2) schedule a hearing on the Motions for May 12, 2023 at 10:00 a.m. Central Time. If the hearing is adjourned as requested herein, the Debtors will coordinate with the Teams regarding an agreed-upon scheduling order.

[*Remainder of page intentionally left blank*]

April 10, 2023                                              Respectfully submitted,

                                    By:  */s/ John F. Higgins*
                                           **PORTER HEDGES LLP**
John F. Higgins (TX Bar No. 09597500)
M. Shane Johnson (TX Bar No. 24083263)
Megan Young-John (TX Bar No. 24088700)
Bryan L. Rochelle (TX Bar No. 24107979)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile:  (713) 226-6248
jhiggins@porterhedges.com
sjohnson@porterhedges.com
myoung-john@porterhedges.com
brochelle@porterhedges.com

- and -

**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
Andrew Goldman (admitted *pro hac vice*)
Ross E. Firsenbaum (admitted *pro hac vice*)
Benjamin Loveland (admitted *pro hac vice*)
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
andrew.goldman@wilmerhale.com
ross.firsenbaum@wilmerhale.com
benjamin.loveland@wilmerhale.com

**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
Howard M. Shapiro (admitted *pro hac vice*)
1875 Pennsylvania Ave. NW
Washington, D.C. 20006
Telephone: (202) 663-6167
Facsimile: (202) 663-6363
howard.shapiro@wilmerhale.com

**Certificate of Service**

   I certify that on April 10, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas and by email to Counsel for the Teams set out below.

William A. (Trey) Wood
**BRACEWELL LLP**
711 Louisiana St., Suite 2300
Houston, Texas 77002
trey.wood@bracewell.com

Mark Dendinger
**BRACEWELL LLP**
CityPlace I, 34th Floor, 185 Asylum St.
Hartford, CT 06103
mark.dendinger@bracewell.com

James L. Bromley
Alexa J. Kranzley
**SULLIVAN & CROMWELL LLP**
125 Broad St.
New York, NY 10004
bromleyj@sullcrom.com
kranzleya@sullcrom.com

*Counsel for Major League Baseball and Certain Major League Baseball Clubs*

Micheal W. Bishop
Amber M. Carson
**GRAY REED**
1601 Elm Street, Ste 4600
Dallas, Texas 75201
mbishop@grayreed.com
acarson@grayreed.com

Dale C. Schian
Kortney K. Otten
**GALLAGHER & KENNEDY, P.A.**
2575 E. Camelback Road, Ste 1100
Phoenix, AZ 85016
dale.schian@gknet.com
kortney.otten@gknet.com

*Counsel for AZPB Limited Partnership dba Arizona Diamondbacks*

/s/ *John F. Higgins*
John F. Higgins

9