United States Bankruptcy Court
Southern District of Texas
**ENTERED**
April 11, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| DIAMOND SPORTS GROUP, LLC, *et al.*,[1] | ) Case No. 23-90116 (CML) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket Nos. 10, 148** |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS
TO PAY CLAIMS OF (A) CRITICAL VENDORS, (B) FOREIGN
VENDORS, (C) 503(B)(9) CLAIMANTS, AND (D) CERTAIN OTHER
SPECIFIED TRADE CLAIMANTS, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order") (a) authorizing, but not directing, the Debtors to pay claims of critical vendors, foreign vendors, 503(b)(9) claimants, and certain other specified trade claimants, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having entered an order, dated March 16, 2023, granting the relief requested in the Motion on an interim basis [ECF No. 148] (the "Interim Order"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Amended Standing Order; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/DSG. The Debtors' service address for purposes of these chapter 11 cases is: c/o Diamond Sports Group, LLC, 3003 Exposition Blvd., Santa Monica, CA 90404.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.  The Debtors are authorized, but not directed, to pay prepetition Specified Trade Claims in the ordinary course of business in the aggregate amount not to exceed $2,450,000 on a final basis; *provided* that, for the avoidance of doubt, nothing in this Final Order authorizes the Debtors to pay any amounts in respect of claims by or against Sinclair Broadcast Group, Inc. or any of its affiliated non-Debtor entities.

2.  As a condition to receiving payment on account of Specified Trade Claims, the Debtors at their discretion may require, by written agreement, such parties to (a) continue or recommence supplying goods and services to the Debtors on trade terms that are at least as favorable to the Debtors as those in effect prior to the Petition Date and (b) agree that they shall not be permitted to cancel during the course of the chapter 11 cases or any more favorable terms that their agreements (if any) may provide, any contract or agreement pursuant to which they provide services to the Debtors (the "Agreed Terms"). A form of letter incorporating the Agreed Terms is attached hereto as **Exhibit 1**. The Debtors reserve the right to require more favorable trade terms with any Specified Trade Claimant as a condition to payment of any Specified Trade

Claim.  The Debtors will consult with the Ad Hoc First Lien Group, the Ad Hoc Secured Group, and the Ad Hoc Crossholder Group, and the Official Committee of Unsecured Creditors (the "Committee") with respect to the foregoing.

3. If any Specified Trade Claimant has accepted payment pursuant to the Interim Order or accepts payment pursuant to this Final Order for a prepetition obligation of the Debtors premised on compliance with paragraph 2 above and thereafter fails to comply with the Agreed Terms, or such other terms agreed to by the Debtors (including, for the avoidance of doubt, any prepetition arrangement), any payments made pursuant to the Interim Order or this Final Order shall be deemed an avoidable postpetition transfer under section 549 of the Bankruptcy Code, and the Specified Trade Claimant shall be required to immediately repay to the Debtors any payment made to it on account of its asserted claim to the extent the aggregate amount of such payments exceeds the postpetition obligations then outstanding, without the right of any setoffs, claims, provision for payment of reclamation or trust fund claims, or otherwise.  Upon recovery by the Debtors, the Specified Trade Claims shall be reinstated as a prepetition claim in the amount so recovered.  The Debtors shall provide a copy of this Final Order to the applicable party prior to such party's acceptance of any payment hereunder.

4. Notwithstanding anything to the contrary herein, prior to making any payment pursuant to this Final Order, the Debtors shall provide such creditor a copy of this Final Order (unless previously provided) *or* include with the payment the following communication:  "By accepting this payment, the payee agrees to the terms of the Final Order of the United States Bankruptcy Court for the Southern District of Texas, dated April 11, 2023, in the chapter 11 cases of Diamond Sports Group, LLC, *et al.* (jointly administered under Case No. 23-90116 (CML)), entitled '***Final Order (I) Authorizing the Debtors to Pay Claims of (A) Critical***

*Vendors (B) Foreign Vendors, (C) 503(b)(9) Claimants, and (D) Certain Other Specified Trade Claimants, and (II) Granting Related Relief*' and submits to the jurisdiction of that Court for enforcement thereof." Thereafter, any party that accepts payment from the Debtors on account of a Specified Trade Claim shall be deemed to have agreed to the terms and provisions of this Final Order.

5. The Debtors shall maintain a schedule of payments made pursuant to the Interim Order or this Final Order, which shall include the following information: (a) the names of the payees; (b) the amount of each payee's prepetition claim(s); (c) the category or type of payment as described and classified in the Motion; (d) the amount of the payment; (e) the Debtor or Debtors that made the payment; and (f) the payment date. The Debtors shall provide a copy of such schedule to the U.S. Trustee, the Committee, counsel to the Ad Hoc First Lien Group, counsel to the Ad Hoc Secured Group, counsel to the Ad Hoc Crossholder Group, and counsel to Sinclair Broadcast Group, Inc. every 30 days beginning upon entry of this Final Order; *provided* that such recipients shall keep the schedule strictly confidential and not disseminate it to other parties; *provided further* that counsel may provide the schedule to members of the Ad Hoc First Lien Group, Ad Hoc Secured Group, and Ad Hoc Crossholder Group, and the Committee, as applicable, and such members shall be subject to the aforementioned restrictions regarding confidentiality and dissemination.

6. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

7. The Debtors are authorized to issue postpetition checks, or to effect postpetition electronic payment requests, in replacement of any checks or electronic payment requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

8. Notwithstanding anything to the contrary contained in the Motion or herein, any payment to be made hereunder, and any authorization contained, shall be subject to and in accordance with any interim and final orders, as applicable, authorizing the Debtors' use of cash collateral (such orders, the "Cash Collateral Order") and any budget in connection with any such use of cash collateral. To the extent there is any inconsistency between the terms of the Cash Collateral Order and any action taken or proposed to be taken hereunder, the terms of the Cash Collateral Order shall control.

9. Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an implication or admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other

5

applicable law; (h) a waiver of the obligation of any party in interest to file a proof of claim; or (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

10. Notice of the Motion as provided therein is hereby deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Signed: April 11, 2023

Christopher Lopez
United States Bankruptcy Judge

**Exhibit 1 to Proposed Final Order**

[Diamond Sports Group, LLC Letterhead]

[], 2023

TO: [Vendor Name]
[Vendor Address]

Dear Valued Vendor:

As you are no doubt aware, on March 14 and 15, 2023 (the "Petition Date"), Diamond Sports Group, LLC and certain of its affiliates (the "Debtors") filed voluntary petitions under chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Cases" and the "Bankruptcy Court", respectively). On the Petition Date, we requested the Bankruptcy Court's authority to pay certain suppliers or service providers in recognition of the importance of our relationship with such suppliers and service providers and our desire that the Bankruptcy Cases have as little effect on them as possible. On [], the Bankruptcy Court entered an order (the "Order") authorizing us, under certain conditions, to pay pre-bankruptcy claims of certain creditors that agree to the terms set forth below and agree to be bound by the terms of the Order. A copy of the Order is enclosed.

To receive payment on pre-bankruptcy claims, each a selected supplier and service provider must agree to continue supplying goods or services to the Debtors based on acceptable and "Customary Terms." Customary Terms are defined as the normal and customary trade terms, practices and programs (including, but not limited to, credit limits, pricing, cash discounts, timing of payments, allowance, rebates, coupon reconciliation, normal product mix and availability and other applicable terms and programs) in effect between such creditor and the Debtors on a historical basis in the one year prior to the Petition Date or such other trade terms, practices and programs that are at least as favorable to the Debtors as those in effect at such time.

For purposes of administration of this trade program as authorized by the Bankruptcy Court, the Debtors and you agree as follows:

      1.    The estimated balance of the prepetition claim (net of any setoffs, credits or discounts (the "Trade Claim") that the Debtors will pay you is $[    ] (the "Prepetition Claim Payment")

      2.    You will hereafter extend to the Debtors all Customary Terms (as defined in the Order).

      3.    In consideration for the payment described herein, you agree that, if you have taken steps to file or assert a lien on the Debtors' assets prior to entering to this letter agreement, you agree to take all necessary steps to remove such lien as soon as possible.

3

4. Payment of your Claim in the manner set forth in the Order may occur only upon execution of this letter by a duly authorized representative of your company and the return of this letter to the Debtors. Your execution of this letter agreement and return of the same to the Debtors constitutes an agreement by you and the Debtors. You agree to be bound by the Order and you submit to the jurisdiction of the Bankruptcy Court for enforcement thereof, and you further agree and/or represent:

  a. to the Customary Terms and, subject to the reservations contained in the Order, to the amount of the Trade Claim set forth above;
  b. that, for a period of no less than one year from the Petition Date, you will continue to supply the Debtors with goods or services, as applicable, pursuant to the Customary Terms and that the Debtors will pay for such goods in accordance with Customary Terms;
  c. that you have reviewed the terms and provisions of the Order and that you consent to be bound by such terms; and
  d. that you will not separately seek payment for reclamation and similar claims outside the terms of the Order unless your participation in the trade program authorized by the Order (the "Trade Payment Program") is terminated.

5. Notwithstanding the foregoing, if you receive the Prepetition Claim Payment from the Debtors based on any pre-bankruptcy amount owing to you and you do not extend to the Debtors all Customary Terms, you are required to return the Prepetition Claim Payment to the Debtors. The Debtors and you also hereby agree that any dispute with respect to this agreement, the Order and/or your participation in the Trade Payment Program shall be determined by the Bankruptcy Court.

If you have any questions about this Agreement or our financial restructuring, please do not hesitate to call [(xxx)xxx-xxxx] or [(xxx)xxx-xxxx].

Sincerely,

Diamond Sports Group, LLC and its Debtor affiliates

By: _____

Its: _____

Agreed and
Accepted By:
[Name of

Vendor]

By:_____

Its:_____

Dated: _____