IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|   |   |   |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| DIAMOND SPORTS GROUP, LLC, *et al.*,[1] | ) ) ) ) | Case No. 23-90116 (CML) |
|  | ) ) | (Jointly Administered) |
| Debtors. | ) ) ) | **Re: Docket Nos. 279, 303, 370 and 409** |

**LIMITED JOINDER OF THE AD HOC CROSSHOLDER GROUP TO THE DEBTORS' OBJECTION TO (I) EMERGENCY JOINT MOTION OF MAJOR LEAGUE BASEBALL AND CERTAIN MAJOR LEAGUE BASEBALL CLUBS TO COMPEL PERFORMANCE UNDER TELECAST RIGHTS AGREEMENTS, OR, IN THE ALTERNATIVE, TO COMPEL ASSUMPTION OR REJECTION OF TELECAST RIGHTS AGREEMENTS AND FOR RELIEF FROM THE AUTOMATIC STAY; (II) EMERGENCY MOTION OF AZPB LIMITED PARTNERSHIP TO COMPEL DEBTORS TO PERFORM UNDER THE TELECAST RIGHTS AGREEMENT, OR, IN THE ALTERNATIVE, TO COMPEL ASSUMPTION OR REJECTION OF THE TELECAST RIGHTS AGREEMENT AND RELIEF FROM THE AUTOMATIC STAY; AND (III) RANGERS BASEBALL EXPRESS LLC'S JOINDER TO MAJOR LEAGUE BASEBALL AND CERTAIN MAJOR LEAGUE BASEBALL CLUBS' LIMITED OBJECTION TO THE DEBTORS' EMERGENCY MOTION TO USE CASH COLLATERAL AND MOTION TO COMPEL PERFORMANCE**

The ad hoc group (the "Ad Hoc Crossholder Group") of certain beneficial holders of, or investment advisors, sub-advisors, or managers of discretionary accounts that hold, certain first lien secured indebtedness, second lien secured indebtedness and/or unsecured indebtedness of the above-captioned debtors and debtors in possession (the "Debtors"), by and through its undersigned counsel, files this limited joinder (the "Joinder") to *Debtors' Objection to (I) Emergency Joint Motion of Major League Baseball and Certain Major League Baseball Clubs to Compel Performance Under Telecast Rights Agreements, or, in the Alternative, to Compel Assumption or*

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/DSG. The Debtors' service address for purposes of these chapter 11 cases is: c/o Diamond Sports Group, LLC, 3003 Exposition Blvd., Santa Monica, CA 90404.

*Rejection of Telecast Rights Agreements and for Relief from the Automatic Stay; (II) Emergency Motion of AZPB Limited Partnership to Compel Debtors to Perform Under the Telecast Rights Agreement, or, in the Alternative, to Compel Assumption or Rejection of the Telecast Rights Agreement and Relief from the Automatic Stay; and (III) Rangers Baseball Express LLC's Joinder to Major League Baseball and Certain Major League Baseball Clubs' Limited Objection to the Debtors' Emergency Motion to Use Cash Collateral and Motion to Compel Performance* [Docket No. 409] (the "Objection").[2] In support of this Joinder, the Ad Hoc Crossholder Group respectfully states as follows:

## JOINDER

1. The Ad Hoc Crossholder Group joins in, and hereby incorporates by reference, the points, authorities and arguments advanced in the Objection. Among other things, the Ad Hoc Crossholder Group agrees that the Debtors should be provided the opportunity to utilize the "breathing spell" of the automatic stay in order to make critical business decisions regarding the assumption and rejection of their executory contracts, especially contracts such as the Telecast Rights Agreements that are central to any chapter 11 plan of reorganization. The movants' request to compel the Debtors to assume or reject the Telecast Rights Agreements now is contrary to both the purpose and objectives of section 365(d)(2) of the Bankruptcy Code, particularly where, as here, the Debtors' chapter 11 cases are complex and still in their early stages. Moreover, following the May 31st evidentiary hearing on the Motions, the Court will determine the amount that the Debtors are required to pay under the applicable Telecast Rights Agreements as administrative expenses, which will obviate the need for any more immediate assumption or rejection decision

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Objection.

with respect to the contracts. For these reasons and the other arguments made in the Objection, the Ad Hoc Crossholder Group respectfully requests that the Court deny the Motions.

## RESERVATION OF RIGHTS

2.      The Ad Hoc Crossholder Group expressly reserves the right to amend, modify or supplement this Joinder, to present additional arguments (including at the hearing on the Motions) and reserves all other rights, claims, remedies and defenses at law or in equity.

## CONCLUSION

WHEREFORE, for the reasons set forth in the Objection, the Ad Hoc Crossholder Group respectfully requests that the Court (a) deny the Motions and (b) grant such other and further relief as is just and proper.

*[Remainder of page intentionally left blank]*

Dated: May 1, 2023
      Houston, Texas

Respectfully submitted,

*/s/ James T. Grogan III*
**PAUL HASTINGS LLP**
James T. Grogan III (TX Bar No. 24027354)
Schlea M. Thomas (TX Bar No. 24131710)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone: (713) 860-7300
Facsimile: (713) 353-3100
Email: jamesgrogan@paulhastings.com
      schleathomas@paulhastings.com

-and-

Jayme T. Goldstein (admitted *pro hac vice*)
Sayan Bhattacharyya (admitted *pro hac vice*)
Matthew Garofalo (admitted *pro hac vice*)
Caroline Diaz (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
Email: jaymegoldstein@paulhastings.com
      sayanbhattacharyya@paulhastings.com
      mattgarofalo@paulhastings.com
      carolinediaz@paulhastings.com

*Counsel to the Ad Hoc Crossholder Group*

## **CERTIFICATE OF SERVICE**

I certify that, on May 1, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                             */s/ James T. Grogan III*
                                             James T. Grogan III