United States Bankruptcy Court
Southern District of Texas
**ENTERED**
May 05, 2023
Nathan Ochsner, Clerk

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| DIAMOND SPORTS GROUP, LLC, *et al.*,[1] | ) Case No. 23-90116 (CML) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |
|  | ) **Re: Docket No. 333** |

## ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) approving procedures for an orderly, regular process for the allowance and payment of compensation and reimbursement of expenses for attorneys and other professionals whose retentions were approved by this Court pursuant to sections 327 and 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Amended Standing Order; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/DSG. The Debtors' service address for purposes of these chapter 11 cases is:  c/o Diamond Sports Group, LLC, 3003 Exposition Blvd., Santa Monica, CA 90404.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. Except as may be otherwise provided by orders of this Court authorizing the retention of specific professionals, all retained Professionals in these cases may seek compensation in accordance with the following procedures (collectively, the "Compensation Procedures"):

    a. On or after the fifth day of each month following the month for which compensation is sought, each Professional seeking compensation may file an application (including the relevant time entry and description and expense detail, each of which may be redacted as necessary to delete information subject to the attorney-client privilege, information constituting attorney work product, or any other confidential information) (each, a "Monthly Fee Statement") for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month, and serve such Monthly Fee Statement by email on: (i) the Debtors, c/o Diamond Sports Group, LLC, Attn: David DeVoe (david.devoe@ballysports.com); (ii) co-counsel to the Debtors, Paul, Weiss, Rifkind, Wharton & Garrison LLP, Attn: Brian S. Hermann (bhermann@paulweiss.com), Andrew M. Parlen (aparlen@paulweiss.com), Joseph M. Graham (jgraham@paulweiss.com), and Alice Nofzinger (anofzinger@paulweiss.com); (iii) co-counsel to the Debtors, Porter Hedges LLP, Attn: John F. Higgins (jhiggins@porterhedges.com), M. Shane Johnson (sjohnson@porterhedges.com), Megan Young-John (myoung-john@porterhedges.com), and Bryan L. Rochelle (brochelle@porterhedges.com); (iv) special corporate and litigation counsel to the Debtors, Wilmer Cutler Pickering Hale and Dorr LLP, Attn: Andrew Goldman (andrew.goldman@wilmerhale.com), Benjamin Loveland (benjamin.loveland@wilmerhale.com), and Lauren R. Lifland (lauren.lifland@wilmerhale.com); (v) the Office of the United States Trustee for

        the Southern District of Texas, Attn: Ha Nguyen (ha.nguyen@usdoj.gov); (vi) counsel to the Committee, Akin Gump Strauss Hauer & Feld LLP, Attn: Ira S. Dizengoff (idizengoff@akingump.com), Abid Qureshi (aqureshi@akingump.com), Naomi Moss (nmoss@akingump.com), Scott L. Alberino (salberino@akingump.com), and Marty L. Brimmage, Jr. (mbrimmage@akingump.com); (vii) counsel to any other statutory committee appointed in these cases; (viii) counsel to the Ad Hoc First Lien Group, Kramer Levin Naftalis & Frankel LLP, Attn: Daniel Eggermann (deggermann@kramerlevin.com) and Alexander Woolverton (awoolverton@kramerlevin.com); (ix) counsel to the Ad Hoc Secured Group, Gibson, Dunn & Crutcher LLP, Attn: Scott Greenberg (sgreenberg@gibsondunn.com) and Jason Goldstein (jgoldstein@gibsondunn.com); and (x) counsel to the Ad Hoc Crossholder Group, Paul Hastings LLP, Attn: Jayme Goldstein (jaymegoldstein@paulhastings.com), Sayan Bhattacharyya (sayanbhattacharyya@paulhastings.com), and Matthew Garofalo (mattgarofalo@paulhastings.com) (each an "<u>Application Recipient</u>" and, collectively, the "<u>Application Recipients</u>").  Any Professional that fails to file a Monthly Fee Statement for a particular month or months may subsequently submit a Monthly Fee Statement that includes a request for compensation earned or expenses incurred during the previous months.

b.      Each Application Recipient or any other party in interest will have until 4:00 p.m. (Prevailing Central Time) on the day that is 14 days after the filing of a Monthly Fee Statement (the "<u>Objection Deadline</u>") to object to the requested fees and expenses in accordance with paragraph (c) below.   Upon the expiration of the Objection Deadline, the Debtors are authorized to pay the Professional an amount equal to 80 percent of the fees and 100 percent of the expenses requested in the applicable Monthly Fee Statement (the "<u>Maximum Monthly Payment</u>") that are not subject to an objection pursuant to subparagraph (c) below (the "<u>Actual Monthly Payment</u>").

c.      If any Application Recipient or any other party in interest objects to a Monthly Fee Statement, the objecting party shall, on or before the Objection Deadline, serve via email a written notice upon the respective Professional and each of the Application Recipients (the "<u>Notice of Objection to Monthly Fee Statement</u>") setting forth the precise nature of the objection and the amount at issue. Thereafter, the objecting party and the Professional shall attempt to resolve the objection on a consensual basis.  If the parties reach an agreement, the Debtors shall be authorized to promptly pay 80 percent of the agreed-upon fees and 100 percent of the agreed-upon expenses.  If, however, the parties are unable to reach a resolution of the objection within 14 days (or such longer period as mutually agreed to by the Professional and the objecting party) after service of the Notice of Objection to Monthly Fee Statement, the objecting party shall file its objection (the "<u>Objection</u>") with the Court within three business days and serve such Objection on the respective Professional and each of the Application Recipients.  Thereafter, such Professional may either (i) file with the Court a

          response to the Objection, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Professional (the "Incremental Amount"), or (ii) forego payment of the Incremental Amount until the next hearing on an Interim Fee Application or Final Fee Application (each as defined herein), at which time the parties may request that the Court consider the Objection.

d.    Each Professional may submit its first Monthly Fee Statement no earlier than May 5, 2023. This initial Monthly Fee Statement will cover the period from the Petition Date through April 30, 2023. Thereafter, the Professionals may submit Monthly Fee Statements in the manner described above.

e.    Beginning with the period ending on June 30, 2023, and at three-month intervals thereafter (each, an "Interim Fee Period"), each of the Professionals may file with the Court and serve on the Application Recipients an interim fee application (each, an "Interim Fee Application") for payment of compensation and reimbursement of expenses sought in the Monthly Fee Statements served during such Interim Fee Period. Each Interim Fee Application must include: (i) the *Complex Case Fee Application Coversheet*;[3] (ii) a copy of the invoices for the interim applicable period (if hourly) or a calculation of the fee due for the interim application period (if non-hourly); (iii) an itemized list of expenses for which reimbursement is requested (if not contained in the copies of the invoices); and (iv) a proposed order in the form located on the Court's website.[4] Application Recipients and other parties in interest will have 21 days after the filing of an Interim Fee Application to object thereto. The first Interim Fee Application should cover the Interim Fee Period from the Petition Date through and including June 30, 2023.

f.    The Court may approve an uncontested Interim Fee Application without the need for a hearing if no Objections are timely filed thereto. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all requested fees (including the 20 percent holdback) and expenses for the period.

g.    The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses that would otherwise be allowed under the Compensation Procedures.

---

[3]   *See* Complex Case Procedures ¶ 60.

[4]   For the avoidance of doubt, Professionals may redact, as necessary, time entry and description and expense detail included in the Professional's Interim Fee Application that is subject to the attorney-client privilege or considered attorney work product or confidential information.

2. Neither (a) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures nor (b) the filing of or failure to file an Objection with the Court will bind any party in interest or the Court with respect to the final allowance of applications for compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under the Compensation Procedures are subject to challenge and disgorgement until final allowance by the Court.

3. In each Interim Fee Application and Final Fee Application, all Professionals who (a) have been or are hereafter retained pursuant to section 327 or 1103 of the Bankruptcy Code or (b) are not retained by the Debtors as ordinary course professionals pursuant to any order entered by the Court (collectively, the "Required Professionals") shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.

4. Each member of any official committee formed by the U.S. Trustee is permitted to submit statements of reasonable and documented out-of-pocket expenses incurred in the performance of the duties of the committee and supporting vouchers to the respective official committee's counsel, which counsel will collect and file such committee member's request for reimbursement with the Court as part of any Interim Fee Application or Final Fee Application of counsel and such request must be separately identified with supporting documentation; *provided* that, for the avoidance of doubt, all such out-of-pocket expenses of committee members are subject to approval and allowance by this Court.

5. The Professionals shall only be required to serve (a) the Monthly Fee Statements, the Interim Fee Applications, and the Final Fee Application on the Application Recipients and (b) notices of hearing on the Interim Fee Applications and Final Fee Applications on all other parties that have filed a notice of appearance with the clerk of this Court and requested notice of pleadings in these chapter 11 cases.

6. A Professional shall not seek payment in a Final Fee Application for any amounts that such Professional previously sought in a Monthly Fee Statement or Interim Fee Application if (a) such Professional voluntarily waived or reduced such amounts to resolve formal or informal objections or (b) such amounts were disallowed by order of this Court.

7. The Debtors shall include all payments to retained professionals in these chapter 11 cases on their monthly operating report, detailed so as to state the amount paid to each retained professional; *provided* that amounts paid to ordinary course professionals, if any, may be stated in the aggregate on any monthly operating report.

8. All notices given in accordance with the Compensation Procedures shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

9. Notice of the Motion as provided therein is hereby deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

10. Any payment to be made or authorization contained hereunder shall be subject to the requirements imposed on the Debtors under any order regarding the use of cash collateral approved by the Court in these chapter 11 cases.

11. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: May 05, 2023

*Christopher M. Lopez*
Christopher Lopez
United States Bankruptcy Judge