IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| DIAMOND SPORTS GROUP, LLC, *et al.*,[1] | ) ) ) | Case No. 23-90116 (CML) |
| Debtors. | ) ) ) | (Jointly Administered) (Emergency Hearing Requested) |

**DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY OF AN ORDER
(I) AUTHORIZING THE DEBTORS TO PAY A DEPOSIT IN CONNECTION WITH AN
INSURANCE POLICY AND (II) GRANTING RELATED RELIEF**

> **Emergency relief has been requested. Relief is requested not later than 12:00 p.m. (prevailing Central Time) on May 30, 2023.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") respectfully state as follows in support of this motion:

**<u>Relief Requested</u>**

1. The Debtors seek entry of an order, substantially in the form attached hereto, (a) authorizing the Debtors to pay a deposit in connection with an insurance policy with Hartford Fire Insurance Company ("<u>Hartford</u>") for general liability, automotive, and workers' compensation insurance (the "<u>Agreement</u>"), and (b) granting related relief.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/DSG. The Debtors' service address for purposes of these chapter 11 cases is: c/o Diamond Sports Group, LLC, 3003 Exposition Blvd., Santa Monica, CA 90404.

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012 (the "Amended Standing Order"). The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are section 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rule 6004, and Rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules").

**Background**

**A.    General Background**

5. The Debtors own and/or operate the Bally Sports Regional Sports Networks (the "RSNs"), making them the nation's leading provider of local sports programming. The Debtors' 19 Bally Sports RSNs serve as the home for 42 MLB, NBA, and NHL teams. The Debtors also hold joint venture interests in Marquee, the home of the Chicago Cubs, and the YES Network, the local destination for the New York Yankees and Brooklyn Nets. The RSNs produce approximately 4,500 live local professional telecasts each year in addition to a wide variety of locally produced sports events and programs.

6. On March 14 and 15, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On March 15, 2023, the Court entered

an order authorizing the joint administration and procedural consolidation of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On March 27, 2023, the Office of the United States Trustee for the Southern District of Texas appointed an official committee of unsecured creditors. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

  **B.**  **The Debtors' Insurance Coverage**

  7.  Historically, the Debtors have received virtually all insurance coverage related to their business through Sinclair Broadcast Group, Inc. and its controlled affiliates (collectively, "Sinclair"), the Debtors' ultimate parent company. In connection with their restructuring and these chapter 11 cases, the Debtors are currently working through the process of separating their business operations from Sinclair, including with respect to go-forward insurance coverage. The Debtors' current insurance coverage, including general liability, automotive, and workers' compensation insurance, will terminate by May 31, 2023, and, therefore, the Debtors must obtain replacement insurance as soon as possible.

  8.  The Debtors have been arranging replacement general liability, automotive, and workers' compensation insurance with Hartford. As memorialized in the Agreement, as a condition to providing this insurance to the Debtors, and in particular the workers' compensation program, Hartford has required the Debtors to deposit $115,000 in an account held by Hartford (the "Account") and obtain Court approval of such deposit. In addition, Hartford has required that the Debtors agree to replace such deposit with a letter of credit upon emergence from these chapter 11 cases. No interest will be earned on the funds in the Account and the Debtors will not have access to the cash held in the Account.

9. On May 9, 2023, the Court approved the use of cash collateral on a final basis [Docket No. 572], authorizing the Debtors to use their cash in the ordinary course of business in accordance with an approved budget (the "Budget"). As of the filing of this motion, amounts are available under the Budget to pay the deposit required by Hartford. The Debtors have shared this motion in advance of filing with counsel to the three ad hoc groups (including those with an interest in the Debtors' cash collateral), the official committee of unsecured creditors, Sinclair, and Hartford.

## Basis for Relief

10. The proposed deposit is permitted under section 363(c)(2) of the Bankruptcy Code. Section 363(c)(2) permits the use of cash collateral in the ordinary course of business with either (a) the consent of each entity with an interest in such cash collateral or (b) court approval. 11 U.S.C. § 363(c)(2). Here, the proposed deposit will be made with funds that constitute the cash collateral of the Debtors' secured creditors, and the deposit is necessary for the maintenance of insurance coverage that is critical to ordinary course operations of the Debtors' business. In addition, the entities that have an interest in the Debtors' cash collateral have consented to the Debtors' use of such cash collateral in accordance with the Budget, and the Court has also expressly authorized the Debtors' use of cash collateral in accordance with the Budget. As the deposit is in accordance with the Budget (per the Operating Disbursements line item in the Budget) and the maintenance of insurance is in the ordinary course of the Debtors' business, the Debtors submit that the proposed deposit is permitted by section 363(c)(2) of the Bankruptcy Code.

11. To the extent that the proposed deposit is not in the ordinary course of business, such deposit is permitted by section 363(b)(1), which governs the use of property of the estate outside the ordinary course of business. Courts analyze transactions that fall under section 363(b)(1) by applying the business judgment test. *See, e.g.*, *Institutional Creditors of*

4

*Cont'l Air Lines, Inc. v. Cont'l Air Lines, Inc. (In re Cont'l Air Lines, Inc.)*, 780 F.2d 1223, 1226 (5th Cir. 1986) ("[F]or the debtor-in-possession or trustee to satisfy its fiduciary duty to the debtor, creditors and equity holders, there must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business."); *In re Crutcher Res. Corp.*, 72 B.R. 628, 631 (Bankr. N.D. Tex. 1987) ("A Bankruptcy Judge has considerable discretion in approving a § 363(b) sale of property of the estate other than in the ordinary course of business, but the movant must articulate some business justification for the sale . . . ."). The Debtors have a sound business purpose for the deposit, as entry into and implementation of the Agreement would provide the Debtors with insurance coverage that is necessary to the operation of their business and required by the Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees published by the Office of the United States Trustee for Region 7.

12. The Debtors submit that the circumstances of these chapter 11 cases warrant granting the requested relief, and that doing so is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest, and therefore should be granted. Accordingly, the Debtors respectfully request that the Court authorize the Debtors to enter into the Agreement, including depositing $115,000 with Hartford.

**Emergency Consideration**

13. Pursuant to Local Rule 9013-1, the Debtors respectfully request emergency consideration of this motion. The Debtors require immediate relief, as the Debtors' current workers' compensation insurance coverage will terminate by May 31, 2023. The Debtors therefore must obtain replacement insurance as soon as possible. Accordingly, the Debtors believe that any delay in granting the relief requested would severely disrupt the Debtors' operations, imperil the Debtors' restructuring efforts, and cause irreparable harm, and respectfully request that the Court grant the relief requested in this motion on an emergency basis.

**Reservation of Rights**

14. Nothing contained herein or any actions taken pursuant to such relief requested is intended to be or should be construed as: (a) an implication or admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this motion or any order granting the relief requested by this motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (g) a waiver of the obligation of any party in interest to file a proof of claim.

**Waiver of Bankruptcy Rule 6004(a) and 6004(h)**

15. The Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

**Notice**

16. The Debtors will provide notice of this motion to (a) the parties on the Master Service List available on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/DSG, (b) Hartford, and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors respectfully request that the Court enter the proposed order, substantially in the form attached hereto, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

May 26, 2023

Respectfully submitted,

By: */s/ John F. Higgins*
**PORTER HEDGES LLP**
John F. Higgins (TX Bar No. 09597500)
M. Shane Johnson (TX Bar No. 24083263)
Megan Young-John (TX Bar No. 24088700)
Bryan L. Rochelle (TX Bar No. 24107979)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jhiggins@porterhedges.com
sjohnson@porterhedges.com
myoung-john@porterhedges.com
brochelle@porterhedges.com

- and -

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Brian S. Hermann (admitted *pro hac vice*)
Andrew M. Parlen (admitted *pro hac vice*)
Joseph M. Graham (admitted *pro hac vice*)
Alice Nofzinger (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
bhermann@paulweiss.com
aparlen@paulweiss.com
jgraham@paulweiss.com
anofzinger@paulweiss.com

*Counsel to the Debtors and Debtors in Possession*

## Certificate of Accuracy

I certify that the facts and circumstances described in the above pleading giving rise to the emergency request for relief are true and correct to the best of my knowledge, information, and belief. This statement is made pursuant to Local Rule 9013-1(i).

/s/ *John F. Higgins*
John F. Higgins

## Certificate of Service

I certify that on May 26, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *John F. Higgins*
John F. Higgins