**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| DIAMOND SPORTS GROUP, LLC, *et al.*,[1] | § | Case No. 23-90116 |
| | § | |
| Debtors. | § | (Jointly Administered) |

## EMERGENCY MOTION OF AZPB LIMITED PARTNERSHIP FOR ENTRY OF AN ORDER AUTHORIZING AZPB TO FILE THE UNREDACTED HARRIS DECLARATION FOR THE MAY 31 HEARING UNDER SEAL

> **EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 9:00 A.M. (CENTRAL TIME) ON MAY 31, 2023.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **A HEARING WILL BE CONDUCTED ON THIS MATTER ON MAY 31, 2023 AT 9:00 A.M. (CENTRAL TIME). YOU MAY PARTICIPATE IN THE HEARING EITHER IN PERSON OR BY AN AUDIO AND VIDEO CONNECTION.**
>
> **AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 832-917-1510. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE LOPEZ'S CONFERENCE ROOM NUMBER IS 590153. VIDEO COMMUNICATION WILL BE BY USE OF THE GOTOMEETING PLATFORM. CONNECT VIA THE FREE GOTOMEETING APPLICATION OR CLICK THE LINK ON JUDGE LOPEZ'S HOME PAGE. THE MEETING CODE IS "JUDGELOPEZ". CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**
>
> **HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF BOTH ELECTRONIC AND IN-PERSON HEARINGS. TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE LOPEZ'S HOME PAGE. SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/DSG. The Debtors' service address for purposes of these chapter 11 cases is: c/o Diamond Sports Group, LLC, 3003 Exposition Blvd., Santa Monica, CA 90404.

4876-8184-5095.1

AZPB Limited Partnership, a Delaware limited partnership, dba Arizona Diamondbacks ("Diamondbacks") hereby submit this *Emergency Motion for Entry of an Order Authorizing AZPB to File the Unredacted Harris Declaration for the May 31 Hearing Under Seal* ("Motion"). In support of this Motion, the Diamondbacks respectfully state as follows:

## Relief Requested

1.      The Diamondbacks' briefing related to their *Emergency Motion to Compel Debtors to Perform Under the Telecast Rights Agreement, or, in the Alternative, to Compel Assumption or Rejection of the Telecast Rights Agreement and Relief from the Automatic Stay* ("Motion to Compel") seeks the entry of an order from this Court compelling payment from the Debtors pursuant to the parties' Telecast Rights Agreement ("TRA"), among other things.

2.      The Court is set to have an evidentiary hearing on the Motion to Compel (and other Clubs' related briefing along with the Debtors' related briefing) on May 31, 2023, starting at 9:00 A.M. CST.

3.      By this Motion, the Diamondbacks seek the entry of an order from this Court, substantially in the form attached hereto (the "Order"), (1) authorizing the Diamondbacks to file an unredacted version of the *Declaration of Thomas M. Harris in Support of AZPB Limited Partnership's Emergency Motion to Compel Debtors to Perform Under the Telecast Rights Agreement, or, in the Alternative, to Compel Assumption or Rejection of the Telecast Rights Agreement and Relief from the Automatic Stay and May 31, 2023 Evidentiary Hearing* ("Harris Declaration"), under seal; and (2) authorizing the Diamondbacks to file a redacted version of the foregoing, which redacts (i) all specific amounts and references to payments due to the Diamondbacks under the TRA, whether previously due or coming due. The Diamondbacks also

request that the hearing on the Motion to Compel be sealed solely relating to any evidence or arguments regarding the information requested to be sealed herein.

4.      The information noted above that is to be redacted and sealed is both sensitive commercial information and subject to confidentiality. It is essential that the information sought to be redacted remain confidential to protect the Diamondbacks' payment structure and amounts, which information is commercially essential to the Diamondbacks' business and operations, and which information, should it be disclosed, would cause the Diamondbacks potential harm. Thus, the Diamondbacks seek the Court to direct that the redacted content not be made available to anyone except the Court, the United States Trustee for the Southern District of Texas, counsel to the Debtors, and counsel to the Official Committee of Unsecured Creditors appointed in these chapter 11 cases, on a professional eyes-only basis, and other persons upon further order of the Court or as agreed by the Diamondbacks, in each case, subject to confidentiality agreements or other arrangements reasonably satisfactory to the Diamondbacks.

5.      The Diamondbacks have filed a redacted version of the Harris Declaration on the public docket, and, provided an unredacted copy to the Debtors, through counsel, and the United States Trustee.

## Jurisdiction and Venue

6.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

7.      Venue is property pursuant to §§ 1408 and 1409.

8.      The basis for the relief requested herein are Bankruptcy Code ("Code") sections 105 and 107, and Fed. R. Bankr. P. Rule 9018, and 9037-1 of the Bankruptcy Local Rules for the Southern District of Texas.

4876-8184-5095.1

**Background**

9.     The Diamondbacks are a professional major league baseball team, headquartered and located in Phoenix, Arizona, but play games all over the United States. The Debtors, pursuant to the parties' TRA, provide broadcasting of the Diamondbacks' games through various television networks for viewers.

10.     On March 1, 2023, a payment under the TRA ("March 1 Payment") came due to the Diamondbacks from the Debtors.

11.     The Debtors failed to make the March 1 Payment to the Diamondbacks.

12.     On March 14 and March 15, 2023 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to §§ 1107(a) and 1108 of the Code. An Official Unsecured Creditors Committee has been appointed, but no request for the appointment of a trustee or examiner has yet been made in the Debtors' case.

13.     On April 6, 2023, the Diamondbacks filed their Motion to Compel and related Declaration (under seal with permission from this Court). *See* Docket Nos. 303, 304, 305, and 306.

14.     On May 19, 2023, the Diamondbacks filed their Reply in Support of the Motion to Compel (under seal with permission from this Court). *See* Docket Nos. 686 and 687.

**Basis For Relief**

15.     Section 107(b) of the Bankruptcy Code, in relevant part, provides courts with the power to issue orders that protect entities from potential harm that may result from the disclosure of certain confidential information:

     On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—

(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information. . . .

11 U.S.C. § 107(b)(1) and *see* Fed. R. Bankr. P. 9018.

16.     Although courts recognize a public right of access to judicial records and documents, this right is not absolute.  *See Nixon v. Warner Comm., Inc.,* 435 U.S. 589, 598 (1978); *Test Masters Educ. Servs., Inc. v. Robin Singh Educ. Servs., Inc.*, 799 F.3d 437, 454 (5th Cir. 2015).  "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."  *Nixon*, 435 U.S. at 598.  Unlike its counterpart in rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause."  *See Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v. Defendants Named Under Seal* (*In re Phar-Mor, Inc.*), 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995).  Instead, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is *required* to protect a requesting interested party and has no discretion to deny the application."  *In re Orion Pictures Corp.*, 21 F.3d at 27 (emphasis in original) (citing 2 Collier on Bankruptcy ¶ 107.01, at 107–2 (15th ed. 1993) ("Protection is mandatory when requested by an [interested party]")); *Wyndham Vacation Resorts, Inc. v. Faucett (In re Faucett)*, 438 B.R. 564, 568 (Bankr. W.D. Tex. 2010).

17.     Commercial information is information which would result in "an unfair advantage to competitors by providing them information as to the commercial operations" of an entity.  *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006).  Commercial information need not rise to the level of "trade secret" to be protected under section 107(b) of the Bankruptcy Code. *Video Software Dealers Assocs. v. Orion Pictures Corp., (In re Orion Pictures Corp.),* 21 F.3d 24, 27 (2d Cir. 1994); *see also In re Faucett*, 438 B.R. 564, 567 (Bankr. W.D. Tex. 2010).  Rather,

section 107(b)'s protections extend to commercial information that, if disclosed to the public, could be used by various parties to gain an unfair advantage. *Orion Pictures*, 21 F.3d at 27–28. Once a court determines that a party in interest is seeking to protect "commercial information," the court is "required to protect a requesting interested party and has no discretion to deny the application." *Id*. at 27. To the extent that the public's right of access competes with privacy rights, it is proper to—after weighing competing interests—to redact a judicial document in order to allow access to only appropriate portions of the document. *U.S. v. Kravetz*, 706 F.3d 43, 62 (1st Cir. 2013); *Tourangeau*, 2022 WL 768688, at *6-7.

18.    Here, disclosing the specific amounts and payment structure of the TRA is the type of "commercial information" which would lend competitors an unfair advantage if disclosed, and would be to the detriment of the Diamondbacks. Public disclosure of the redacted information would permit all of the world to see the Diamondbacks' financial and economic terms associated with their business. Further, the TRA is a confidential document, whereby the parties agreed and are bound to maintain the confidentiality of the document, including its terms and conditions. There is no sound reason to break that confidentiality and there is no sound justification that the public has a need to know the terms and conditions of the TRA; that knowledge will in no way affect the underlying substance of the Motion to Compel.

19.    The Diamondbacks also join in the other Clubs' and Major League Baseball's ("MLB") motions to seal their respective declarations, and incorporate the support and arguments herein, as the same or similar facts and circumstances equally apply to the Diamondbacks, as related to the Harris Declaration.

**<u>Emergency Consideration</u>**

20.     The Diamondbacks respectfully request emergency consideration of this Motion, as the Harris Declaration has already been filed and immediate protection of the redacted content is necessary to prevent harm to the Diamondbacks and the Debtors, as outlined in this Motion, and because the hearing is set to occur on the related subject matter of the Harris Declaration on May 31.

**<u>Notice</u>**

21.     The Diamondbacks will provide notice of this Motion to the following parties: (a) the Office of the U.S. Trustee for the Southern District of Texas; (b) the Debtors (on a consolidated basis) through its counsel; and (c); any party that has requested notice pursuant to Bankruptcy Rule 2002, and any party that receives notice through the Court's Electronic Case Filing (CM/ECF) system.  The Diamondbacks submit that, in light of the nature of the relief requested, no other or further notice need be given.

22.     This Court has previously granted the same or similar relief being sought herein, as related to the Motion to Compel briefing (the motion, related declaration, and reply) in this matter, but such relief sought herein has not been made in any other court.

*[remainder of this page intentionally left blank]*

4876-8184-5095.1

WHEREFORE, the Diamondbacks respectfully request that the Court enter the Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Respectfully submitted this 30th day of May 2023.

**GRAY REED**

By: */s/ Micheal W. Bishop*
    Micheal W. Bishop
    Texas Bar No. 02354860
    Amber M. Carson
    Texas Bar No. 24075610
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:    (214) 954-4135
Facsimile:    (214) 953-1332
Email:        mbishop@grayreed.com
              acarson@grayreed.com

-and-

**GALLAGHER & KENNEDY, P.A.**
    Dale C. Schian (admitted *pro hac vice*)
    Kortney K. Otten (admitted *pro hac vice*)
2575 East Camelback Road
Phoenix, Arizona 85016
Telephone:    (602) 530-8000
Facsimile:    (602) 530-8500
Email:        dale.schian@gknet.com
              kortney.otten@gknet.com

*Counsel to AZPB Limited Partnership, dba*
*Arizona Diamondbacks*

**<u>Certificate of Service</u>**

I certify that on May 30, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Micheal W. Bishop*
Micheal W. Bishop