**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| DIAMOND SPORTS GROUP, LLC, *et al.*,[1] | ) |
| | ) Case No. 23-90116 (CML) |
| Debtors. | ) |
| | ) (Jointly Administered) |
| | ) |

## <u>STIPULATED PROTECTIVE ORDER</u>

This Stipulated Protective Order (this "<u>Order</u>") is entered into by and among: (a) the debtors and debtors in possession in the above-captioned cases (collectively, the "<u>Debtors</u>"); (b) the Official Committee of Unsecured Creditors of Diamond Sports Group, LLC, *et al.*; and (c) AZPB Limited Partnership, Cleveland Guardians Baseball Company, LLC, Minnesota Twins, LLC, and Rangers Baseball LLC (each, with certain of its affiliates, a "Club" and collectively, the "Clubs"); (d) the Office of the Commissioner of Baseball d/b/a Major League Baseball ("<u>MLB</u>"); (e) the Ad Hoc Crossholder Group; (f) the Ad Hoc First Lien Group; (g) the Ad Hoc Secured Group (the entities in the foregoing clauses (e) through (g), the "<u>Ad Hoc Groups</u>"); and (h) any other persons or entities who are seeking Discovery Material (as defined below) or from whom Discovery Material is sought in these cases and who becomes bound by this Order by signifying their assent through execution of **<u>Exhibit A</u>** hereto.  Each of the persons or entities identified in the foregoing clauses (a) through (h) shall be referred to herein individually as a "<u>Party</u>" and collectively as the "<u>Parties</u>."[2]  The Parties, by and through their respective

---

[1]     A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/DSG.  The Debtors' service address for purposes of these chapter 11 cases is:  c/o Diamond Sports Group, LLC, 3003 Exposition Blvd., Santa Monica, CA 90404.

[2]     The designation of a "Party" is for purposes of reference in this Order only.

attorneys of record, and subject to approval by the United States Bankruptcy Court for the Southern District of Texas (the "Court"), have agreed to entry of this Order pursuant to 11 U.S.C. § 107(b) and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and, as applicable, pursuant to Bankruptcy Rules 7026 and 9014 and Rule 26(c) of the Federal Rules of Civil Procedure (the "Federal Rules").

## Recitals

WHEREAS, the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in this Court (the cases commenced by such petitions, the "Chapter 11 Cases"); and there are, or may be, judicial or other proceedings before this Court or an appellate court, including but not limited to investigations, contested matters, adversary proceedings, and other disputes (each, a "Dispute," and collectively, the "Disputes") arising under the Bankruptcy Code or relating to the Chapter 11 Cases;

WHEREAS, the Parties have sought or may seek certain Discovery Material from one another with respect to one or more Disputes, including through informal or formal requests, diligence, Rule 2004 notices, or service of document requests, interrogatories, requests for admission, deposition notices, and other discovery requests (collectively, the "Discovery Requests") as provided by the Federal Rules, the Bankruptcy Rules, and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules"); and

WHEREAS, certain persons or entities other than the Parties hereto may also propound or be served with Discovery Requests in conjunction with one or more Disputes during the course of the Chapter 11 Cases;

NOW, THEREFORE, to facilitate and expedite the production, exchange, and treatment of Discovery Material, and to facilitate the prompt resolution of disputes over confidentiality, and to protect Discovery Material that a Party seeks to maintain as Confidential Material, Attorneys' Eyes Only Material, or Outside Counsel Only Material (as those terms are defined below), it is hereby stipulated and agreed, and, upon Court approval, it is hereby ORDERED that the following terms will govern any requests for and production of Discovery Material.

## Scope of Order

1.      This Order governs the disclosure and exchange of all information, documents and things that have been or will be exchanged or otherwise provided in connection with these Chapter 11 Cases and related Disputes by a Party or a non-Party (each a "Producing Party") to any other Party (each a "Receiving Party"), formally or informally, either prior to or after the filing of a judicial proceeding, in response to or in connection with an exchange of exhibits in advance of a hearing, and in response to or in connection with any Discovery Request, subpoenas, or diligence requests, including, without limitation, deposition testimony (whether based on oral examination or written questions); deposition exhibits; deposition transcripts; interrogatories; answers to interrogatories; requests for admission; responses to requests for admission; interviews; documents; electronically stored information; information provided via electronic access to data rooms or other hosted sites; other information produced or requested in connection with the Chapter 11 Cases; and all things produced in whatever form, as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof (collectively referred to as "Discovery Material").   Discovery Material shall also include all information, filings, documents, and things derived therefrom, based on any of the foregoing material, in whole or in

part.  "Material," as that term is used herein, includes hard copy documents and electronically stored information contemplated by the Bankruptcy Rules and the Federal Rules, including but not limited to writings, drawings, graphs, charts, photographs, sound recordings, images, data, data compilations stored in any medium, testimony, exhibits, discovery responses, and all other mediums of expression.

2.      Other than the treatment of privilege, including a Receiving Party's ability to challenge a privilege assertion, which shall be governed by the procedures set forth in paragraphs 29 and 30 of this Order, this Order does not affect, amend, or modify any existing confidentiality agreements, intercreditor agreements, protective orders, or similar agreements applicable to any Producing Party and/or Receiving Party, and nothing in this Order shall constitute a waiver of any rights under such agreements or orders.  Notwithstanding anything herein, however, an existing confidentiality agreement, intercreditor agreement, or protective order shall not serve as a basis to refuse to produce any Discovery Material to any Party unless the Court orders otherwise.  In the event that a Producing Party alleges that it is not permitted to produce any Discovery Material because of an existing confidentiality agreement or provision, intercreditor agreement, or protective order, that Producing Party shall be required to identify such Discovery Material to the Requesting Party within a reasonable period of time, specifically indicating the alleged reason why such Discovery Material cannot be produced.  Either party may present the dispute to the Court thereafter.  The burden to prove why such Discovery Material should not be produced because of an existing confidentiality agreement, intercreditor agreement, or protective order shall at all times be borne by the Producing Party making such a claim.

3.      For the avoidance of doubt, nothing in this Order—including the fact that a party is a Party to this Order—entitles or is intended to entitle any Party or non-Party (including

outside counsel and any professional as set forth in paragraph 10(h), 11(b), and 12(b) to any Party or non-Party) to use or refer to any Discovery Material for any purpose, except in connection with discovery concerning any Dispute and these Chapter 11 Cases.

4.      This Order applies to such non-Parties that are served with subpoenas or who otherwise produce information, documents, or things, or are noticed for depositions with respect to the Chapter 11 Cases, and all such non-Parties are entitled to the protections and subject to the obligations set forth in this Order upon signing a declaration in the form provided as **Exhibit A** and agreeing to be bound by the terms of this Order.  Any Party or its counsel serving a subpoena or Discovery Request upon a non-Party, which subpoena or Discovery Request requires the production of documents or testimony, shall serve a copy of this Order along with such subpoena or Discovery Request and instruct the non-Party recipient of such subpoena that he, she, or it may designate documents or testimony in the Chapter 11 Cases according to the provisions herein.  In the event a non-Party has already been served with a subpoena or other Discovery Request at the time this Order is entered by the Court, the serving Party or its counsel shall provide the service and notice of this Order required by the preceding sentence as soon as reasonably practicable after entry of this Order.  Any non-Party that executes **Exhibit A** shall be treated as a Party to this Order with all rights and obligations of the signatory Parties hereto.  For the avoidance of doubt, the consent or notification of the Debtors is not required for persons specified in Paragraphs 10(a)(i)–(vi),10(b)-(h), 10(j)-(q), 11(a)(i)–(vi), 11(b)–(i), 12(a)(i)-(vi) and 12(b)-(i) of this Order.  For further avoidance of doubt, reference to becoming a "Party" upon execution of **Exhibit A** is for the purposes of this Order only and not intended to reflect any agreement as to such party's status as a litigant in the Chapter 11 Cases.

## Designating Discovery Material

5.      Any Producing Party may designate Discovery Material as "Confidential Material," "Attorneys' Eyes Only Material," or "Outside Counsel Only Material" (any such designated Discovery Material referred to as "Designated Material") in accordance with the following provisions:

(a)      Confidential Material:  A Producing Party may designate Discovery Material as "Confidential" if such Producing Party: (i) reasonably believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material (1) constitutes or contains nonpublic proprietary or confidential technical, business, commercial, strategic, financial, personal, or other information of a nature that should be protected under the Bankruptcy Rules or the Federal Rules or (2) is subject by regulation, law, or contract to a legally protected right of privacy, confidentiality, or other protection; or (ii) (1) is under a preexisting obligation to a third party to treat such Discovery Material as confidential or (2) has in good faith been reasonably requested by another Party or non-Party to designate such Discovery Material as Confidential on the grounds that such other Party or non-Party considers such Discovery Material to contain information that is confidential or proprietary to such Party or non-Party (such Discovery Material, "Confidential Material").

(b)      Attorneys' Eyes Only Material:  Notwithstanding the other provisions of this Order, a Producing Party may designate Discovery Material as "Attorneys' Eyes Only" if such Producing Party reasonably believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that the Discovery Material contains sensitive personal data, or is of such a nature that a material risk of competitive injury would be created if such Discovery Material were disclosed to persons other

6

than those identified in Paragraph 11 of this Order, which may include trade secrets or other sensitive financial, technical, competitive, or business information, including material prepared by the Producing Party's industry professionals, advisors, financial advisors, accounting advisors, experts, or consultants (and their respective staff), that are retained by the signatories to this Order in connection with the Disputes or these Chapter 11 Cases, and only to the extent that the Producing Party believes in good faith that such material is of such a nature that "Attorneys' Eyes Only" treatment is warranted (such Discovery Material, "Attorneys' Eyes Only Material").

        (c)    Outside Counsel Only Material:  A Producing Party may designate Discovery Material as "Outside Counsel Only" if such Producing Party reasonably believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) and after an individualized determination that the Discovery Material contains competitively sensitive information, the disclosure of which to MLB, any of the Clubs, or the Debtors would impair the Producing Party's or any MLB Club's ability to compete or is of such a nature that a material risk of competitive or commercial injury would be created if such Discovery Material were disclosed to persons other than those identified in Paragraph 12 of this Order.

        (d)    Documents Produced With A "Club Confidential" Designation: Documents already produced in this proceeding with a "Club Confidential" designation by any Party shall be treated as Outside Counsel Only Material, unless and until the Producing Party confirms in writing that a different designation under this Protective Order is appropriate.

        (e)    Documents Produced With A "Highly Confidential" Designation: Documents already produced in this proceeding with a "Highly Confidential" designation by any

Party shall be treated as Outside Counsel Only Material, unless and until the Producing Party confirms in writing that a different designation under this Protective Order is appropriate.

(f)     <u>Designation By Another Party</u>: Any Party may designate any Discovery Material as Confidential, Attorneys' Eyes Only, or Outside Counsel Only, whether or not that Party is the one that originally disclosed or exchanged the Discovery Material, and in such event, the designating Party shall be treated as a Producing Party under this Order with respect to that Discovery Material.

(g)     <u>Undesignated Material</u>:  Subject to the rights and obligations of the Parties under Paragraphs 9 and 25 of this Order, no Party shall have any obligation or duty to maintain as confidential or prevent from disclosure any Discovery Material that is not Designated Material ("<u>Undesignated Material</u>").

6.     <u>Manner of Designating Discovery Material</u>:  Where reasonably practicable, any Designated Material shall be designated, in the case of documents or other materials (apart from depositions), by the Producing Party as such by marking each page "Confidential," "Attorneys' Eyes Only," or "Outside Counsel Only" as applicable.  Such markings shall not obliterate or obscure the content of the material that is produced.  Where the marking of every page of such materials is not reasonably practicable, such as with certain native file documents, a Producing Party may designate material as "Confidential," "Attorneys' Eyes Only," or "Outside Counsel Only" by informing the Receiving Party in a clear and conspicuous manner at the time of production of such material that such material is "Confidential," "Attorneys' Eyes Only," or "Outside Counsel Only," such as by including such designation in the file name.  Where Designated Material is produced in the form of a written response to a request for written discovery (including, without limitation, written responses to interrogatories), the Producing Party may

designate such material by imprinting "Confidential," "Attorneys' Eyes Only," or "Outside Counsel Only" as applicable on the first page of the written response.  Discovery Material produced or provided to a Receiving Party prior to the execution of this Order pursuant to an agreement that such Discovery Material would be treated as "Confidential," "Attorneys' Eyes Only," or "Outside Counsel Only" shall be treated as "Confidential," "Attorneys' Eyes Only," or "Outside Counsel Only" pursuant to this Order notwithstanding such Discovery Material not bearing such markings.

7.     <u>Effect of Designation</u>: The designation of Discovery Material as "Confidential," "Attorneys' Eyes Only," or "Outside Counsel Only," regardless of the medium or format of such Designated Material or the method of designation as provided for herein, shall constitute a representation by the Producing Party that there is a good-faith basis for that designation.

8.     <u>Late Designation of Discovery Material</u>: The failure to designate particular Discovery Material as "Confidential," "Attorneys' Eyes Only," or "Outside Counsel Only" at the time of production shall not operate to waive the right of a Producing Party or of another Party or non-Party to later designate such Discovery Material as Designated Material or later apply another designation pursuant to this Order as soon as is reasonably practicable, to the extent it is determined by that Party or non-Party that a designation is required ("<u>Misdesignated Material</u>").  At such time of the later designation as Designated Material, to the extent reasonably practicable, arrangements will be made for the destruction of all copies of the Misdesignated Material or for the return to the Producing Party of all copies of the Misdesignated Material and for the substitution, where appropriate, of properly labeled copies of such Discovery Material.  Upon receipt of replacement copies of such Misdesignated Material with the proper designation, the Receiving Party or Parties

shall take all reasonable steps to return or destroy all previously produced copies of such Misdesignated Material, to the extent reasonably practicable.  If requested by the Producing Party or any other Party or non-Party, a Receiving Party shall verify in writing that it has taken all reasonable steps to return or destroy such Misdesignated Material.  No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation.  Once such later designation has been made, any Discovery Material shall be treated in accordance with that later designation and shall be fully subject to this Order from the date of such later designation forward; provided, however, that if the material that was not designated has been, at the time of the later designation, previously publicly filed with a court or otherwise made publicly available (other than in violation of this Order), no Party or non-Party shall be bound by such later designation except to the extent determined by the Court upon motion of the Party or non-Party that failed to make the designation.

**<u>Use and Disclosure of Confidential Material, Attorneys' Eyes Only Material, or Outside Counsel Only Material</u>**

9.     <u>General Limitations on Use and Disclosure of All Discovery Material</u>: All Discovery Material, whether Designated Material or Undesignated Material, shall be used by the Receiving Parties solely in this Court for the purposes of a Dispute or the Chapter 11 Cases and not for any other purpose or in any other forum, including without limitation (i) any other litigation or judicial proceedings that are not a Dispute and are not related to these Chapter 11 Cases, or (ii) any business, competitive, governmental, commercial, legal, or administrative purpose or function.

10.     <u>Confidential Material</u>: Confidential Material, and any and all information contained therein, may be given, shown, made available to, or communicated only to the following:

a)      counsel (including in-house counsel) and staff working under the express direction of such counsel, for:

     i.    the Debtors;

     ii.    the Debtors' creditors and other constituents that are signatories to this Order;

     iii.    the Committee, including counsel to its individual members;

     iv.    the U.S. Trustee, provided that any such production is made on the understanding and basis that the Confidential Material will be kept confidential and not publicly disclosed absent a court order;

     v.    MLB and the Clubs;

     vi.    the Ad Hoc Groups; and

     vii.    any Party who has signed **<u>Exhibit A</u>**, subject to written notice to the Producing Party and the Producing Party's reasonable consent, not to be unreasonably withheld;

b)      the Debtors, including their employees and any professionals retained by the Debtors, or other industry advisors, financial advisors, accounting advisors, expert witnesses, and consultants (and their respective staff) that are retained by the Debtors who are assisting with or involved in making decisions with respect to any Dispute, in each case, only as necessary to assist with or make decisions with respect to the Chapter 11 Cases;

c)      the Debtors' creditors and other constituents that are signatories to this Order, including their respective members, managers, partners, directors, officers, employees, professionals, other industry advisors, financial advisors, accounting advisors, expert witnesses, and consultants (and their respective staff), and agents who are assisting with or involved in making decisions with respect to the Chapter 11 Cases or any Dispute;

d)      MLB and the Clubs, including their employees and any professionals or advisors retained by them;

e)      the Official Committee of Unsecured Creditors (the "Committee"), including its professionals, other industry advisors, financial advisors, accounting advisors, expert witnesses, and consultants (and their respective staff), its members, and the professionals of its members;

f)      the Ad Hoc Groups, including its professionals, other industry advisors, financial advisors, accounting advisors, expert witnesses, and consultants (and their respective staff), its members, and the professionals of its members;

g)      the U.S. Trustee, including its professionals, provided that any such production is made on the understanding and basis that the Confidential Material will be kept confidential and not publicly disclosed absent a court order;

h)      professionals retained under 11 U.S.C. §§ 327 or 328, or other professionals, industry advisors, financial advisors, accounting advisors, expert witnesses, and consultants (and their respective staff) that are retained by the Parties in connection with the Disputes or these Chapter 11 Cases, in each case only as necessary to assist with or make decisions with respect to the Chapter 11 Cases,

i)      any person or entity who has signed **<u>Exhibit A</u>**, subject to written notice to the Producing Party and the Producing Party's consent, not to be unreasonably withheld;

j)      any person who is indicated on the face of a document to have been an author, addressee, or copy recipient thereof, an actual or intended recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

k)      any witness during the course of a deposition, trial, or any other hearing where counsel questioning the witness reasonably believes that questioning the witness regarding the document is necessary;

l)      prospective witnesses intended to be called to testify at a deposition, trial, or any other hearing in the Chapter 11 Cases, where such disclosure is necessary for the purposes of trial preparation, factual investigation, or discovery;

m)      court reporters, stenographers, or videographers who record deposition or other testimony in connection with Chapter 11 Cases or related Disputes;

n)      the Court, its officers, and clerical staff in any judicial proceeding that may result from a Dispute or these Chapter 11 Cases;

o)      any mediators and their staffs retained in connection with a Dispute or these Chapter 11 Cases;

p)      support personnel providing general secretarial services (such as word processing and printing), paralegal services, or litigation support services to and working under the supervision and direction of any person bound by this Order—in each case, only as necessary to assist such person with respect to a Dispute or these Chapter 11 Cases; and

q)      outside photocopying, graphic production services, or litigation support services, as necessary for use in connection with a Dispute or these Chapter 11 Cases.

11.    <u>Attorneys' Eyes Only Material</u>:  Attorneys' Eyes Only Material, and any and all information contained therein, may be given, shown, made available to, or communicated only to the following:

a)      counsel (including in-house counsel) and staff working under the express direction of such counsel, for:

     i.   the Debtors;

    ii.   the Debtors' creditors and other constituents that are signatories to this Order who are assisting with or involved in making decisions with respect to the Chapter 11 Cases or any Dispute;

14

    iii.   the Committee, including counsel to its individual members;

    iv.   the U.S. Trustee, provided that any such production is made on the understanding and basis that the Attorneys' Eyes Only Material will be kept confidential and not publicly disclosed absent a court order;

    v.   MLB and the Clubs;

    vi.   the Ad Hoc Groups; and

    vii.   any Party who has signed **<u>Exhibit A</u>** and delivered a copy to the Debtors, subject to written notice to the Producing Party and the Producing Party's consent, not to be unreasonably withheld;

b)    professionals retained under 11 U.S.C. §§ 327 or 328, or other professionals, industry advisors, financial advisors, accounting advisors, expert witnesses, and consultants (and their respective staff) that are retained by the Parties identified under 11(a) in connection with the Disputes or these Chapter 11 Cases, in each case only as necessary to assist with or make decisions with respect to the Disputes or Chapter 11 Cases,

c)    in the case of Attorneys' Eyes Only Material contained in a document, any person who is indicated on the face of a document to have been an author, addressee, or copy recipient thereof, an actual or intended recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

15

d) any witness during the course of a deposition, trial, or any other hearing where counsel questioning the witness reasonably and in good faith believes that questioning the witness regarding the document is necessary and that doing so would not cause competitive harm, provided that the relevant section of the deposition transcript is itself designated as Attorneys' Eyes Only, the witness is not permitted to retain a copy of the document, and the relevant deposition exhibit is designated as Attorneys' Eyes Only, and subject to Paragraph 13;

e) court reporters, stenographers, or videographers who record deposition or other testimony in connection with a Dispute or these Chapter 11 Cases;

f) the Court, its officers, and clerical staff in any judicial proceeding that may result from a Dispute or these Chapter 11 Cases;

g) any mediators and their staffs retained in connection with a Dispute or these Chapter 11 Cases;

h) support personnel providing general secretarial services (such as word processing and printing), paralegal services, or litigation support services to and working under the supervision and direction of any person bound by this Order—in each case, only as necessary to assist such person with respect to a Dispute or these Chapter 11 Cases;

16

     i)      outside photocopying, graphic production services, or litigation support services, as necessary for use in connection with a Dispute or these Chapter 11 Cases; and

     j)      any other person or entity with respect to whom the Producing Party may consent in writing (email to suffice) or on the record at a deposition, provided such person or entity agrees to be bound by this Order by signifying their assent through execution of **<u>Exhibit A</u>** hereto.

12.     <u>Outside Counsel Only Material</u>:  Outside Counsel Only Material, and any and all information contained therein, may be given, shown, made available to, or communicated only to the following:

     a)      Outside counsel (i.e., excluding in-house counsel) and staff working under the express direction of such outside counsel, for:

       i.  the Debtors;

      ii.  the Debtors' creditors and other constituents that are signatories to this Order;

     iii.  the Committee, including its members;

     iv.  the U.S. Trustee, provided that any such production is made on the understanding and basis that the Outside Counsel Only Material will be kept confidential and not publicly disclosed absent a court order;

      v.  MLB and the Clubs; and

     vi.  the Ad Hoc Groups;

b)      professionals retained under 11 U.S.C. §§ 327 or 328, or other professionals, industry advisors, financial advisors, accounting advisors, experts, and consultants (and their respective staff) that are retained by the persons or entities identified under 12(a) in connection with the Disputes or these Chapter 11 Cases, in each case only as necessary to assist with or make decisions with respect to the Chapter 11 Cases;

c)      in the case of Outside Counsel Only Material contained in a document, any person who is indicated on the face of a document to have been an author, addressee, or copy recipient thereof, an actual or intended recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

d)      any witness during the course of a deposition, trial, or any other hearing where counsel questioning the witness reasonably and in good faith believes that questioning the witness regarding the document is necessary and that doing so would not cause competitive harm, provided that the relevant section of the deposition transcript is itself designated as Outside Counsel Only Material, the witness is not permitted to retain a copy of the document, and the relevant deposition exhibit is designated as Outside Counsel Only Material, and subject to Paragraph 13;

e)      court reporters, stenographers, or videographers who record deposition or other testimony in connection with a Dispute or these Chapter 11 Cases;

f)      the Court, its officers, and clerical staff in any judicial proceeding that may result from a Dispute or these Chapter 11 Cases;

g)      any mediators and their staffs retained in connection with a Dispute or these Chapter 11 Cases;

h)      support personnel providing general secretarial services (such as word processing and printing), paralegal services, or litigation support services to and working under the supervision and direction of any person bound by this Order—in each case, only as necessary to assist such person with respect to a Dispute or these Chapter 11 Cases;

i)      outside photocopying, graphic production services, or litigation support services, as necessary for use in connection with a Dispute or these Chapter 11 Cases; and

j)      any other person or entity with respect to whom the Producing Party may consent in writing (email to suffice) or on the record at a deposition, provided such person or entity agrees to be bound by this Order by signifying their assent through execution of **Exhibit A** hereto.

13.     Designated Material to be Disclosed Only in Accordance With Paragraphs 10 Through 12:  Attorneys' Eyes Only Material and Outside Counsel Only Material, and any and

all information contained therein, shall not be given, shown, made available to, disclosed, or communicated in any way, except to those people provided in Paragraphs 11 and 12 of this Order. Confidential Material, and any and all information contained therein, shall not be given, shown, made available to, disclosed, or communicated in any way, except to those people provided in Paragraph 10 of this Order.  Any expert report relying on or incorporating Designated Material in whole or in part shall be designated appropriately by the Party responsible for its creation.

14.     <u>Prerequisite to Disclosure of Designated Material</u>: Before any person or their representative identified in Paragraph 11(d), 11(j), 12(d), or 12(j) hereof is given access to Designated Material, such person or their representative shall be provided with a copy of this Order and shall execute **<u>Exhibit A</u>** annexed hereto.  Each such executed **<u>Exhibit A</u>** shall be retained in the files of counsel for the Party who gave access to the Designated Material to the person who was provided such access.  A copy of such executed **<u>Exhibit A</u>** for representatives identified in Paragraph 11(d), 11(j), 12(d), or 12(j) shall be provided to the Producing Party upon request by the Producing Party.

15.     <u>Sealing of Designated Material Filed With or Submitted to Court</u>:  Unless otherwise agreed by the Producing Party or ordered by a court of competent jurisdiction, all Designated Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose Designated Material, shall be filed under seal in accordance with the Federal Rules, the Bankruptcy Rules, the Local Rules, and the individual practice rules and procedures of the Court, except that a Party may, at its option, file redacted pleadings containing the Designated Material so long as such portions of the pleadings concerning the Designated Material have been redacted, and such redacted pleading is also filed pursuant to Local Rule 9037-1.  The Court's approval and entry of this Order shall constitute authority to file Confidential

Material, Attorneys' Eyes Only Material, or Outside Counsel Only Material under seal without the necessity of filing a separate motion under Local Rule 9037-1.  If the sealing of these materials is challenged by any party, the Producing Party shall bear the burden of defending such sealing. The filing of any materials under seal pursuant to this paragraph shall not be construed as an admission that the materials are entitled to confidentiality under this Protective Order or under applicable law and shall not waive any party's rights to challenge such designation or sealing at a later time.

16.     <u>Use of Discovery Material in Open Court</u>: Counsel for any Party seeking to use Designated Material in the course of any Court proceeding shall provide the Producing Party with notice of the Party's intent to use such Designated Material at least 24 hours prior to the Court proceeding (or, if not practicable, as soon as is practicable).  Upon receiving that notice, counsel for any Party or non-Party shall confer on such procedures as are necessary to protect the confidentiality of Confidential Material, Attorneys' Eyes Only Material, or Outside Counsel Only Material planned to be used during the Court proceeding, and in the event counsel cannot agree on such procedures, the Parties will jointly contact or raise with the Court to address the confidentiality issues, and the Producing Party will bear the burden of demonstrating why such Designated Material should remain confidential at such trial or hearing.

**<u>Depositions and Rule 2004 Examinations</u>**

17.     <u>Deposition and Rule 2004 Examination Testimony – Manner Of Designation</u>:  In the case of depositions or interviews, if counsel for a Party or non-Party believes that a portion of the testimony given at a deposition or interview should be Designated Material of such Party or non-Party, such testimony may be designated as appropriate by: (i) stating so orally on the record and requesting that only the relevant portion(s) of testimony is so designated; or (ii) providing written notice within seven (7) days of the Party's or non-Party's receipt of the final

transcript from the court reporter in the case of a deposition and (7) days from the date of an interview, as applicable, that only the relevant portion(s) of such transcript or recording of a deposition thereof is so designated, except in the event that a hearing on related issues is scheduled to occur within seven (7) days of that Party's receipt of the final transcript, in which case the foregoing seven (7) day period will be reduced to three (3) business days, unless a shorter time is otherwise agreed by the Parties in connection with a specific deposition.  Where a hearing or pleading deadline on related issues is scheduled to occur in such close proximity to a deposition that a three-day period is not practical, notice shall be given at the deposition or as soon as practical thereafter and as far in advance of the hearing or pleading deadline as reasonably possible.  Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel, identifying the portion(s) of or the entire transcript that is so designated, and directing the court reporter to treat the transcript as provided in Paragraph 20 below.  Until expiration of the aforesaid designation period following receipt of the transcript by the Parties, all deposition transcripts and recordings shall be considered and treated as Outside Counsel Only Material, unless otherwise specified by counsel to any Party on the record at the deposition.

18.    <u>Designated Material Used As Exhibits During Depositions</u>: Nothing in Paragraph 16 shall apply to or affect the confidentiality designations on Discovery Material entered as exhibits at depositions.

19.    <u>Witness Review of Deposition Testimony</u>:  Nothing in Paragraphs 16 or 17 hereof shall preclude the witness from reviewing his or her deposition transcript and accompanying exhibits at any time.

20.    <u>Presence of Persons During Deposition Testimony, Interview, or Meeting</u>: When Designated Material is shown during a deposition, interview, or meeting, testimony about

Designated Material is elicited during a deposition, interview, or meeting, or testimony that a Party believes should be treated as Designated Material is elicited during a deposition, interview, or meeting, or when counsel for any Party reasonably believes that any answer to a question will result in the release of Designated Material, persons not entitled to receive such information under the terms of this Order shall, upon request of the counsel using the Designated Material in the deposition or the Producing Party, be excluded from the portion of the deposition, interview, or meeting so designated, and must leave the room, call, or videoconference.  If counsel to a Party other than the Producing Party intends to show Designated Material or elicit testimony about Designated Material during a deposition, interview, or meeting, counsel conducting the questioning shall take reasonable steps to protect the confidentiality of the Designated Material (including ensuring the exclusion of any person not entitled to see the Designated Material under the terms of this Order).  After such exclusion from the portion of any deposition, interview, or meeting containing Designated Material, if such persons wish to receive written or other recordings of the deposition testimony, interview, or meeting containing Designated Material, such persons must become a Party to this Order and be eligible to receive such Designated Material under this Order.

21.    <u>Responsibilities and Obligations of Court Reporters</u>:  In the event that testimony is designated as Confidential Material, Attorneys' Eyes Only Material, or Outside Counsel Only Material, either during or after the deposition in accordance with this Order, the court reporter, who shall first have agreed to abide by the terms of this paragraph, shall be instructed to include on the cover page of each such transcript the legend, "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith," and each page of the transcript shall include the legend "Confidential," "Attorneys' Eyes Only,"

or "Outside Counsel Only," as appropriate. If the deposition is videotaped or otherwise recorded, the recording shall also be subject to the same level of confidentiality as the transcript and include the legend "Confidential," "Attorneys' Eyes Only," or "Outside Counsel Only" as appropriate, if any portion of the transcript itself is so designated.

**General Provisions**

22.     Unless otherwise agreed by the Parties or ordered by the Court, all deadlines and time periods herein shall be computed pursuant to Bankruptcy Rule 9006.

23.     This Order is a procedural device intended to protect Discovery Materials designated as Designated Material. Nothing in this Order shall affect any Party's or non-Party's rights or obligations unrelated to the confidentiality of Discovery Materials.

24.     For the purposes of this Order, "writing" shall include electronic mail.

25.     Except where this Order imposes deadlines for making designations of Discovery Material or making objections, nothing contained herein shall be deemed a waiver or relinquishment by any Party or non-Party of any objection, including, but not limited to, any objection concerning the alleged confidentiality or proprietary nature of any documents, information, or data requested by a Party or non-Party; any right to object to any discovery request; any right to object to the admissibility of evidence on any ground; any right to seek any further protective order; or any right to seek relief from the Court or any other applicable court from any provision of this Order by application on notice on any grounds.

26.     <u>Unauthorized Disclosure of Designated Material</u>: In the event of a disclosure by a Receiving Party of Designated Material to persons or entities not authorized by this Order to receive such Designated Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure: immediately notify the person or entity to whom

the disclosure was made that the disclosure contains Designated Material subject to this Order; promptly make reasonable efforts to recover the disclosed Designated Material as well as preclude further review, dissemination, or use by the person or entity to whom the disclosure was made; and promptly notify the Producing Party of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Designated Material and ensure against further review, dissemination, or use thereof. Disclosure of Designated Material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

27.     <u>Manner of Objecting to Designated Material</u>: If any Receiving Party objects to the designation of any Designated Material (whether such designation is made on a permanent basis or temporary basis with respect to deposition testimony), the Receiving Party shall first raise the objection with the Producing Party in writing and confer in good faith to attempt to resolve any dispute respecting the terms or operation of this Order.  If, within five (5) business days after receipt of an objection in writing, the Producing Party does not agree to change the designation of the Designated Material, then either the Producing Party or Receiving Party may seek relief from or otherwise raise the objection with the Court.  Until the Court rules on such an issue, the Designated Material shall continue to be treated as designated by the Producing Party.  The burden to establish the confidentiality of the Designated Material shall be on the Producing Party, and the Court may order the removal of the "Confidential," "Attorneys' Eyes Only," or "Outside Counsel Only" designation from any Discovery Material so designated subject to the provisions of this Order.

28.     <u>Timing of Objections to Designated Material</u>: A Receiving Party shall not be obliged to challenge the propriety of a "Confidential," "Attorneys' Eyes Only," or "Outside

Counsel Only" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  The failure of any Receiving Party to challenge the designation by a Producing Party of Discovery Materials as "Confidential," "Attorneys' Eyes Only," or "Outside Counsel Only" during the discovery period shall not be a waiver of that Receiving Party's right to object to such designation at an evidentiary hearing or at trial.

29.     <u>Inadvertent Production of Privileged Discovery Material</u>:  Pursuant to Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B), made applicable to these Chapter 11 Cases by Bankruptcy Rules 7026 and/or 9014, the inadvertent disclosure of documents or information containing privileged information or information constituting attorney work product or otherwise protected from disclosure shall not constitute a waiver of the privilege or protection in these Cases or any state or federal proceeding.  This Order shall be interpreted to provide the maximum protection allowed under Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B).  Nothing herein is intended to or shall serve to limit a Party's right to conduct a review of documents, electronically stored information, or other information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.  Upon receiving notice of a claim of privilege from the Producing Party, the Receiving Party must, within three (3) business days of receiving such notification, return, sequester, or destroy and confirm destruction of the specified material or information, including all copies, notes, and/or summaries thereof, in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).  The Receiving Party shall refrain from any further examination of the produced material and shall not use the contents of such material for any purpose, including in connection with any effort seeking to compel production of the produced material.  The Receiving Party must take reasonable steps to retrieve the produced material if the

Receiving Party disclosed it before being notified.  Such return, sequestration, or destruction and confirmation of destruction shall not preclude the Receiving Party from seeking to compel production of the produced material for reasons other than its production or any information about the contents of the material that was gained due to its production.  Moreover, this Order shall not prevent any Party from challenging the designation of such material as privileged or protected and moving to compel production of allegedly privileged or protected documents.  If the Receiving Party becomes aware during the review of any material that such material is likely to be privileged or subject to other protection, the Receiving Party shall notify the Producing Party and sequester the material until the Producing Party has had a reasonable opportunity to respond.

30.    <u>Challenging Privilege Determinations</u>:  The Receiving Party shall not be obliged to challenge the propriety of privilege determinations at the time asserted, and a failure to do so shall not preclude a subsequent challenge thereto.  If the Receiving Party wishes to challenge one or more of the privilege designations made by the Producing Party, the Parties shall first meet and confer in a good-faith effort to resolve any dispute concerning any challenged privilege designations.  If the Parties are unable to agree on the appropriateness of one or more privilege designations, then either Party may present or otherwise raise such dispute to the Court.  The Parties must preserve the information until the dispute is resolved.  Neither Party shall contend that the meet-and-confer process set forth in this paragraph constitutes a waiver of attorney-client privilege or attorney work product for any document claimed to be protected from disclosure.

31.    <u>Use of Non-Discovery Material</u>:  To the extent that any Receiving Party has documents or information that would otherwise constitute Discovery Material that (i) were already in its possession at the time the same document or information is received from a Producing Party and are not subject to any other confidentiality agreement, non-disclosure agreement, or other

27

confidentiality obligation; (ii) are received or become available to a Party on a non-confidential basis not in violation of an obligation of confidentiality to any other person; (iii) were independently developed by or in the possession of such Party without violating its obligations hereunder; or (iv) are published or become publicly available in a manner that is not in violation of this Order or of any obligation of confidentiality to any other person, including a Party (collectively "Non-Discovery Material"), nothing in this Order shall limit a Receiving Party's ability to use Non-Discovery Material for any purpose, including in a deposition, hearing, trial, or otherwise in connection with any Dispute or these Chapter 11 Cases.  Further, to the extent a Producing Party is aware that any Discovery Material would otherwise constitute Non-Discovery Material, the Producing Party shall reasonably endeavor not to designate such information as Designated Material.

32.    Obligations Following Conclusion of the Disputes:  Within 90 days of the final resolution of the Chapter 11 Cases and Disputes, whether by closing, dismissal, or otherwise, including all appeals as to all Parties, unless otherwise agreed to by the Parties or ordered by a court, all Parties and non-Parties shall, upon the request of the Producing Party, take all commercially reasonable steps to return to counsel for the respective Producing Party, or to destroy, all Discovery Material, and all copies thereof in the possession of any person, except that: counsel may retain for its records their work product and a copy of court filings, transcripts, deposition/examination recordings, deposition/examination exhibits, expert reports, and exhibits introduced at any hearing.  A Receiving Party may retain Discovery Material that is auto-archived or otherwise "backed up" on electronic management and communications systems or servers, or as may be required for regulatory recordkeeping purposes; *provided* that such retained documents will continue to be treated as provided in this Order.  If a Receiving Party chooses to take all

commercially reasonable steps to destroy, rather than return, documents in accordance with this paragraph, that Receiving Party shall, if requested by the Producing Party, verify such destruction in writing to counsel for the Producing Party.  Notwithstanding anything in this paragraph, to the extent that the information in the Discovery Material remains confidential, the terms of this Order shall remain binding.

33.     Continuing Applicability of Confidentiality Agreement and Stipulated Protective Order:  The provisions of this Order shall survive the final termination of the Disputes and the Debtors' emergence from bankruptcy for any retained Discovery Material.  The final termination of the Disputes and the Debtors' emergence from bankruptcy shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Discovery Material pursuant to this Order, and the Court shall retain jurisdiction to enforce the terms of this Order.

34.     Amendment of Confidentiality Agreement and Stipulated Protective Order: Upon good cause shown, and on notice to all Parties, any Party may move to amend the provisions of this Order at any time or the Parties may agree by written stipulation, subject to further order of the Court if applicable, to amend the provisions of this Order.

35.     Disclosure of Discovery Material in Other Proceedings:  Any Receiving Party that may be subject to a motion or other form of legal process or any regulatory process, demand, or request seeking the disclosure of a Producing Party's Discovery Material:  (i) shall notify the Producing Party within seven (7) business days of receipt of such process or demand (unless such notice is prohibited by applicable law, rule, or regulation) and provide that Producing Party an opportunity to appear and be heard on whether that information should be disclosed; and (ii) in the absence of a court order preventing such disclosure, the Receiving Party shall be

permitted to disclose only that portion of the information that is legally required to be disclosed and shall inform in writing any person to whom such information is so disclosed of the confidential nature of such information.  This provision does not limit the Receiving Party's rights to challenge, at any time, any designation of Designated Material as properly constituting Confidential Material, Attorneys' Eyes Only Material, or Outside Counsel Only Material.

36.     <u>Use of Discovery Material by Producing Party</u>:  Nothing in this Order affects the right of any Producing Party to use or disclose its own Discovery Material in any way. Such disclosure, other than publicly filing its own Discovery Material, will not waive the protections of this Order and, subject to Paragraph 30, will not otherwise entitle other Parties, non-Parties, or their attorneys to use or disclose such Discovery Material in violation of this Order.

37.     <u>Debtors' Privileged Materials Produced to Debtors and Debtors' Materials Subject to Turnover Motions</u>: For the avoidance of doubt, privileged materials in the possession of Sinclair Broadcast Group, Inc., that are produced to the Debtors, as to which the Debtors have a claim of privilege, need not be produced to other parties to the order absent the Debtors' consent. Nothing in this Order shall apply to any turnover motions filed by Debtors pursuant to 11 U.S.C. §§ 542, 543.  The non-Debtor signatories to this Order reserve the right to challenge any claim of privilege asserted by the Debtors.

38.     <u>Obligations of Parties</u>:  Nothing herein shall relieve a Party of its obligations under the Federal Rules, the Bankruptcy Rules, the Federal Rules of Evidence, the Local Rules, or under any future stipulations and orders regarding the production of documents or the making of timely responses to Discovery Requests in connection with any Dispute or these Chapter 11 Cases.

39.     <u>Advice of Counsel</u>:  Nothing herein shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with the Disputes and Chapter 11

30

Cases and, in the course thereof, relying on examination of Discovery Material; *provided*, *however*, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein.

40.     Material Non-Public Information:  Any Receiving Party acknowledges that, by receiving Designated Material, it may be receiving material non-public information about companies that issue securities and that the determination as to whether it has received material non-public information shall be the sole responsibility of such receiving entity.  For the avoidance of doubt, the Producing Party is under no obligation to designate or mark, or cause to be designated or marked, any Designated Material that may be determined to constitute material non-public information.

41.     Prior Agreements:  The Parties agree that the provisions and requirements set forth in this Order supersede all prior agreements with respect to Discovery Material.

42.     Enforcement:  The provisions of this Order constitute an Order of this Court, and violations of the provisions of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Court.

43.     Notice:  When notice is permitted or required by the provisions hereof, such notice shall be in writing, directed to the undersigned counsel of the Party to receive such notice, at the corresponding addresses or email addresses indicated below, or to counsel for any non-Party receiving such notice.  Notice shall be delivered by first-class mail, Federal Express (or an equivalent delivery service), hand delivery, or email, and shall be effective upon receipt.

**THE FOREGOING STIPULATION IS SO ORDERED:**

Dated: _____          _____
                                          CHRISTOPHER M. LOPEZ
                                          UNITED STATES BANKRUPTCY JUDGE

**IT IS SO STIPULATED:**

Dated:  May 30, 2023

/s/ Gregory F. Laufer

**PORTER HEDGES LLP**
John F. Higgins, IV (TX Bar No. 09597500)
M. Shane Johnson (TX Bar No. 24083263)
Megan Young-John (TX Bar No. 24088700)
Bryan L. Rochelle (TX Bar No. 24107979)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
Email: jhiggins@porterhedges.com
Email: sjohnson@porterhedges.com
Email: myoung-john@porterhedges.com
Email: brochelle@porterhedges.com

- and -

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Brian S. Hermann (admitted *pro hac vice*)
Andrew M. Parlen (admitted *pro hac vice*)
Randy Luskey (admitted *pro hac vice*)
William A. Clareman (admitted *pro hac vice*)
Gregory F. Laufer (admitted *pro hac vice*)
Joseph M. Graham (admitted *pro hac vice*)
Alice Nofzinger (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: bhermann@paulweiss.com
Email: aparlen@paulweiss.com
Email: rluskey@paulweiss.com
Email: wclareman@paulweiss.com
Email: glaufer@paulweiss.com
Email: jgraham@paulweiss.com
Email: anofzinger@paulweiss.com

- and -

/s/ Marty L. Brimmage, Jr.

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Marty L. Brimmage, Jr. (TX Bar No. 00793386)
2300 N. Field Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
Email: mbrimmage@akingump.com

- and -

Ira S. Dizengoff (admitted *pro hac vice*)
Abid Qureshi (admitted *pro hac vice*)
Naomi Moss (admitted *pro hac vice*)
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email: idizengoff@akingump.com
Email: aqureshi@akingump.com
Email: nmoss@akingump.com

- and -

Scott L. Alberino (admitted *pro hac vice*)
2001 K Street N.W.
Washington, DC 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
Email: salberino@akingump.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

**WILMER CUTLER PICKERING HALE AND DORR LLP**
Andrew N. Goldman (admitted *pro hac vice*)
Benjamin W. Loveland (admitted *pro hac vice*)
Lauren R. Lifland (admitted *pro hac vice*)
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
Email: andrew.goldman@wilmerhale.com
Email: benjamin.loveland@wilmerhale.com
Email: lauren.lifland@wilmerhale.com

*Counsel for the Debtors and Debtors in Possession*


/s/ James L. Bromley
**SULLIVAN & CROMWELL LLP**
James L. Bromley (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: bromleyj@sullcrom.com
        kranzleya@sullcrom.com

*Counsel for:*

*Office of the Commissioner of Baseball*
*AZPB Limited Partnership*
*Cleveland Guardians Baseball Company, LLC*
*Milwaukee Brewers Baseball Club, Limited Partnership*
*Minnesota Twins, LLC*
*Rangers Baseball LLC*


/s/ Timothy A. Davidson II
**HUNTON ANDREWS KURTH LLP**
Timothy A. ("Tad") Davidson II (TX Bar No. 24012503)
Ashley L. Harper (TX Bar No. 24065272)
Brandon Bell (TX Bar No. 24127019)
600 Travis Street, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4200
Facsimile: (713) 220-4285
E-mail: taddavidson@HuntonAK.com
        ashleyharper@HuntonAK.com
        bbell@HuntonAK.com

*- and -*

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
Daniel M. Eggermann*
Alexander Woolverton*
Jennifer R. Sharret*
Nancy M. Bello*
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile:  (212) 715-8000
E-mail:  deggermann@kramerlevin.com
         awoolverton@kramerlevin.com
         jsharret@kramerlevin.com
         nbello@kramerlevin.com

*Admitted Pro Hac Vice

*Co-Counsel for Ad Hoc First Lien Group*

*/s/ C. Lee Wilson*

**MUNSCH HARDT KOPF & HARR, P.C.**
John D. Cornwell, Esq. (TX Bar No. 24050450)
Brenda L. Funk, Esq. (TX Bar No. 24012664)
700 Milam St, Ste 800
Houston, TX 77002
Telephone: (214) 855 7500
Facsimile: (214) 978 4375
Email: jcornwell@munsch.com
         bfunk@munsch.com


*- and -*


**GIBSON, DUNN & CRUTCHER LLP**
Scott J. Greenberg (admitted *pro hac vice*)
Jason Zachary Goldstein (admitted *pro hac vice*)
Matthew J. Williams (admitted *pro hac vice*)
C. Lee Wilson (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
Email: sgreenberg@gibsondunn.com
         jgoldstein@gibsondunn.com
         mjwilliams@gibsondunn.com
         clwilson@gibsondunn.com


*Attorneys for the Ad Hoc Secured Group*

*/s/ Sayan Bhattacharyya*

**PAUL HASTINGS LLP**
James T. Grogan III (TX Bar No. 24027354)
Schlea M. Thomas (TX Bar No. 24131710)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone:  (713) 860-7300
Facsimile:  (713) 353-3100


*- and -*

Jayme T. Goldstein (admitted *pro hac vice*)
Sayan Bhattacharyya (admitted *pro hac vice*)
Matthew Garofalo (admitted *pro hac vice*)
Caroline Diaz (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090
Email: jaymegoldstein@paulhastings.com
         sayanbhattacharyya@paulhastings.com
         mattgarofalo@paulhastings.com
         carolinediaz@paulhastings.com

*Counsel to the Ad Hoc Crossholder Group*

**Exhibit A**

1.     My name is _____.

2.     My address is _____.

3.     My present employer is _____.

4.     My present occupation or job description is _____.

5.     I have been engaged as _____ on behalf of _____ in the preparation and conduct of *In re Diamond Sports Group LLC,* et al., Case No. 23-90116 (CML) in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

6.     I acknowledge that I have read and understand the terms of the Stipulated Protective Order [Docket No. [●]] (the "Order").[1]  I agree to comply with and be bound by all the provisions of the Order.  I agree that I will not use Discovery Material for any purpose other than the Disputes and the Chapter 11 Cases, and will not disclose or cause Discovery Material to be disclosed to anyone not expressly permitted by the Order to receive Discovery Material.  I understand that I am to retain in confidence from all individuals not expressly permitted to receive Designated Material, whether at home or at work or elsewhere, all copies of any Designated Material, and that I will carefully maintain such materials in a manner consistent with the Order.  I acknowledge that the return or destruction of Designated Material shall not relieve me from any other continuing obligations imposed upon me by the Order.

7.     By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the Court for the purpose of any issue or dispute arising

---

[1]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Order.

hereunder and that my willful violation of any term of the Order could subject me to punishment for contempt of Court.

By: _____    Executed on: _____, 2023.