# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| DIAMOND SPORTS GROUP, LLC, *et al.*,[1] | ) Case No. 23-90116 (CML) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) (Emergency Relief Requested) |

## DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE REJECTION OF THE DIAMONDBACKS AGREEMENT EFFECTIVE AS OF JUNE 30, 2023 AND (II) GRANTING RELATED RELIEF

> **Emergency relief has been requested. Relief is requested not later than 3:30 p.m. (prevailing Central Time) on June 29, 2023.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on June 29, 2023, at 3:30 p.m. (prevailing Central Time) in Courtroom 401, 4th floor, 515 Rusk Street, Houston, Texas 77002. Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's home page. The meeting code is "JudgeLopez." Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Lopez's home page. Select the case name, complete the required fields, and click "Submit" to complete your appearance.**

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/DSG. The Debtors' service address for purposes of these chapter 11 cases is: c/o Diamond Sports Group, LLC, 3003 Exposition Blvd., Santa Monica, CA 90404.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") by and through their undersigned counsel, respectfully state as follows in support of this motion (the "Motion"):

### Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto, (a) authorizing the Debtors' rejection of the Diamondbacks Agreement (as defined below), effective as of June 30, 2023, and (b) granting related relief.

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012 (the "Amended Standing Order"). The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are section 365 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rules 6004 and 6006, and Rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules").

**Background**

5.  On March 14 and 15, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On March 15, 2023, the Court entered an order authorizing the joint administration and procedural consolidation of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On March 27, 2023, the Office of the United States Trustee for the Southern District of Texas appointed an official committee of unsecured creditors. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

6.  The Debtors own and/or operate the Bally Sports Regional Sports Networks (the "RSNs"), making them the nation's leading provider of local sports programming. As of the Petition Date, the Debtors' 19 Bally Sports RSNs served as the home for 42 Major League Baseball ("MLB"), National Basketball Association, and National Hockey League teams, including 14 MLB teams.

**Diamondbacks Agreement**

7.  Debtor Diamond Sports Net Arizona, LLC ("Diamond Arizona") is party to an Amended and Restated Telecast Rights Agreement, dated as of January 9, 2015, with AZPB Limited Partnership d/b/a Arizona Diamondbacks (the "Diamondbacks"), an MLB team (such agreement, as amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "Diamondbacks Agreement"). Pursuant to the Diamondbacks Agreement, Diamond Arizona has the exclusive right to telecast all local Diamondbacks games (that are not

selected for exclusive national telecast) within a specified territory in exchange for annual payments to the Diamondbacks.

8. The current term of the Diamondbacks Agreement extends through December 31, 2035. The rights fee payments under the Diamondbacks Agreement total tens of millions of dollars annually and increase yearly. Unfortunately, the Debtors lose significant sums on the Diamondbacks Agreement. Absent timely rejection, the next such payment would be due to the Diamondbacks on July 1, 2023.

9. On April 6, 2023, the Diamondbacks filed a motion to compel the Debtors to make payment in the full contractual amounts specified in the Diamondbacks Agreement and/or to compel assumption or rejection of that agreement [ECF No. 303] (the "<u>Diamondbacks Motion to Compel</u>").

10. The Court held an evidentiary hearing on May 31 and June 1, 2023 regarding the Diamondbacks Motion to Compel and similar motions filed by MLB and other MLB teams (the "<u>Motion to Compel Hearing</u>"). Following the Motion to Compel Hearing, on June 2, 2023, the Court entered the *Order Granting Motions Re: Telecast Rights Agreements* [ECF No. 819] (the "<u>June 2 Order</u>").

11. The June 2 Order requires the Debtors to "pay the Clubs any future amounts due under the Telecast Rights Agreements in accordance with the terms of such Agreements." June 2 Order ¶ 2.

12. As the Debtors' representatives testified at the Motion to Compel Hearing, the Debtors have been conducting an ongoing analysis of their rights agreement portfolio to identify those rights agreements that are burdensome and/or otherwise unnecessary for the Debtors' go-forward business operations.

13. As a result of this ongoing analysis and other developments, the Debtors have determined, in their business judgment, that the Diamondbacks Agreement is unnecessary and burdensome to the Debtors' estates and should be rejected. The Debtors lose significant amounts under the Diamondbacks Agreement, and thus have determined that the Diamondbacks Agreement no longer fits within the Debtors' longer-term plans.

### Basis For Relief

14. Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). "This provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citing *In re Murexco Petroleum, Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)); *see also In re Orion Pictures Corp.*, 4 F.3d 1095, 1098 (2d Cir. 1993) (noting that the purpose of rejection of executory contracts is to permit the debtor in possession to renounce title to and abandon burdensome property).

15. A debtor's decision to reject an executory contract or unexpired lease is ordinarily governed by the "business judgment" standard. *See Richmond Leasing Co. v. Capital Bankr, N.A.*, 762 F.2d 1303 1309 (5th Cir. 1985) ("It is well established that the 'question whether a lease should be rejected . . . is one of business judgment." (quoting *Grp. of Institutional Inv'rs v. Chicago, M., St. P & P. R. Co.*, 318 U.S. 523, 550 (1943))); *see also In re Texas Sheet Metals, Inc.*, 90 B.R. 260, 264 (Bankr. S.D. Tex. 1988) ("The traditional business judgment standard governs the rejection of ordinary executory contracts.").

16. Rejection of an executory contract is appropriate where such rejection would benefit the estate. *See In re Pisces Energy*, LLC, No. 09-36591-H5-11, 2009 WL 7227880, at *6

(Bankr. S.D. Tex. Dec. 21, 2009) ("Courts apply the 'business judgment test,' which requires a showing that the proposed course of action will be advantageous to the estate and the decision be based on sound business judgment."); *see also In re Orion Pictures Corp.*, 4 F.3d at 1098–99 (stating that section 365 of the Bankruptcy Code permits a debtor in possession, subject to court approval, to decide which executory contracts would be beneficial to reject).  The business judgment standard requires a court to approve a debtor's business decision unless that decision is the product of "bad faith, or whim or caprice." *See Pisces Energy*, 2009 WL 7227880, at *6 ("In the absence of a showing of bad faith . . . the debtor's business judgment will not be altered.").

17. Rejection of the Diamondbacks Agreement is well within the Debtors' business judgment and is in the best interest of their estates.  As the Debtors' representatives testified at the Motion to Compel Hearing, the Debtors have determined that Diamondbacks Agreements is currently significantly unprofitable and is projected to be increasingly unprofitable in subsequent years.  The current costs associated with performing under the Diamondbacks Agreement outweigh the revenues the Debtors are able to obtain through broadcasting Diamondbacks games pursuant to the Diamondbacks Agreement.  As such, the Debtors have concluded that the Diamondbacks Agreement does not fit within the Debtors' long-term strategic plan and therefore is not necessary to the Debtors' business.  Accordingly, the Debtors have made the reasonable determination that the Diamondbacks Agreement currently does not, and is unlikely in the future to, provide a net benefit to the Debtors or their estates.

18. As noted above, the Diamondbacks Agreement requires the Debtors to pay tens of millions of dollars in rights fees annually, increasing year-over-year, through the conclusion of the agreement's term in 2035.  Absent rejection, the Diamondbacks Agreement would impose ongoing obligations on the Debtors and their estates that would unnecessarily drain the Debtors'

resources compared to the benefits associated therewith. Indeed, there is a substantial upcoming rights fee payment due to the Diamondbacks on July 1, 2023. Thus, the Debtors have determined in their business judgment that such costs are an unnecessary and unproductive use of estate assets and immediate rejection of the Diamondbacks Agreement will provide significant savings to the Debtors' estates moving forward.

**Emergency Consideration**

19. Consistent with the Court's statements at the Motion to Compel Hearing, the Debtors request emergency consideration of the request set forth herein on or before June 30, 2023, pursuant to Bankruptcy Rule 9013 and Local Rule 9013-1. June 1, 2023 Hr'g Tr. [ECF 861] at 384:18-24. The Debtors have an upcoming payment due to the Diamondbacks on July 1, 2023 that would cover the remainder of the MLB season. Absent rejection, the June 2 Order would require the Debtors to make payment in full, which puts the Debtors at risk of paying for content that the Debtors would not be using and therefore that would not qualify for administrative expense treatment. Rejecting the Diamondbacks Agreement effective as of June 30, 2023 ensures that the Debtors will avoid incurring unnecessary time and expense seeking to recover the portion of that payment that would be allocable to games not broadcast after the payment is made.

20. The Diamondbacks will not be prejudiced by the relief requested. The Diamondbacks have been aware for months of the potential rejection of the Diamondbacks Agreement, and indeed they sought in early April to compel the Debtors to make the decision to assume or reject the agreement immediately. Diamondbacks Motion to Compel ¶¶ 55-56. The time period between the filing of this Motion and the effective date of rejection (June 30, 2023) gives the parties sufficient time to facilitate an appropriate transition to avoid disruption to fans.

**Reservation of Rights**

21.     Nothing contained herein or any actions taken pursuant to such relief requested is intended to be or should be construed as: (a) an implication or admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) other than with respect to the Diamondbacks Agreement, a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law, including the Debtors' right to seek disgorgement or repayment, pursuant to section 502(j) of the Bankruptcy Code or otherwise, of any amounts paid to the Diamondbacks; (h) a waiver of the obligation of any party in interest to file a proof of claim by the bar date; or (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in

interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

## Notice

22.     The Debtors will provide notice of this Motion to (a) the parties on the Master Service List available on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/DSG, (b) the Diamondbacks, and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the proposed order, substantially in the form attached hereto, granting the relief requested herein and granting such other relief as the Court deems appropriate under the circumstances.

June 22, 2023

Respectfully submitted,

By: /s/ *John F. Higgins*

**PORTER HEDGES LLP**
John F. Higgins (TX Bar No. 09597500)
M. Shane Johnson (TX Bar No. 24083263)
Megan Young-John (TX Bar No. 24088700)
Bryan L. Rochelle (TX Bar No. 24107979)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile:  (713) 226-6248
jhiggins@porterhedges.com
sjohnson@porterhedges.com
myoung-john@porterhedges.com
brochelle@porterhedges.com

- and -

**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
Andrew Goldman (admitted *pro hac vice*)
Benjamin Loveland (admitted *pro hac vice*)
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
andrew.goldman@wilmerhale.com
ross.firsenbaum@wilmerhale.com
benjamin.loveland@wilmerhale.com

## Certificate of Service

      I certify that on June 22, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                              */s/ John F. Higgins*
                                              John F. Higgins