IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| DIAMOND SPORTS GROUP, LLC, *et. al*,[1] | ) ) ) | Case No. 23-90116 (CML) |
| Debtors. | ) ) ) | (Jointly Administered) |

## **DECLARATION OF DISINTERESTEDNESS**

I, Carissa C. Coze, declare under penalty of perjury:

1. I am a partner with the law firm of Jenner & Block LLP ("Jenner"). Jenner has offices in Chicago, Los Angeles, New York, Washington D.C., San Francisco and London. I work out of the Los Angeles office, located at 515 S. Flower Street, Suite 3300, Los Angeles, CA, 90071-2246.

2. Diamond Sports Group, LLC and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), have requested that Jenner provide advice and counseling regarding transactions and with respect to its joint venture agreements with various Major League Baseball teams.

3. Jenner has performed services in the past, currently performs services, and may perform services in the future for persons that are parties in interest in the Debtors' chapter 11 cases and listed on the parties in interest list supplied by the Debtors in matters unrelated to these chapter 11 cases. Jenner does not perform services for any such persons in connection with these chapter 11 cases or have any relationship with any such persons, their attorneys, or accountants

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/DSG. The Debtors' service address for purposes of these chapter 11 cases is: c/o Diamond Sports Group, LLC, 3003 Exposition Blvd., Santa Monica, CA 90404.

that would be adverse to the Debtors or their estates with respect to the matters on which Jenner is proposed to be employed. Jenner also provides services to a non-debtor affiliate, RSNCO LLC.

4. As part of its customary practice, Jenner is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

5. Neither I nor any principal, partner, director, officer of, or professional employed by, Jenner has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of Jenner.

6. Insofar as I have been able to ascertain, neither I nor any principal, partner, director, or officer of, or professional employed by, Jenner holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which Jenner is to be employed.

7. I further understand that this declaration will not suffice as Jenner's proof of claim.

8. As of the Petition Date, Jenner was party to an agreement for indemnification with certain of the Debtors. A copy of such agreement is attached as <u>Exhibit 1</u> to this declaration.

9. Such agreement for indemnification (the "<u>OCP Agreement</u>") is subject to the following modifications, applicable during the pendency of the Debtors' chapter 11 cases:

    (a) Jenner shall not be entitled to indemnification, contribution, or reimbursement pursuant to the OCP Agreement for services other than the services provided under the OCP Agreement,

2

unless such services and the indemnification, contribution, or reimbursement are approved by the Court.

(b) Notwithstanding anything to the contrary in the OCP Agreement, the Debtors shall have no obligation to indemnify Jenner, or provide contribution or reimbursement to Jenner, for any claim or expense that is: (i) judicially determined (the determination having become final) to have arisen from Jenner's gross negligence, willful misconduct, fraud, self-dealing (if found to be applicable), bad faith, or breach of fiduciary duty (if any); (ii) for a contractual dispute in which the Debtors allege the breach of Jenner's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; (iii) of any type for which the Court determines that indemnification, contribution, or reimbursement would not be permissible; or (iv) settled prior to a judicial determination under (i) or (ii), but determined by the Court, after notice and a hearing, to be a claim or expense for which Jenner should not receive indemnity, contribution, or reimbursement under the terms of the OCP Agreement as modified by the Court.

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, Jenner believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the OCP Agreement (as modified by this Order), including the advancement of defense costs, Jenner must file an application in this Court, and the Debtors may not pay such amounts to Jenner before the entry of an order by the Court approving the payment. All parties in interest shall retain the right to object to any demand by Jenner for indemnification, contribution, or reimbursement. In the event that Jenner seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the OCP Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Jenner's own applications, both interim and final, but determined by the Court after notice and a hearing.

10. Jenner is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its

3

employment, if Jenner should discover any facts bearing on the matters described herein, Jenner will supplement the information contained in this declaration. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date:  June 26, 2023

*/s/ Carissa C. Coze*

**CARISSA C. COZE**