# UNITED STATES BANKRUPTCY COURT

_____Southern_____ District of __Texas_____

In re __Diamond Sports Group, LLC, et al.__          Case No. __23-90116__
                    Debtor
                                                     Chapter __11__

## SUBPOENA FOR RULE 2004 EXAMINATION

To: JPMorgan Chase Funding, Inc. by and through its counsel Alan Turner, Simpson, Thacher & Bartlett LLP, 425 Lexington Ave., New York, New York 10017

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Simpson, Thacher & Barlett LLP<br>425 Lexington Avenue<br>New York, NY 10017<br><br>See topics of testimony in attached Exhibit A. | June 30, 2023 at 9:30 a.m. ET |

The examination will be recorded by this method: __Stenographic__

☐

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __June 27, 2023__

CLERK OF COURT

                                              OR

_____          ___/s/ Heather K. Hatfield_____
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

Heather K. Hatfield, Porter Hedges LLP, 1000 Main Street, 36th Floor, Houston, Texas 77002, Telephone: 713-226-6710, hhatfield@porterhedges.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


   I declare under penalty of perjury that this information is true and correct.

Date: _____

                           _____
                                *Server's signature*

                           _____
                               *Printed name and title*

                           _____
                                *Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| DIAMOND SPORTS GROUP, LLC, *et al.*,[1] | ) ) ) | Case No. 23-90116 |
| Debtors. | ) ) ) | (Joint Administration Requested) |

**RULE 2004 AMENDED DEPOSITION NOTICE FOR
JPMORGAN CHASE FUNDING, INC.**

PLEASE TAKE NOTICE that, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2004-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules"), Diamond Sports Group, LLC and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), by and through the undersigned counsel, serves this Rule 2004 deposition notice on JPMorgan Chase Funding, Inc. ("JPMorgan").  The deposition will take place on **June 30, 2023** at **9:30 a.m. ET at Simpson Thacher & Barlett LLP's offices, 425 Lexington Avenue, New York, NY 10017**.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/DSG.  The Debtors' service address for purposes of these chapter 11 cases is:  c/o Diamond Sports Group, LLC, 3003 Exposition Blvd., Santa Monica, CA 90404.

13994694

2

Dated: June 27, 2023                                      Respectfully submitted,

By: */s/ Heather K. Hatfield*
**PORTER HEDGES LLP**
John F. Higgins (TX Bar No. 09597500)
Heather K. Hatfield (TX Bar No. 24050730)
M. Shane Johnson (TX Bar No. 24083263)
Megan Young-John (TX Bar No. 24088700)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile:  (713) 226-6248
jhiggins@porterhedges.com
hhatfield@porterhedges.com
sjohnson@porterhedges.com
myoung-john@porterhedges.com

*Counsel to the Debtors*

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on June 27, 2023, I caused a true and correct copy of the foregoing to be served via email on counsel for JPMorgan Chase Funding, Inc.

      */s/ Heather K. Hatfield*
      Heather K. Hatfield

13994694

**EXHIBIT A**

**DEFINITIONS**

The following definitions (the "Definitions") apply to the deposition topics below. Unless otherwise defined herein, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

1. "**Affiliate**" or "**Affiliates**" has the meaning given to the term "Affiliate" under 11 U.S.C. § 101(2).

2. "**Bankruptcy Court**" refers to the United States Bankruptcy Court, Southern District of Texas.

3. "**Chapter 11 Cases**" means the jointly administered chapter 11 cases pending before the United States Bankruptcy Court, Southern District of Texas, captioned *In re Diamond Sports Group, LLC*, *et al.*, Case No. 23-90116.

4. "**Communication**" means the transmittal of information (in the form of facts, ideas, inquiries, emails, or otherwise).

5. "**Concerning**" means relating to (however remotely), referring to, describing, evidencing, or constituting.

6. "**Diamond Sports Topco**" means Diamond Sports Topco, LLC, its subsidiaries and Affiliates, and/or any of their past or present employees, attorneys, officers, directors, managers, members, advisors, agents, representatives, Professionals, and all other persons acting or claiming to act on their behalf.

7. "**DSG**" means Diamond Sports Group, LLC, its subsidiaries and Affiliates, and/or any of their past or present employees, attorneys, officers, directors, managers, members, advisors,

4

13994694

agents, representatives, Professionals, and all other persons acting or claiming to act on their behalf.

8. "**DSH**" means Diamond Sports Holdings, LLC, its subsidiaries and Affiliates, and/or any of their past or present employees, attorneys, officers, directors, managers, members, advisors, agents, representatives, Professionals, and all other persons acting or claiming to act on their behalf.

9. "**DSIHA**" means Diamond Sports Intermediate Holdings A, LLC, its subsidiaries and Affiliates, and/or any of their past or present employees, attorneys, officers, directors, managers, members, advisors, agents, representatives, Professionals, and all other persons acting or claiming to act on their behalf.

10. "**DSIH**" means Diamond Sports Intermediate Holdings, LLC, its subsidiaries and Affiliates, and/or any of their past or present employees, attorneys, officers, directors, managers, members, advisors, agents, representatives, Professionals, and all other persons acting or claiming to act on their behalf.

11. "**Debtors**" means DSG and its affiliated debtors and debtors-in-possession identified in the jointly administered Chapter 11 Cases, and their predecessors and predecessors-in-interest, including but not limited to the Debtors' Professionals in these Chapter 11 Cases.

12. "**Document**" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), including but not limited to all writings, drawings, graphs, charts, photographs, sound recordings, images, electronically stored information, and other data or data compilations. This includes documents stored in any medium from which information can be obtained either directly or, if

necessary, after translation by the responding party into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of this term.

13. "**JP Morgan**," "**JPM**," "**You**," and "**Your**" means JPMorgan Chase Funding, Inc., including any predecessors or successors, along with their subsidiaries and Affiliates, and/or any of their past or present employees, attorneys, officers, directors, managers, members, advisors, agents, representatives, Professionals, and all other persons acting or claiming to act on their behalf.

14. "**Person**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

15. "**Petition Date**" means March 14, 2023.

16. "**Preferred Shares**" means the preferred units issued by DSH to JPM in connection with the purchase of all the outstanding equity interest of Fox Sports Net, LLC.

17. "**Professional**" means any Person or entity engaged to provide, or involved in providing, professional services of any kind at any time, including, without limitation, any attorneys, consultants, advisors, and testifying or non-testifying experts.

18. "**Sinclair**" or "**SBG**" means Sinclair Broadcast Group, Inc., its subsidiaries and Affiliates, and/or any of their past or present employees, attorneys, officers, directors, managers, members, advisors, agents, representatives, Professionals, and all other persons acting or claiming to act on their behalf.

19. The plural includes the singular, and the singular includes the plural.

20. The use of the present tense includes the past tense, the use of the past tense shall include the present tense, and the use of any verb in any tense shall be construed as including the use of that verb in all other tenses.

21. Words and phrases not defined shall have their ordinary and plain meaning within the context of the Federal Rules of Civil Procedure and in accordance with the generally accepted meaning accorded such words and phrases in everyday use in the English language.

## TOPICS OF TESTIMONY

1. DSH's issuance of Preferred Shares to JPM, including all agreements related to the transaction, including but not limited to the Equity Commitment Letter.

2. August 23, 2019 Guaranty of Collection JPM received from Sinclair.

3. Any concerns JPM had regarding DSG's business prospects, financials, liquidity, or financials.

4. Any concerns JPM had regarding DSH's ability to repurchase JPM's Preferred Units or pay associated dividends.

5. December 13, 2019 redemption of JPM's Preferred Shares by DSH.

6. January 21, 2020 redemption of JPM's Preferred Shares by DSH.

7. August 18, 2020 redemption of JPM's Preferred Shares by DSH.

8. February 10, 2023 redemption of JPM's Preferred Shares by DSH.

9. Payments made by DSG to JPM pursuant to the Management Services Agreement ("MSA") or any other agreement.

10. All dividend payments to JPM related to the Preferred Shares, including the September 30, 2019, the December 31, 2019, the June 30, 2020, the September 30, 2020, the December 31, 2020 and the March 31, 2021 payments from DSG to JPM.

11. JPM's knowledge of any Diamond entity's finances, including, but not limited to, revenues, cash flows, assets, and liabilities.

12. Where JPMorgan Chase Funding, Inc. fits into the organizational structure of JPMorgan Chase & Co.

13. The flow of funds from DSG to JPM related to Topics 5-11 above, including but not limited to the entity from which JPM received such funds, the entity which received the funds in the JPM organizational structure, and/or any entity that was a transferee of such funds from that recipient JPM entity.

14. JP Morgan Chase Funding, Inc.'s purported status as a financial institution or financial participant.

15. JPM's request for and procurement of an indemnity from Sinclair with respect to the redemption of JPM's Preferred Shares or the payment of associated dividends.

16. JPM's relationship with Sinclair, including any fees JPM has or expects to collect on account of its relationship with Sinclair.

13994694