IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| DIAMOND SPORTS GROUP, LLC, *et al.*,[1] | ) ) ) | Case No. 23-90116 (CML) |
| Debtors. | ) ) ) ) ) | (Jointly Administered) |

**DEBTORS' REPLY IN SUPPORT OF THE DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE REJECTION OF THE DIAMONDBACKS AGREEMENT EFFECTIVE AS OF JUNE 30, 2023 AND (II) GRANTING RELATED RELIEF**
[Relates to Docket Nos. 921, 954, 955]

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Rejection of the Diamondbacks Agreement Effective as of June 30, 2023 and (II) Granting Related Relief* [Docket No. 921] (the "Motion"),[2] and in response to (1) the statement [Docket No. 954] (the "MLB Statement") filed by the Office of the Commissioner of Baseball d/b/a Major League Baseball ("MLB") and (2) the limited statement and reservation of rights [Docket No. 955] (the "DIRECTV Statement," and together with the MLB Statement, the "Statements") filed by DIRECTV, LLC and certain of its affiliates (collectively, "DIRECTV").

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/DSG.  The Debtors' service address for purposes of these chapter 11 cases is:  c/o Diamond Sports Group, LLC, 3003 Exposition Blvd., Santa Monica, CA 90404.

[2] Capitalized terms used but not otherwise defined in this reply shall have the meanings ascribed to them in the Motion.

**Preliminary Statement**

1. The Motion requests straightforward relief that is squarely within the Debtors' sound business judgment—rejection of the Debtors' Telecast Rights Agreement (the "Diamondbacks Agreement") with AZPB Limited Partnership d/b/a Arizona Diamondbacks (the "Diamondbacks"), effective as of July 17, 2023. No one (including the Diamondbacks, which is the only counterparty to the Diamondbacks Agreement), objects to the relief requested. Indeed, the Debtors and the Diamondbacks have substantially agreed on the form of a proposed order granting the Motion, which is being filed contemporaneously herewith.[3] The rejection of the Diamondbacks Agreement is the sole issue presently before the Court.

2. Both MLB and DIRECTV have raised an entirely separate issue that has nothing to do with rejection *per se*. That issue concerns the potential consequences of the Debtors' rejection of the Diamondbacks Agreement under distribution agreements between the Debtors and their distributors—independent agreements that are unrelated to the relief requested in the Motion, **and to which MLB is not even a party**. DIRECTV, the counterparty to a distribution agreement with the Debtors, seeks no affirmative relief; it has simply filed a reservation of rights. On the other hand, MLB now seeks (in a statement filed shortly before the hearing) to affirmatively condition rejection on a unilateral rewriting of the Debtors' distribution agreements, **relief which the distributors (here, DIRECTV) have themselves not requested.** MLB's request – especially because it is not a party to the agreements it asks the Court to rewrite – is simply out of bounds and should be ignored.

---

[3] As of the filing of this Reply, the Diamondbacks have not confirmed whether they will, or will not, be joining in the MLB Statement.

2

3. As such, and for the reasons described herein, the Debtors respectfully request that the Court enter the proposed form of order submitted contemporaneously herewith, rejecting the Diamondbacks Agreement, effective as of July 17, 2023.

## Reply

### I. Rejection of the Diamondbacks Agreement Is a Sound Exercise of the Debtors' Business Judgment

4. As stated in the Motion, the Diamondbacks Agreement is currently significantly unprofitable for the Debtors and is projected to be increasingly unprofitable in subsequent years. As such, the Debtors have concluded that the Diamondbacks Agreement does not fit within their long-term strategic plan and therefore is not necessary to the Debtors' business. Rejecting the Diamondbacks Agreement effective as of July 17, 2023 and ceasing to broadcast Diamondbacks games as of that date will avoid the need for the Debtors to make a substantial rights fee payment that would otherwise be due to the Diamondbacks and will therefore conserve estate resources. Accordingly, rejection of the Diamondbacks Agreement is a sound exercise of the Debtors' business judgment.

5. No party, including the Diamondbacks, which is the only non-debtor counterparty to the Diamondbacks Agreement, objects to the Debtors' rejection of the Diamondbacks Agreement. *See* MLB Statement ¶ 1; DIRECTV Statement ¶ 1.

6. Since the filing of the Motion, the Debtors have been working with the Diamondbacks to agree on a proposed form of order that addresses certain concerns raised by the Diamondbacks, including provisions to address various transition issues, like the timely removal of the Debtors' signage and personal property from the Diamondbacks' facilities. The Debtors and the Diamondbacks have substantially agreed on a proposed form of order, which is being filed contemporaneously herewith.

## II. The Issues Raised Concerning the Debtors' Distribution Agreements Are Irrelevant to the Relief Requested in the Motion

7. The only remaining issue is the one raised by MLB and DIRECTV concerning the consequences of the rejection under the Debtors' distribution agreements. Of course, DIRECTV (the counterparty to a distribution agreement whose terms and conditions are NOT before the Court today) has simply filed a "reservation of rights." **Remarkably, however, MLB wants the Debtors' rejection conditioned upon a rewriting of the distribution agreements (which MLB is not a party to and has no standing to intervene in)**. Importantly, no distributor (including DIRECTV) has requested any relief with respect to that issue, and in any event, that issue is irrelevant to the narrow relief requested in the Motion—the rejection of the Diamondbacks Agreement.

8. By way of background, the Debtors obtain content through telecast rights agreements, like the Diamondbacks Agreement, with professional sports teams and leagues. The Debtors distribute that content through distributors, like DIRECTV, in exchange for the payment of fees to the Debtors under agreements with those distributors. In certain circumstances, the payment mechanics under the distribution agreements may be such that the distributors are required to continue paying the Debtors for Diamondbacks content that they will not receive. In those circumstances, the distributors ultimately may be entitled to rebates from the Debtors pursuant to the terms of those distribution agreements at certain points in the future.

9. As the Court will recall, MLB has consistently lectured the Debtors in prior Court hearings about using the Bankruptcy Court to rewrite contracts.[4] Now, MLB seeks to do the same, **and with respect to contracts to which it is not even a party**. Specifically, MLB has requested that the distributors be excused from paying amounts contractually owed to the Debtors under their independent distribution agreements to the extent those amounts relate to Diamondbacks games that would have been delivered by the Debtors absent rejection of the Diamondbacks Agreement. MLB's overreach is both inappropriate and not germane to the rejection decision before this Court.

10. First, the Debtors' distribution agreements have nothing to do with the narrow relief requested in the Motion—the rejection of the Diamondbacks Agreement. While the rejection of the Diamondbacks Agreement may have collateral effects on the Debtors' relationships with their distributors, those relationships are governed by separate contracts between the Debtors and each distributor, which agreements are not the subject of the Motion. The terms of those agreements vary by distributor. It would be inappropriate, in the context of permitting the rejection of one agreement, to order wholesale modifications to entirely separate agreements with varying terms, especially when the counterparties to those agreements themselves (the distributors) have not asked for the same. And as noted, MLB's suggestion that the Court unilaterally modify the Debtors' contracts is particularly ironic in light of MLB's prior,

---

[4] *See* Apr. 13, 2023 Hr'g Tr. [Docket No. 386] at 22:23-23:3 ("[W]e don't agree with your legal premise that you have a right to ask Judge Lopez to reform these contracts, to institute a new amount that would be due. We don't believe you have the right to do that and we don't believe that Judge Lopez has the ability to do that."); May 31, 2023 Hr'g Tr. [Docket No. 860] at 54:3-17 ("[T]he debtors deposition says that the Court has the ability to go and look at contracts that are not profitable for the debtors and to reform those contracts. . . . That's not the way bankruptcy works."); *Joint Reply of Major League Baseball and Minnesota Twins, LLC to Objections to Motions to Compel and Related Joinders* [Docket No. 694] ¶ 1 ("The Bankruptcy Code, in this context, does not grant bankruptcy courts the authority to reform the payment terms of the Telecast Rights Agreements.").

forceful refrain, in the context of its Motion to Compel, that the Bankruptcy Code does not permit such relief.

11. Second, because MLB is not a party to those agreements, it clearly lacks standing to make the request. But even if MLB did have standing, such a request would have to be made by filing a motion with the Court; it cannot be made in a responsive "statement" filed just days before the hearing on the Motion.

12. Finally, it bears repeating that not even DIRECTV, which unlike MLB, is one of the Debtors' actual distributors and a counterparty to distribution agreements with the Debtors, requests the relief that MLB is seeking. Through the DIRECTV Statement, DIRECTV reserves the right to seek relief from the Court concerning the continued payment of distribution fees to the Debtors relating to Diamondbacks content through a separate motion to the extent the Debtors and DIRECTV are not able to consensually resolve the issue through negotiations.

[*Remainder of page intentionally left blank*]

Respectfully submitted this 17th day of July 2023.

                                                  Respectfully submitted,

By: */s/ John F. Higgins*
**PORTER HEDGES LLP**
John F. Higgins (TX Bar No. 09597500)
M. Shane Johnson (TX Bar No. 24083263)
Megan Young-John (TX Bar No. 24088700)
Bryan L. Rochelle (TX Bar No. 24107979)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile:  (713) 226-6248
jhiggins@porterhedges.com
sjohnson@porterhedges.com
myoung-john@porterhedges.com
brochelle@porterhedges.com

- and -

**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
Andrew Goldman (admitted *pro hac vice*)
Benjamin Loveland (admitted *pro hac vice*)
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
andrew.goldman@wilmerhale.com
benjamin.loveland@wilmerhale.com

**Certificate of Service**

      I certify that on July 17, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                   */s/ John F. Higgins*
                                                   John F. Higgins