United States Bankruptcy Court
Southern District of Texas
**ENTERED**
July 18, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| DIAMOND SPORTS GROUP, LLC, *et al.*,[1] | ) Case No. 23-90116 (CML) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |
|  | ) **Re Docket No**. 921 |

### ORDER (I) AUTHORIZING THE REJECTION OF THE DIAMONDBACKS AGREEMENT EFFECTIVE AS OF JULY 17, 2023 AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing the Debtors to reject the Diamondbacks Agreement and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Amended Standing Order; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/DSG. The Debtors' service address for purposes of these chapter 11 cases is: c/o Diamond Sports Group, LLC, 3003 Exposition Blvd., Santa Monica, CA 90404.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Diamondbacks Agreement is rejected pursuant to section 365 of the Bankruptcy Code, and the Debtors are authorized to cease performing under the Diamondbacks Agreement, including ceasing to broadcast games pursuant thereto, with both effectiveness of rejection and cessation of performance being effective as of July 17, 2023 at 12:01 a.m. MST.

2. Notwithstanding the above rejection and authorization to cease to perform, should the Debtors continue to broadcast any Diamondbacks games after the rejection date, the Debtors shall pay the Diamondbacks a per-game amount, the calculation of which shall be derived from the scheduled fee amounts as set forth in the Diamondbacks Agreement.

3. Notwithstanding the relief granted herein and any actions taken pursuant to such relief, the parties' confidentiality obligations pursuant to Section 13 of the Diamondbacks Agreement shall survive the rejection of the Diamondbacks Agreement in accordance with their terms.

4. The Debtors shall remove any personal property remaining at the Diamondbacks facilities on or before July 31, 2023. Any such personal property remaining at the Diamondbacks facilities on or after July 31, 2023, shall be deemed abandoned by the Debtors, and the Diamondbacks may dispose of such property free and clear of any parties' interest, if any. For the avoidance of doubt, the section 362 automatic stay is lifted as related to any such property and the Diamondbacks shall not be deemed to be in violation of such stay.

5.      The parties shall work in good faith to address transition items, including without limitation, signage at and access to the Diamondbacks facilities and the disposition of video archives. The Diamondbacks may immediately remove any signage or Debtor trademarks at the ballpark.

6.      Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) other than with respect to the Diamondbacks Agreement, a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's rights under the Bankruptcy Code or any other applicable law, including the Debtors' right to seek disgorgement or repayment, pursuant to section 502(j) of the Bankruptcy Code or otherwise, of any amounts paid to the Diamondbacks, and the Diamondbacks right to assert additional amounts are owed in connection with the Debtors broadcast of games under the Diamondbacks Agreement; (h) a waiver of the obligation of any party in interest to file a proof of claim by the bar date; or (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are

valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

7. Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any person to whom any obligations under the Diamondbacks Agreement are owed. Nothing herein shall prejudice the rights of the Debtors to argue (and the rights of the Diamondbacks to dispute) that any claim for damages arising from the rejection of the Diamondbacks Agreement is limited to the remedies available under any applicable termination provision of such contract. The Diamondbacks reserve all rights and remedies related to their claims and/or rejection damages arising from or related to the Diamondbacks Agreement.

8. Notice of the Motion as provided therein is hereby deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6006 and the Local Rules are satisfied by such notice.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: July 18, 2023

_____
Christopher Lopez
United States Bankruptcy Judge