United States Bankruptcy Court
Southern District of Texas

**ENTERED**

July 20, 2023

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DIAMOND SPORTS GROUP, LLC, *et al.*,[1] | ) | Case No. 23-90116 (CML) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. 931** |

### ORDER GRANTING DEBTORS' APPLICATION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF QUINN EMANUEL URQUHART & SULLIVAN, LLP AS SPECIAL LITIGATION COUNSEL TO THE DEBTORS AND (II) GRANTING RELATED RELIEF

Upon the application (the "Application")[2] of the Debtors for entry of an order pursuant to sections 327(e), 328(a), and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, Local Rules 2014-1 and 2016-1, and paragraph 47 of the Procedures for Complex Case Procedures (a) authorizing the retention and employment of Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") as special litigation counsel to the Debtors and (b) granting related relief, as more fully set forth in the Application; and upon consideration of the Newman Declaration and the Preschlack Declaration; and this Court being satisfied, based on the representations made in the Application and the Newman Declaration, that Quinn Emanuel is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required under section 327(e) of the Bankruptcy Code, and that Quinn Emanuel represents no interest adverse to the Debtors' estates with respect to the matters upon

---

[1]  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/DSG.  The Debtors' service address for purposes of these chapter 11 cases is:  c/o Diamond Sports Group, LLC, 3003 Exposition Blvd., Santa Monica, CA 90404.

[2]  Capitalized terms otherwise not defined herein shall have the definitions ascribed to them in the Application.

which it is engaged; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Application; and all objections, if any, to the Application having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and it appearing that the relief requested in the Application is necessary for the Debtors' reorganization and is in the best interest of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Debtors are authorized, but not directed, pursuant to sections 327(e), 328(a), 329, and 504 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, Local Rules 2014 and 2016, and paragraph 47 of the Complex Case Procedures to retain and employ Quinn Emanuel as of June 7, 2023, to render services as special litigation counsel in accordance with the terms and conditions set forth in the Application and the Engagement Letter in these chapter 11 cases in accordance with Quinn Emanuel's normal hourly rates and disbursement policies, all as contemplated by the Application, the Engagement Letter, the Newman Declaration, and the Preschlack Declaration, as modified by this Order.

2

2.      Quinn Emanuel shall be compensated in accordance with, and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court. For billing purposes, Quinn Emanuel will keep its time in one-tenth (1/10) hour increments.

3.      Quinn Emanuel shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

4.      Quinn Emanuel shall provide 10 days' notice to the Debtors, the U.S. Trustee, and the Committee of any increase in Quinn Emanuel's hourly rates as set forth in the Newman Declaration.  The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

5.      Notwithstanding anything to the contrary in the Application, Quinn Emanuel shall not be entitled to reimbursement for fees and expenses in connection with the defense of any objection to its fees.

6.      Quinn Emanuel shall not charge a markup to the Debtors with respect to fees billed by contractors who are hired by Quinn Emanuel to provide services to the Debtors and shall ensure that any such contractors are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

7.      Quinn Emanuel will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, Quinn Emanuel will use reasonable

efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

8.      To the extent the Application, the Newman Declaration, or the Preschlack Declaration are inconsistent with this Order, the terms of this Order shall govern.

9.      The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

10.     Notice of the Application as provided therein is deemed to be good and sufficient, and the requirements of the Local Rules are satisfied by the contents of the Application.

11.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12.     This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed:  July 20, 2023

Christopher Lopez
United States Bankruptcy Judge