IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DIAMOND SPORTS GROUP, LLC, *et al.*,[1] | ) | Case No. 23-90116 (CML) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER AUTHORIZING THE RETENTION OF
REID COLLINS & TSAI LLP AS SPECIAL COUNSEL TO
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF
DIAMOND SPORTS GROUP, LLC, *ET AL.*, EFFECTIVE AS OF JULY 18, 2023**

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") of Diamond Sports Group, LLC, *et al.* (collectively, the "Debtors") for entry of an order (this "Order") authorizing the Committee to retain and employ Reid Collins & Tsai LLP ("RCT") as its special counsel in connection with the Debtors' chapter 11 cases (the "Chapter 11 Cases"), effective as of July 18, 2023; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this proceeding being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue of this proceeding being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to the necessary parties; and the Court having found that no other or further notice is necessary; and the Court having reviewed the Application, the Somers Declaration and the Son Declaration (the Somers Declaration and the Son Declaration, together, the "Declarations"); and the Court finding, based on the representations made in the Application and the Declarations, that RCT does not

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/DSG. The Debtors' service address for purposes of these chapter 11 cases is: c/o Diamond Sports Group, LLC, 3003 Exposition Blvd., Santa Monica, CA 90404.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

represent any interest adverse to the Committee or the Debtors' estates with respect to the matters upon which it is to be engaged, that it is a "disinterested person," as that term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), and the Court having found that the terms and conditions of RCT's employment as set forth in the Application are reasonable as required by Bankruptcy Code section 328(a); and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and the Court having found that the retention and employment of RCT is in the best interests of the Debtors' estates and their unsecured creditors; and any objections to the relief requested in the Application having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The relief requested in the Application is granted as set forth herein.

2. In accordance with Bankruptcy Code sections 328 and 1103(a), Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-1, the Committee is hereby authorized and empowered to retain and employ RCT as its special counsel, effective as of July 18, 2023, to represent the Committee in these Chapter 11 Cases and related matters and proceedings solely with respect to the JPM Matter, including the JPM Adversary Proceeding, and on the terms set forth in the Application and the Declarations, as modified herein.

3. RCT shall be compensated in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, the applicable Bankruptcy Rules, the applicable Local Rules and any other applicable order of the Court.  For billing purposes, RCT shall keep its time in one tenth (1/10) hour increments in accordance with the Revised UST Guidelines.

4. RCT shall provide ten (10) business days' notice to the Committee, the Debtors and the U.S. Trustee before any increases in rates are implemented, other than with respect to those

rates set forth in the Application and the Somers Declaration, and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in Bankruptcy Code section 330, and the Court retains the right to review any rate increase pursuant to Bankruptcy Code section 330.

5. RCT shall use its reasonable efforts to avoid any duplication of services provided by any of the Committee Advisors in these Chapter 11 Cases.

6. RCT will review its files periodically during the pendency of these Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, RCT will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

7. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8. The Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

9. To the extent the Application or the Declarations are inconsistent with this Order, the terms of this Order shall govern.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. During the pendency of these Chapter 11 Cases, this Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Signed: August 28, 2023

_____
Christopher Lopez
United States Bankruptcy Judge