**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| | ) |
| DIAMOND SPORTS GROUP, LLC, *et al.*,[1] | ) Case No. 23-90116 (CML) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) (Emergency Relief Requested) |
| | ) |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN AGREED ORDER (I)
AUTHORIZING THE REJECTION OF THE OB AGREEMENT AND (II) GRANTING
<u>RELATED RELIEF</u>**

> **Emergency relief has been requested. Relief is requested not later than 5:00 p.m. (prevailing Central Time) on October 13, 2023.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") by and through their undersigned counsel, respectfully state as follows in support of this motion (the "<u>Motion</u>"):

**<u>Relief Requested</u>**

1.    The Debtors seek entry of an order, substantially in the form attached hereto, (a) authorizing the Debtors' rejection of the OB Agreement (as defined below) and (b) granting related relief.

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/DSG.  The Debtors' service address for purposes of these chapter 11 cases is:  c/o Diamond Sports Group, LLC, 3003 Exposition Blvd., Santa Monica, CA 90404.

**Jurisdiction and Venue**

2.      The United States Bankruptcy Court for the Southern District of Texas

(the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended*

*Standing Order of Reference from the United States District Court for the Southern District of*

*Texas*, dated May 24, 2012 (the "Amended Standing Order").  The Debtors confirm their

consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), to the entry of a final order by the Court in connection with this Motion to the extent

that it is later determined that the Court, absent consent of the parties, cannot enter final orders or

judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are section 365 of title 11 of the United

States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rules 6004 and

6006, and Rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas

(the "Local Rules").

**Background**

5.      On March 14 and 15, 2023 (the "Petition Date"), the Debtors filed voluntary

petitions for relief under chapter 11 of the Bankruptcy Code.  On March 15, 2023, the Court

entered an order authorizing the joint administration and procedural consolidation of these

chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.  The Debtors are

operating their business and managing their property as debtors in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.  On March 27, 2023, the Office of the United

States Trustee for the Southern District of Texas appointed an official committee of unsecured

creditors.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

6.      The Debtors own and/or operate the Bally Sports Regional Sports Networks (the "RSNs"), making them the nation's leading provider of local sports programming.  As of the Petition Date, the Debtors' 19 Bally Sports RSNs served as the home for 42 Major League Baseball, National Basketball Association, and National Hockey League teams, as well as a variety of other sports programming.

### OB Agreement

7.      Debtor Diamond Sports Sun, LLC ("Diamond Sun"), which owns and operates the Bally Sports Sun RSN, is party to a Telecast Agreement, dated as of July 1, 2021, with O.B. Festival Events, LLC ("OB Events"), which produces and hosts certain sports events (such agreement, as amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "OB Agreement").[2]  Pursuant to the OB Agreement, Diamond Sun has the exclusive right to telecast the annual AutoNation Orange Bowl Basketball Classic (the "OB Classic").  Diamond Sun incurs the cost of producing, promoting, and distributing the OB Classic and, in consideration receives certain benefits, including sponsorship recognition and tickets to games hosted by OB Events.

8.      The current term of the OB Agreement extends through September 30, 2024.  The next OB Classic that Diamond Sun is obligated to telecast under the OB Agreement is currently scheduled for December 9, 2023.  Absent immediate rejection, the Debtors would need to begin

---

[2]    The OB Agreement has not been filed with this Motion because it contains confidential, sensitive, or proprietary information and is subject to confidentiality restrictions.  A complete copy of the OB Agreement will be made available to the Court and/or, the United States Trustee upon request, subject to appropriate confidentiality protections.

incurring costs related to the pre-production, promotion, and other preparation for the OB Classic in order to perform under the OB Agreement.

9.      The Debtors have been conducting an ongoing analysis of their rights agreement portfolio to identify those rights agreements that are burdensome and/or otherwise unnecessary for the Debtors' go-forward business operations.

10.      As a result of the Debtors' ongoing analysis, the Debtors have determined, in their business judgment, that the OB Agreement should be rejected.

11.      The Debtors have discussed the relief requested in this Motion with OB Events, and the parties have mutually agreed on this course of action.  OB Events has consented to the relief requested in this Motion and to entry of the proposed order.

### Basis For Relief

12.      Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).  "This provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citing *In re Murexco Petroleum, Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)); *see also In re Orion Pictures Corp*., 4 F.3d 1095, 1098 (2d Cir. 1993) (noting that the purpose of rejection of executory contracts is to permit the debtor in possession to renounce title to and abandon burdensome property).

13.      A debtor's decision to reject an executory contract or unexpired lease is ordinarily governed by the "business judgment" standard.  *See Richmond Leasing Co. v. Capital Bankr, N.A.*, 762 F.2d 1303 1309 (5th Cir. 1985) ("It is well established that the 'question whether a lease should be rejected . . . is one of business judgment." (quoting *Grp. of Institutional Inv'rs v.*

*Chicago, M., St. P & P. R. Co.*, 318 U.S. 523, 550 (1943))); *see also In re Texas Sheet Metals, Inc.*, 90 B.R. 260, 264 (Bankr. S.D. Tex. 1988) ("The traditional business judgment standard governs the rejection of ordinary executory contracts.").

14.     Rejection of an executory contract is appropriate where such rejection would benefit the estate.  *See In re Pisces Energy*, *LLC*, No. 09-36591-H5-11, 2009 WL 7227880, at *6 (Bankr. S.D. Tex. Dec. 21, 2009) ("Courts apply the 'business judgment test,' which requires a showing that the proposed course of action will be advantageous to the estate and the decision be based on sound business judgment."); *see also In re Orion Pictures Corp.*, 4 F.3d at 1098–99 (stating that section 365 of the Bankruptcy Code permits a debtor in possession, subject to court approval, to decide which executory contracts would be beneficial to reject).  The business judgment standard requires a court to approve a debtor's business decision unless that decision is the product of "bad faith, or whim or caprice."  *See Pisces Energy*, 2009 WL 7227880, at *6 ("In the absence of a showing of bad faith . . . the debtor's business judgment will not be altered.").

15.     Rejection of the OB Agreement is well within the Debtors' business judgment and is in the best interest of their estates.  The current costs associated with producing, promoting, and telecasting the OB Classic outweigh the benefits the Debtors are able to obtain from performing these obligations.  Accordingly, as part of their ongoing analysis of their rights agreement portfolio, the Debtors have concluded that the OB Agreement no longer fits within the Debtors' long-term plans, is not necessary to the Debtors' business, and is unlikely to provide a net benefit to the Debtors or their estates.

16.     As noted above, the OB Agreement requires the Debtors to produce, promote, and telecast the OB Classic.  Absent rejection, the OB Agreement would impose ongoing obligations on the Debtors and their estates that would unnecessarily drain the Debtors' resources compared

to the benefits associated therewith.  Indeed, absent immediate rejection, the Debtors would need to begin pre-production, promotion, and other preparation for the OB Classic in order to perform under the OB Agreement, all of which comes at significant cost to the Debtors.  The Debtors have determined in their business judgment that such costs are an unnecessary and unproductive use of estate assets and that rejection of the OB Agreement will provide significant savings to the Debtors' estates moving forward.

17.      The Debtors have discussed this matter with OB Events, and OB Events has agreed that, under the circumstances, rejection of the OB Agreement is the best course of action for both parties.  Accordingly, OB Events has agreed to the relief requested in this Motion and to entry of the proposed order.

**Emergency Consideration**

18.      The Debtors request emergency consideration of the request set forth herein on or before October 13, 2023, pursuant to Bankruptcy Rule 9013 and Local Rule 9013-1.  The OB Classic is scheduled for December 9, 2023, and the Debtors would be required to immediately begin pre-production, promotion, and other preparation for the OB Classic in order to perform under the OB Agreement.  The Debtors and OB Events have agreed on the relief requested in this Motion, and having the rejection order entered on or before October 13, 2023 is necessary to give OB Events certainty on the termination of their go-forward relationship with the Debtors and to enable OB Events to facilitate an appropriate transition to avoid disruption to fans.

**Reservation of Rights**

19.      Nothing contained herein or any actions taken pursuant to such relief requested is intended to be or should be construed as: (a) an implication or admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other

applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) other than with respect to the OB Agreement, a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law, including the Debtors' right to seek disgorgement or repayment, pursuant to section 502(j) of the Bankruptcy Code or otherwise, of any amounts paid to OB Events; (h) a waiver of the obligation of any party in interest to file a proof of claim by the bar date; or (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

## **Notice**

20.     The Debtors will provide notice of this Motion to (a) the parties on the Master Service List available on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/DSG, (b) OB Events, and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the proposed order, substantially in the form attached hereto, granting the relief requested herein and granting such other relief as the Court deems appropriate under the circumstances.

October 9, 2023                              Respectfully submitted,

                                    By:   */s/John F. Higgins*
                                          **PORTER HEDGES LLP**
                                          John F. Higgins (TX Bar No. 09597500)
                                          M. Shane Johnson (TX Bar No. 24083263)
                                          Megan Young-John (TX Bar No. 24088700)
                                          Bryan L. Rochelle (TX Bar No. 24107979)
                                          1000 Main St., 36th Floor
                                          Houston, Texas 77002
                                          Telephone: (713) 226-6000
                                          Facsimile:  (713) 226-6248
                                          jhiggins@porterhedges.com
                                          sjohnson@porterhedges.com
                                          myoung-john@porterhedges.com
                                          brochelle@porterhedges.com

                                          - and -

                                          **WILMER CUTLER PICKERING
                                            HALE AND DORR LLP**
                                          Andrew Goldman (admitted *pro hac vice*)
                                          Benjamin Loveland (admitted *pro hac vice*)
                                          250 Greenwich Street
                                          New York, New York 10007
                                          Telephone: (212) 230-8800
                                          Facsimile: (212) 230-8888
                                          andrew.goldman@wilmerhale.com
                                          ross.firsenbaum@wilmerhale.com
                                          benjamin.loveland@wilmerhale.com

8

### **Certificate of Accuracy**

I certify that the facts and circumstances described in the above pleading giving rise to the emergency request for relief are true and correct to the best of my knowledge, information, and belief.  This statement is made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/ John F. Higgins*
John F. Higgins

**<u>Certificate of Service</u>**

I certify that on October 9, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ John F. Higgins*
John F. Higgins