IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| DIAMOND SPORTS GROUP, LLC, *et al.*,[1] | ) ) ) | Case No. 23-90116 (CML) |
| Debtors. | ) ) | (Jointly Administered) |
|  | ) | **Re: Docket Nos. 1094, 1375** |

**JOINDER OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO DEBTORS' OBJECTION TO SINCLAIR'S MOTION
FOR ENTRY OF AN ORDER COMPELLING ASSUMPTION OR
REJECTION OF THE MANAGEMENT SERVICES AGREEMENT**

The Official Committee of Unsecured Creditors (the "Committee") of Diamond Sports Group, LLC, *et al.* (the "Debtors"), by and through its undersigned counsel, hereby submits this joinder (the "Joinder") to the *Debtors' Objection to Sinclair's Motion for Entry of an Order Compelling Assumption or Rejection of the Management Services Agreement* [Docket No. 1375] (the "Debtors' Objection").[2]

**JOINDER**

1. The Committee joins in, adopts and incorporates herein by reference the arguments set forth in the Debtors' Objection. For the reasons set forth therein and below, the Committee respectfully submits that the MSA Motion should be denied.

2. Bankruptcy Code section 365(d)(2) gives a chapter 11 debtor until confirmation to determine whether to assume or reject an executory contract unless otherwise ordered by the court.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/DSG. The Debtors' service address for purposes of these chapter 11 cases is: c/o Diamond Sports Group, LLC, 3003 Exposition Blvd., Santa Monica, CA 90404.

[2] Capitalized terms used but not defined herein shall have the meanings given to them in the Debtors' Objection or *Sinclair's Motion for Entry of an Order Compelling Assumption or Rejection of the Management Services Agreement* [Docket No. 1094] (the "MSA Motion"), as applicable.

A party seeking to compel a debtor to assume or reject a contract prior to such determination bears the burden of demonstrating why a shorter period is appropriate.[3] While courts consider various factors in determining whether the period for assuming or rejecting an executory contract should be shortened,[4] the analysis typically focuses on the balance of the harms to the relevant parties. Sinclair falls woefully short of meeting its burden, as it has not established that it is being harmed by continuing to perform under the MSA.

3.      Indeed, the only harm Sinclair alleges it has suffered—*i.e.*, the Debtors' failure to pay Sinclair the original fees contemplated under the MSA—is entirely illusory. Sinclair does not dispute that the Debtors have been timely paying Sinclair the contractual rate (the "Amended Fees") for MSA services agreed to by the parties one year prior to the Petition Date under the March 1, 2022 letter agreement amendment (the "Amendment"). Sinclair's assertion that the Debtors are required to pay the exorbitant fees originally contemplated under the MSA—which were determined unilaterally by Sinclair upon the Debtors' formation in 2019 when the MSA was signed by Christopher Ripley, in his capacity as President and CEO of Sinclair Television Group, Inc. and in his capacity as President of Diamond Sports Group, LLC[5]—relies on a provision of the Amendment that purportedly reinstates the original MSA fees upon a bankruptcy filing by the

---

[3] *See, e.g., In re Memory Lane of Bremen, LLC*, 535 B.R. 901, 906 (Bankr. N.D. Ga. 2015) (citing *In re Hawker Beechcraft*, 483 B.R. 424, 429 (Bankr. S.D.N.Y. 2012)); *In re Republic Techs. Int'l, LLC*, 267 B.R. 548, 554 (Bankr. S.D. Ohio 2001).

[4] These factors include: (a) the nature of the interests at stake; (b) the balance of the harm to the litigants; (c) the good to be achieved by compelling assumption or rejection within a shorter time period; (d) the safeguards afforded to the litigants; (e) whether the action to be taken is so in derogation of Congress's scheme that the court may be said to be arbitrary; (f) the debtor's failure or ability to satisfy postpetition obligations; (g) the damage that the nondebtor will suffer beyond the compensation available under the Bankruptcy Code; (h) the importance of the contract to the debtor's business and reorganization; (i) whether the debtor has sufficient time to appraise its financial situation and the potential value of its assets in formulating a plan of reorganization; (j) whether there is a need for judicial determination as to whether an executory contract exists; (k) whether exclusivity has been terminated; and (l) the rehabilitative purpose of chapter 11. *In re Hawker Beechcraft*, 483 B.R. at 429 (citing *In re Adelphia Commc'ns Corp.*, 291 B.R. 283, 293 (Bankr. S.D.N.Y. 2003)); *In re Panaco, Inc.*, No. 02-37811-H3-11, 2002 WL 31990368, at *4-5 (Bankr. S.D. Tex. Dec. 10, 2002).

[5] *See* MSA Motion, Ex. A.

Debtors.  But such provision is a textbook example of an unenforceable *ipso facto* clause under Bankruptcy Code section 365(e)(1), and, thus, Sinclair is owed no more than the Amended Fees. The absence of harm to Sinclair is fatal to the MSA Motion.[6]

4.      Given Sinclair's failure to demonstrate any harm and the other reasons set forth in the Debtors' Objection, the MSA Motion should be denied.

## **RESERVATION OF RIGHTS**

5.      This Joinder is submitted without prejudice to, and with a full reservation of, the Committee's rights, claims, defenses and remedies, including the right to amend, modify or supplement this Joinder to raise additional objections and to introduce evidence at any hearing relating to the MSA Motion, and without in any way limiting any other rights of the Committee to further respond to the MSA Motion, on any grounds, as may be appropriate.

## **CONCLUSION**

For the foregoing reasons, the Committee respectfully requests that the Court: (i) deny the MSA Motion; and (ii) grant such other relief as may be just and proper.

[*The remainder of this page has been left blank intentionally.*]

---

[6] *See*, *e.g.*, *In re Enron Corp.*, 279 B.R. 695, 703 (Bankr. S.D.N.Y. 2002) (motion to compel assumption or rejection denied where movant failed to demonstrate delays in rejection or assumption would cause it any harm); *In re Physician Health Corp.*, 262 B.R. 290, 293-94 (Bankr. D. Del. 2001) (motion to compel assumption or rejection denied where movant could not establish any postpetition breach of an executory contract); *In re Wheeling-Pittsburgh Steel Corp.*, 54 B.R. 385, 388-89 (Bankr. W.D. Pa. 1985) (motion to compel denied because debtors performed all obligations under a lease agreement during the chapter 11 cases and, therefore, delays in rejection or assumption would cause no harm to the movant).

Dated: December 5, 2023

Respectfully Submitted,
**AKIN GUMP STRAUSS HAUER & FELD LLP**

*/s/ Marty L. Brimmage, Jr.*

Marty L. Brimmage, Jr. (State Bar No. 00793386; S.D. Tex. 30464)
2300 N. Field Street, Suite 1800
Dallas, TX 75201-2481
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
Email: mbrimmage@akingump.com

-and-

Ira S. Dizengoff (admitted *pro hac vice*)
Abid Qureshi (admitted *pro hac vice*)
Naomi Moss (admitted *pro hac vice*)
One Bryant Park
New York, NY 10036-6745
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email: idizengoff@akingump.com
Email: aqureshi@akingump.com
Email: nmoss@akingump.com

-and-

Scott L. Alberino (admitted *pro hac vice*)
2001 K Street N.W.
Washington, DC 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
Email: salberino@akingump.com

*Counsel to the Official Committee of Unsecured Creditors of Diamond Sports Group, LLC,* et al.

## **CERTIFICATE OF SERVICE**

I hereby certify that, on December 5, 2023, a true and correct copy of the foregoing was served via email through the Bankruptcy Court's Electronic Case Filing System on the parties that have consented to such service.

*/s/ Marty L. Brimmage, Jr.*
Marty L. Brimmage, Jr.