IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| DIAMOND SPORTS GROUP, LLC, *et al.*,[1] | ) ) ) | Case No. 23-90116 (CML) |
| Debtors. | ) ) ) ) | (Jointly Administered) Re: Docket No. 1655 |

**STIPULATION AND AGREED ORDER
REGARDING THE DEBTORS' RESTRUCTURING
SUPPORT AGREEMENT AND EXIT NOTE COMMITMENT
LETTER AND RED SEAM HOLDINGS LLC'S RESERVATIONS THERETO**

This Stipulation is entered into as of February 21, 2024, by and among (a) the above-captioned debtors and debtors in possession (collectively, the "Debtors"), (b) Red Seam Holdings LLC ("Red Seam"), and (c) Amazon.com Services LLC ("Amazon") (collectively, the "Parties").[2]

**WHEREAS**, Red Seam is the top-level holding company that owns the YES Network (a regional sports broadcast network), and Debtor Sports Network II, LLC ("SN II") holds a 20% membership interest in Red Seam (the "YES Interests");

**WHEREAS**, on January 23, 2024, the Debtors filed the *Debtors' Motion for Entry of an Order (I) Authorizing Entry Into and Performance Under the Exit Note Commitment Letter and (II) Granting Related Relief* [Docket No. 1655] (the "Motion"), which is scheduled for a hearing on February 26, 2024;

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/DSG. The Debtors' service address for purposes of these chapter 11 cases is: c/o Diamond Sports Group, LLC, 3003 Exposition Blvd., Santa Monica, CA 90404.

[2] Red Seam asserts that it is not a party to the instant bankruptcy proceeding, and accordingly there is a dispute as to whether the Court has jurisdiction over Red Seam, the Red Seam LLCA or Side Letter Agreement (as defined herein). The Parties agree that absent an agreement among the Parties that the Parties shall reserve all rights concerning jurisdiction or a lack thereof.

**WHEREAS**, as described in the Motion, pursuant to the RSA (as defined in the Motion) and Exit Note Commitment Letter (as defined in the Motion), Amazon has committed, subject to the terms and conditions thereof, to (among other things) provide the Debtors with a new money investment through $115 million in aggregate principal amount of convertible notes (the "Convertible B Exit Notes") to support the Debtors' reorganization;

**WHEREAS**, the Exit Note Commitment Letter also provides for (a) the Convertible B Exit Notes to be secured by a first priority pledge of the YES Interests, directly or indirectly, and (b) a call option for Amazon to acquire the YES Interests;

**WHEREAS**, Red Seam asserts that it has certain rights under Red Seam's operating agreement (the "Red Seam LLCA") and a related side letter dated August 29, 2019 (the "Side Letter Agreement") with respect to the pledge or other disposition or transfer[3] of the YES Interests pursuant to the RSA and/or Exit Note Commitment Letter. Red Seam asserts, for example, that the Red Seam LLCA prohibits DSG and SN II from pledging SN II's membership interest in Red Seam as collateral in connection with any financing agreement subsequent to that which is memorialized in the Side Letter Agreement unless various conditions are met, including that the subsequent financing transaction would be subject to the restrictions on transfer, purchase rights, and appraisal processes provided for in the Side Letter Agreement;

**WHEREAS**, Red Seam does not object to the entry of an order approving the Motion, but wishes to put Amazon, the Debtors, the Court, and all other parties on notice that Red Seam and

---

[3] "Transfer" is defined as follows under the Red Seam LLCA: "any transfer, sale, assignment, pledge, lease, hypothecation, mortgage, gift or creation of security interest, Lien, trust (voting or otherwise), or other encumbrance or other disposition, directly or indirectly, by operation of law or otherwise of any beneficial ownership interest in any Shares, provided that any change in the equity ownership of Amazon.com, Inc. shall not be considered to be a Transfer of the Shares held by Digital Partner and any change in the equity ownership of Sinclair Broadcast Group, Inc. shall not be considered to be a Transfer of the Shares held by Linear Partner, and, provided, further, that entering into the Financial Investor Voting Agreement and compliance with the terms thereof shall not be considered to be a Transfer of the Shares by any party thereto."

Red Seam's members (other than Amazon and SN II) have not consented to, nor otherwise waived their respective rights with respect to, any variance from the Red Seam LLCA or the Side Letter Agreement with respect to the pledge or other disposition or transfer of the YES Interests pursuant to the RSA and/or Exit Note Commitment Letter, and have asserted that absent an agreement among the Parties, Red Seam has no intention of waiving any such restrictions or rights in the future or consenting to any such future transaction involving the YES Interests as contemplated under the RSA and/or the Exit Note Commitment Letter, as currently constituted;

**WHEREAS**, the Debtors and Amazon assert that neither the Exit Note Commitment Letter nor the RSA (or the transactions contemplated thereby) require any variance from the Red Seam LLCA or the Side Letter Agreement or require any such waiver or consent from Red Seam or its members; and

**WHEREAS**, the Parties agree that resolution of such issues would be premature at this time and that such issues can be addressed at any hearing to consider confirmation of a chapter 11 plan incorporating the terms of the Convertible B Exit Notes (if not mutually resolved before then).

**NOW, THEREFORE, the Parties hereby STIPULATE as follows:**

1. Red Seam does not object to the entry of an order approving the Motion on the condition that the Parties agree that all rights are reserved as set forth below and that they shall not be prejudiced by the approval of the Motion or any such agreement or acquiescence to defer consideration of any potential objection by Red Seam to a later date. With respect to the rights being reserved, all Parties shall retain all legally permissible arguments available to them as of the date of this stipulation, without prejudice.

2. Red Seam is not waiving any rights it has with respect to contractual restrictions on transfer, approval rights, rights to purchase, rights of first refusal, appraisal rights, or any other

rights it holds under the Red Seam LLCA and/or the Side Letter Agreement with respect to the pledge or other disposition or transfer of the YES Interests pursuant to the RSA and/or the Exit Note Commitment Letter—and Red Seam has asserted that absent an agreement among the Parties, Red Seam has no intention of waiving any such rights or restrictions in the future. All such rights, as well as the Debtors' and Amazon's respective rights with respect thereto, in each case to the extent such rights validly exist, are expressly reserved. Additionally, the Parties agree that absent an agreement among the Parties, that the Parties shall reserve all rights concerning jurisdiction over Red Seam, the Red Seam LLCA or the Side Letter Agreement, or a lack thereof.

3. Similarly, Red Seam's members (other than Amazon and SN II) are not waiving any rights they have with respect to contractual restrictions on transfer, approval rights, rights to purchase, rights of first refusal, appraisal rights, or any other rights they hold, individually or collectively, under the Red Seam LLCA and/or the Side Letter Agreement with respect to the pledge or other disposition or transfer of the YES Interests pursuant to the RSA and/or the Exit Note Commitment Letter—and the Red Seam members have asserted that absent an agreement among the Parties, Red Seam has no intention of waiving any such rights or restrictions in the future. All such rights, as well as the Debtors' and Amazon's respective rights with respect thereto, in each case to the extent such rights validly exist, are expressly reserved.

**NOW, THEREFORE,** it is **ORDERED** that the terms of this Stipulation are approved. **SO ORDERED.**

                                                 Christopher Lopez
                                                 United States Bankruptcy Judge

**IN WITNESS WHEREOF**, the Debtors, Red Seam, and Amazon, by their respective authorized counsel, have executed this Stipulation as of the date written below:

Dated:  February 21, 2024

By: */s/ John F. Higgins*
**PORTER HEDGES LLP**
John F. Higgins (TX Bar No. 09597500)
M. Shane Johnson (TX Bar No. 24083263)
Megan Young-John (TX Bar No. 24088700)
Bryan L. Rochelle (TX Bar No. 24107979)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jhiggins@porterhedges.com
sjohnson@porterhedges.com
myoung-john@porterhedges.com
brochelle@porterhedges.com

*Counsel for Debtors and Debtors in Possession*

- and -

**WILMER CUTLER PICKERING HALE AND DORR LLP**
Andrew Goldman (admitted pro hac vice)
Benjamin Loveland (admitted pro hac vice)
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
andrew.goldman@wilmerhale.com
benjamin.loveland@wilmerhale.com
*Section 327(e) Counsel to the Debtors and Debtors in Possession*

By: */s/ Joshua I. Schiller*
    Joshua I. Schiller

**BOIES SCHILLER FLEXNER LLP**

Joshua I. Schiller
44 Montgomery Street
San Francisco, California 94104
Tel.: (415) 293-6800
jischiller@bsfllp.com

Jonathan Schiller
Matthew L. Schwartz
Valecia Battle (TX Bar No. 24110602)
55 Hudson Yards
New York, New York 10001
Tel.: (212) 446-2300
Fax.: (212) 446-2350
jschiller@bsfllp.com
mlschwartz@bsfllp.com

*Counsel to Red Seam Holdings LLC*

By: */s/ Caroline Reckler*

**LATHAM & WATKINS LLP**

Caroline Reckler (S.D. Tex. Bar No. IL6275746)
Jonathan Gordon
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9667
Email: caroline.reckler@lw.com
         jonathan.gordon@lw.com

*Counsel to Amazon.com Services LLC*