**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| Diamond Sports Group, LLC, *et al.*,[1] | Case No. 23-90116 (CML) |
| Debtors. | (Jointly Administered) |

**OMNIBUS RESPONSE OF THE NATIONAL BASKETBALL
ASSOCIATION AND ITS AFFILIATES TO (A) DEBTORS'
MOTION FOR ENTRY OF AN ORDER (I) APPROVING THE ADEQUACY
OF THE DISCLOSURE STATEMENT; (II) APPROVING THE SOLICITATION
PROCEDURES AND SOLICITATION PACKAGES; (III) SCHEDULING
A HEARING ON CONFIRMATION OF THE PLAN; (IV) ESTABLISHING
PROCEDURES FOR OBJECTING TO THE PLAN; (V) APPROVING
THE FORM, MANNER, AND SUFFICIENCY OF NOTICE OF THE
CONFIRMATION HEARING; AND (VI) GRANTING RELATED RELIEF,
AND (B) DEBTORS' FOURTH MOTION FOR ENTRY OF AN ORDER
EXTENDING THE EXCLUSIVE PERIODS FOR THE FILING OF A
CHAPTER 11 PLAN AND SOLICITATION OF ACCEPTANCES THEREOF**

The National Basketball Association and its affiliates (including member teams party to telecast agreements with certain of the Debtors) (collectively, the "NBA") hereby submit this omnibus response (the "Response") to the (A) *Debtors' Motion for Entry of an Order (I) Approving the Adequacy of the Disclosure Statement; (II) Approving the Solicitation Procedures and Solicitation Packages; (III) Scheduling a Hearing on Confirmation of the Plan; (IV) Establishing Procedures for Objecting to the Plan; (V) Approving the Form, Manner, and Sufficiency of Notice of the Confirmation Hearing; and (VI) Granting Related Relief* [ECF No. 1897] (the "DS Motion"), and (B) *Debtors' Fourth Motion for Entry of an Order Extending the Exclusive Periods for the Filing of a Chapter 11 Plan and Solicitation of Acceptances Thereof*

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/DSG. The Debtors' service address for purposes of these chapter 11 cases is: c/o Diamond Sports Group, LLC, 3003 Exposition Blvd., Santa Monica, CA 90404.

[ECF No. 1941] (the "Exclusivity Motion").  In support of this Response, the NBA states as follows:

### Omnibus Response

1.      The NBA submits this Response to stress the need for this case to move to a resolution within the timeframe that the Debtors originally proposed to the Court in January (when they submitted their new Restructuring Support Agreement)—*i.e.*, sufficiently in advance of the NBA's 2024-25 season to secure the telecasting of games.  While the NBA has been, and remains, supportive of the Debtors' efforts to emerge as a going concern, the Debtors' request for another extension of the Exclusivity Periods (as defined in the Exclusivity Motion)—coupled with the significant milestones that still must be completed in connection with the business plan and projections not included in Debtors' current Disclosure Statement—raise the prospect of disruption and delay continuing into next season.  The NBA therefore seeks the Court's assistance to ensure that the Debtors expeditiously consummate the transactions that are critical to their viability.

2.      More than twelve months have passed since the Debtors filed these chapter 11 cases on March 14, 2023.  At every turn—both pre- and post-petition—the Debtors have found a supportive and constructive partner in the NBA, which has worked tirelessly to aid the Debtors' attempts to transform their business model.  During the prepetition period in 2021, the Debtors and their lenders sought accommodations from the NBA to reorganize the Debtors' capital structure and improve their financial position.  Those discussions culminated in an agreement in January 2022  that, among other benefits, created a pathway for the Debtors to obtain $635 million of new-money financing in March of that year.  *See Declaration of David F. DeVoe, Jr. in Support of Chapter 11 Petitions and First Day Motions* ¶¶ 10, 11, 62 [ECF No. 26].

3.      Many more months of discussions between the Debtors and the NBA then led to the finalization of a June 2023 term sheet in support of the Debtors' initial Restructuring Support Agreement, which term sheet ultimately was not approved by a prior lending group.

4.      The NBA then actively and productively engaged in the Court-approved mediation in the Fall of 2023, and was the first league to reach an agreement with the Debtors granting critical modifications to their existing telecast agreements to facilitate a wind-down plan, which this Court approved on November 15, 2023 [ECF No. 1378].

5.      In January 2024, the Debtors changed course and developed a plan pursuant to which they contemplated reaching agreements with their major distributors (including Comcast, DirecTV, and Charter) and other parties (including the NBA) that would enable the Debtors to confirm a plan in the early Summer of 2024 and move forward as a going concern.  The NBA continued to engage in good faith discussions regarding the Debtors' going concern plan, but with the explicit understanding that the NBA must have clarity as to the Debtors' future viability sufficiently in advance of the next NBA season (*i.e.*, by June or July 2024 consistent with the timeline that the Debtors proffered to the Court in January 2024) for the NBA to make other arrangements to produce and distribute games if necessary.

6.      However, the NBA has now grown deeply concerned about whether the Debtors can timely confirm and consummate a plan that will enable them to produce and distribute NBA games and meet their other obligations to the NBA for the 2024-25 NBA season.  The Debtors' going concern plan is dependent on negotiations with multiple parties, including the NBA, that have not been completed.  While the Debtors announced a new distribution deal with Charter on April 3, 2024, the effects of that deal on subscribers, revenues and other metrics key to the viability of the Debtors' plan—both in the short and long term—will need to be reflected in an updated

Disclosure Statement.  Further, as the Debtors acknowledge in their Exclusivity Motion, they must still reach deals with many other parties in order to have a viable business, including other major distributors and the sports leagues and teams.  *See* Exclusivity Motion ¶¶ 22-23.  The implications of those deals (if any are reached) on the Debtors' viability also will need to be assessed.

7.     The Debtors also are now seeking to extend their exclusivity period to solicit acceptances of a chapter 11 plan until November 14, 2024—five months later than when the Debtors forecasted in the DS Motion that they would have a chapter 11 plan to confirm (*see* DS Motion at 5 (requesting a June 18, 2024 confirmation hearing)), and well into the 2024-25 NBA season.

8.     As the NBA stated at the first day hearing over a year ago (and has reaffirmed to the Debtors many times since), it is absolutely critical that the NBA have certainty as to the continuity of its game telecasts.  The NBA cannot continue to subsidize optionality for the Debtors and their lenders into yet a third season at the expense of NBA teams, players, and fans.  If the Debtors' current negotiations with leagues, teams, and their remaining distributors do not promptly yield results that can sustain a viable business model, and the Debtors are forced in the Fall of 2024 to pivot back to a wind-down or substantially reduced business scope, the NBA will not have sufficient time to arrange production and distribution of games, and monetize its rights, for the 2024-25 season.  These things do not happen overnight.  They require time-consuming and costly preparation and sometimes challenging negotiations with third parties.  After having had two NBA seasons adversely affected by the Debtors' financial distress and bankruptcy, the NBA and its fans should not be subjected to a third season of disruption and uncertainty.

9.     Given the concerns raised above, the NBA respectfully requests that, if the Court grants the Debtors' requested extension of the Exclusive Periods, the Court also set a status

conference for no later than May 10, 2024, and regular status conferences thereafter, for the Debtors to report on the status of their negotiations with the necessary parties, the timeline for completing such negotiations, and the implications of both on the Debtors' path forward, plan confirmation, and timeline for emergence from chapter 11.

10.     The NBA has been accommodating to the Debtors throughout these cases, but cannot afford to wait much longer to learn whether the Debtors will in fact have a viable business to emerge as a going concern.  While the Debtors have reached an agreement with Charter, a welcome development, there is much left to be done.  The NBA therefore respectfully submits that the Court's intervention as requested above is warranted to ensure that this process moves forward in a timely manner so as to avert disruption to another NBA season.


[*Remainder of Page Left Intentionally Blank*]

Dated: April 10, 2024
      Houston, Texas

/s/ *Bruce J. Ruzinsky*

**JACKSON WALKER LLP**
Bruce J. Ruzinsky (TX Bar No. 17469425)
Matthew D. Cavenaugh (TX Bar No. 24062656)
Joel R. Glover (TX Bar No. 24087593)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221
Email: bruzinsky@jw.com
Email: mcavenaugh@jw.com
Email: jglover@jw.com

*Counsel to the National Basketball Association and Its Affiliates (including member teams party to telecast agreements with the Debtors)*

**PROSKAUER ROSE LLP**
Vincent Indelicato (*pro hac vice*)
Michael T. Mervis (*pro hac vice*)
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
Email: vindelicato@proskauer.com
Email: mmervis@proskauer.com

-and-

Steve Y. Ma (*pro hac vice*)
2029 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: (310) 557-2900
Facsimile: (310) 557-2193
Email: sma@proskauer.com

*Counsel to the National Basketball Association and Its Affiliates (including member teams party to telecast agreements with the Debtors)*

**<u>Certificate of Service</u>**

I certify that on April 10, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, on all registered ECF users in this case.

*/s/  Bruce J. Ruzinsky*
Bruce J. Ruzinsky

39892861v.1 164349/00001