IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| DIAMOND SPORTS GROUP, LLC, *et al.*, | § § § | Case No. 23-90116 (CML) |
| | § § | (Jointly Administered) |
| Debtors.[1] | § § | Related Docket No. 1846, 1897, 1941 |

**OMNIBUS RESPONSE AND RESERVATION OF RIGHTS OF THE NATIONAL HOCKEY LEAGUE WITH RESPECT TO (A) THE DEBTORS' DISCLOSURE STATEMENT FOR THE DEBTORS' JOINT CHAPTER 11 PLAN OF REORGANIZATION AND (B) THE DEBTORS' FOURTH MOTION FOR ENTRY OF AN ORDER EXTENDING THE EXCLUSIVE PERIODS FOR THE FILING OF A CHAPTER 11 PLAN AND SOLICITATION OF ACCEPTANCES THEREOF**

The National Hockey League (the "**NHL**"), on behalf of itself, certain affiliates and the clubs (the "**Clubs**") who are party to agreements with certain of the debtors and debtors in the above captioned cases (the "**Debtors**"), by and through their undersigned counsel, hereby make this response and reservation of rights (this "**Response and Reservation of Rights**") with respect to (a) the *Disclosure Statement for the Debtors' Joint Chapter 11 Plan of Reorganization* [Docket No. 1846] (the "**Disclosure Statement**"); (b) the *Debtors' Motion for Entry of an Order (I) Approving the Adequacy of the Disclosure Statement; (II) Approving the Solicitation Procedures and Solicitation Packages; (III) Scheduling a Hearing On Confirmation of the Plan; (IV) Establishing Procedures for Objecting to the Plan; (V) Approving the Form, Manner, and*

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/DSG. The Debtors' service address for purposes of these chapter 11 cases is: c/o Diamond Sports Group, LLC, 3003 Exposition Blvd., Santa Monica, CA 90404.

*Sufficiency of Notice of the Confirmation Hearing; and (VI) Granting Related Relief* [Docket No. 1897] (the "**Disclosure Statement Motion**"); and (c) the *Debtors' Fourth Motion for Entry of an Order Extending the Exclusive Periods for the Filing of a Chapter 11 Plan and Solicitation of Acceptances Thereof* [Docket No. 1941] (the "**Exclusivity Motion**").[2] In support of this Response and Reservation of Rights, the NHL respectfully states as follows:

1. The NHL and its Clubs find themselves in essentially the same position they were in last spring vis-à-vis their respective agreements and potential ongoing business relationships with the Debtors—lacking certainty about their next season and beyond. The NHL raised its concerns to this Court last summer, stating that it was critical for the NHL and the Clubs to have long-term certainty going into the 2023-2024 season and, at that time, the Debtors assured this court that they fully understood the "need for speed" in advance of the 2023-2024 NHL season and that "this case has to move quickly."[3] Unfortunately, as the NHL and the Clubs are faced with solidifying their media plans for the 2024-2025 season, they remain without any certainty or confirmation of a viable path forward.

2. The NHL spent months during the second half of 2023 actively negotiating with the Debtors in good faith the terms of the NHL Term Sheet (the "**NHL Term Sheet**") that was the subject of this Court's *Order (I) Authorizing Entry Into and Performance Under NHL Term Sheet; (II) Authorizing Assumption of Certain NHL Agreements; And (III) Granting Related Relief* [Docket No. 1587]. The NHL and Clubs agreed to the terms of the NHL Term Sheet because it provided certainty regarding the distribution of their games during the 2023-2024 season and allowed them to adequately plan for future seasons. But less than two weeks after this Court

---

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Disclosure Statement, Disclosure Statement Motion or Exclusivity Motion, as applicable.

[3] *In re Diamond Sports Group, et al.*, Case No. 23-90116 (CML), Hr'g Tr., Aug. 11, 2023, p. 12: 10-19.

approved the NHL Term Sheet, the Debtors announced their entry into a Restructuring Support Agreement (which forms the foundation of the current Debtors' Joint Chapter 11 Plan of Reorganization (the "**Proposed Plan**")) that made satisfying the conditions to the occurrence of the ultimate Effective Date of the NHL Term Sheet impossible.[4]

3.     Since learning of the terms of the Restructuring Support Agreement and their Proposed Plan, the NHL has continued to engage in discussions with the Debtors regarding a potential go-forward business relationship.  While the NHL remains hopeful that it will find a resolution that works for the Debtors, the NHL and its Clubs, the simple fact is that a viable go-forward business relationship among the NHL, its Clubs and the Debtors beyond the end of the current 2023-2024 NHL season requires that the Debtors reach agreements with (i) a number of other key stakeholders, including its three largest distributors, (ii) the NHL and its Clubs, and (iii) the NBA and its Clubs.  Currently, 2 of the 3 necessary distributor agreements are still being negotiated and the NHL is unable to adequately assess whether those key agreements will be in place in the near term and, therefore, whether there will be any certainty that the Debtors will emerge from bankruptcy and distribute NHL games.

4.     The Disclosure Statement fails to provide any information about the Debtors' go-forward operating business plan or any ongoing business agreements with the distributors, the NHL or any of the other sports leagues.  Moreover, the Debtors have not filed any financial projections, valuation analysis or liquidation analysis.  Thus, there is no information in the Disclosure Statement that would allow the NHL, the Clubs or any other creditor to make an

---

[4]   The Parties continue to operate under the interim provisions of the NHL Term Sheet and to date, neither party has exercised its right to terminate the NHL Term Sheet, although the NHL and its Clubs reserve all rights to do so.

informed decision as to the viability of the Debtors' proposed plan.[5]  Furthermore, the Disclosure Statement does not provide any information that would allow the NHL or the Clubs to assess how their respective contracts will be treated.  Accordingly, the NHL and its Clubs cannot evaluate, much less make any informed decisions about, how to vote on the Debtors' proposed plan.

5. The Debtors also filed the Exclusivity Motion, seeking to extend the exclusive periods within which they can propose a plan and solicit votes to September 16, 2024 for the Filing Exclusivity Period and November 14, 2024 for the Solicitation Exclusivity Period.  In other words, the Debtors are proposing a potential timeline that would allow them to commence soliciting votes as late as November 2024, well after the NHL's next season (the third season that will be played during the Chapter 11 Cases) has begun.

6. In light of the omission of critical information from the Disclosure Statement and solicitation materials and a proposed potential timeline that would extend beyond the start of the next season, the NHL is filing this Response and Reservation of Rights to reserve its rights and to be transparent with the Court and other key stakeholders regarding the NHL's reservations as to whether the Debtors have a viable path to consummation of their proposed reorganization plan.

7. This Response and Reservation of Rights shall be a full reservation of, and without prejudice to, the NHL's, its affiliates and the Clubs' rights, claims, defenses, and remedies with respect to the Debtors' Disclosure Statement, the Proposed Plan, the extension of the Debtors' exclusive periods, including the right to raise objections and to introduce evidence at any hearing related to the Disclosure Statement, the Disclosure Statement Motion, the Exclusivity Motion, or

---

[5] Section 1125(b) of the Bankruptcy Code requires a Disclosure Statement to contain "adequate information." Section 1125(a) of the Bankruptcy Code defines "adequate information" as "information of a kind, and in sufficient detail . . .that would enable [a] hypothetical investor . . . to make an informed judgment about the plan." Likewise, the standard applied by the Fifth Circuit as to whether the information is adequate is whether such information "was adequate to enable a reasonable creditor to make an informed decision about the Plan." *In re Texas Extrusion Corp.*, 844 F.2d 1142, 1157 (5th Cir. 1988).

the Proposed Plan, and without in any way limiting any other rights of the NHL, its affiliates or the Clubs to object to the Disclosure Statement, Disclosure Statement Motion or Exclusivity Motion or any other extension of exclusivity, or the Proposed Plan on any grounds, as may be appropriate.  In addition, the NHL and its Clubs reserve all rights to seek any affirmative relief from this Court to allow them to operate their businesses free from the outstanding constraints of the Debtors' bankruptcy cases.  Finally, the NHL reserves its right to amend, modify or supplement this Response and Reservation of Rights.

Dated: Houston, Texas  
April 10, 2024

Respectfully submitted,

HAYNES AND BOONE, LLP

*/s/ Kelli Stephenson Norfleet*  
Kelli Stephenson Norfleet  
Attorney-in-Charge  
State Bar No. 24070678  
Federal Bar No. 1054894  
1221 McKinney Street, Suite 4000  
Houston, Texas 77010  
Tel: (713) 547-2630  
Fax: (713) 236-5621  
Email: kelli.norfleet@haynesboone.com

-and-

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

Shana A. Elberg (*Admitted pro hac vice*)  
One Manhattan West  
New York, New York 10001  
Telephone: (212) 735-3882  
Fax: (917) 777-3882  
Email: shana.elberg@skadden.com

*Attorneys for the National Hockey League*

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing document to be served by electronic transmission via the Court's ECF system to all parties registered to receive electronic notice in this case on April 10, 2024.

*/s/ Kelli Stephenson Norfleet*
Kelli Stephenson Norfleet