**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>DIAMOND SPORTS GROUP, LLC, *et al.*[1]<br><br>　　　　　　Debtors. | Chapter 11<br><br>Case No. 23-90116 (CML)<br><br>(Jointly Administered)<br><br>**Re: D.I. 1845 & 1846** |

**RESERVATION OF RIGHTS OF MAJOR LEAGUE BASEBALL**
**AND CERTAIN MAJOR LEAGUE BASEBALL CLUBS**
**RELATED TO DEBTORS' CHAPTER 11 PLAN OF REORGANIZATION**

Atlanta National League Baseball Club, LLC (the "Braves"), Cleveland Guardians Baseball Company, LLC (the "Guardians"), Detroit Tigers, Inc. (the "Tigers"), Milwaukee Brewers Baseball Club, L.P. (the "Brewers"), Minnesota Twins, LLC (the "Twins"), Rangers Baseball Express LLC (the "Rangers") and Rays Baseball Club, LLC (the "Rays" and each of the Braves, Guardians, Tigers, Brewers, Twins, Rangers and Rays, with certain of their affiliates, a "Club" and collectively, the "Clubs") and the Office of the Commissioner of Baseball d/b/a Major League Baseball ("MLB") hereby submit this reservation of rights (the "Reservation of Rights") as to the confirmation of the *Debtors' Joint Chapter 11 Plan of Reorganization* [Dkt. No. 1845] (the "Plan"). Capitalized terms not defined herein will have the meaning attributed to them in the *Disclosure Statement for the Debtors' Joint Chapter 11 Plan of Reorganization* [Dkt. No. 1846] (the "Disclosure Statement"). In support of this Reservation of Rights, MLB and the Clubs

---

[1]　　A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/DSG. The Debtors' service address for the purposes of these chapter 11 cases is : c/o Diamond Sports Group, LLC, 3003 Exposition Blvd., Santa Monica, CA 90404.

respectfully represent as follows:

1.      MLB and the Clubs have expressed serious concerns to the Debtors and their advisors about the assumptions underlying the Debtors' business plan and whether these assumptions can be achieved.  Specifically, MLB and the Clubs have significant concerns about whether the Plan will satisfy the legal requirements for confirmation required by Section 1129 of the Bankruptcy Code.  11 U.S.C. § 1129.  In particular, among other concerns, MLB and the Clubs question whether the Debtors will be able to demonstrate to the Court that confirmation of the Plan is not likely to be followed by the liquidation, or further financial reorganization, of the Debtors (or any successors of the Debtors under the Plan).  The financial viability of the Debtors is necessary to ensure the Debtors' continued performance of the telecast rights agreements between the Debtors and each respective Club.

2.      As the Debtors note in Article II(B)(4) of the Disclosure Statement, approximately 81% of the Debtors' revenue is derived from three primary Distributors.  But as of the date of the Disclosure Statement, the go-forward terms, if any, with these Distributors are uncertain.  The Debtors have been in ongoing negotiations with the three primary Distributors and have only recently announced that a renewal agreement has been reached with one such Distributor.  The Debtors, however, have not disclosed the terms and conditions of such renewal.  Thus, the terms of the distribution agreements with all three primary Distributors, including modification, if any, to the rates paid for subscribers (including the methods of calculating all fees payable by each Distributor), each Distributor's respective distribution obligations for each service (e.g., the tier(s)/package(s) in which the Debtor's service(s) will be distributed to each Distributors' subscribers and any tier/packaging flexibility), the lengths of each Distributor's respective agreement and all other material economic terms and conditions, remain uncertain or

undetermined.  Additionally, neither the NBA nor the NHL, which are the Debtors' other key content providers, have finalized renewals beyond their 2023-2024 seasons.  Without further information and certainty on these agreements, which are significant drivers of both top-line and bottom-line financial performance of the Debtors, MLB and the Clubs cannot determine the financial viability of the Debtors' post-effective business plan.

3.      Not only have the Debtors failed to provide information on the material contracts underlying the Debtor's post-effective business plan, the Debtors have also failed to provide detail or documentation sufficient to support the assumptions used in their DTC segment projections.  In Article VIII(B)(6) of the Disclosure Statement, the Debtors specifically highlight that the Debtors' long-term success is dependent on the successful execution of their DTC strategy.  Despite this emphasis, the Debtors have not furnished interested parties with sufficient detail to analyze this strategy.  Given the growing importance to the Debtors' business plan of the DTC business over the life of the projections, such detail is necessary to determine the reasonableness and achievability of the Plan projections.

4.      MLB and the Clubs require additional information regarding the assumptions underlying the DTC projections and the terms and conditions of the Debtors' material contracts, particularly those providing the vast majority of their revenue, in order to determine whether the Debtors' Plan satisfies the confirmation requirements set forth in the Bankruptcy Code, including whether the Debtors' post-effective date business plan is viable.  Without this information, MLB and the Clubs cannot be assured that the Plan contemplates continued performance of the telecast rights agreements.  MLB and the Clubs reserve all rights to question the feasibility of the Debtors' business plan and its potential impact on the continued performance of the telecast rights

4859-9633-6564 v.2

agreements.[2]  MLB and the Clubs further reserve the right to seek discovery in connection with the same.

---

[2] The Rangers, Guardians and Twins will not be taking any action inconsistent with their respective telecast rights agreement amendments.

4859-9633-6564 v.2

Dated: April 10, 2024
      Houston, Texas

**BRACEWELL LLP**

*/s/ William A. (Trey) Wood III*
William A. (Trey) Wood III (Texas Bar No.
  21916050)
711 Louisiana St., Suite 2300
Houston, Texas 77002
Telephone: (713) 221-1166
Facsimile: (713) 221-1212
E-mail: trey.wood@bracewell.com

Mark Dendinger (admitted *pro hac vice*)
CityPlace I, 34th Floor, 185 Asylum Street
Hartford, Connecticut 06103
Telephone: (860) 256-8541
Facsimile: (800) 404-3970
E-mail: mark.dendinger@bracewell.com

-and-

**SULLIVAN & CROMWELL LLP**

James L. Bromley (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: bromleyj@sullcrom.com
       kranzleya@sullcrom.com

Counsel for Office of the Commissioner of
Baseball d/b/a Major League Baseball
Atlanta National League Baseball Club, LLC
Milwaukee Brewers Baseball Club, L.P.
Minnesota Twins, LLC
Detroit Tigers, Inc.
Rays Baseball Club, LLC

4859-9633-6564 v.2

**JONES DAY**

*/s/ Oliver S. Zeltner*

Heather Lennox (admitted pro hac vice)
Philip M. Oliss (admitted pro hac vice)
Oliver S. Zeltner (TX Bar No. 2410400)
Brett W. Bell (admitted pro hac vice)
Nick Buchta (admitted pro hac vice)
Alexander W. Prunka (admitted pro hac vice)
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
Email: hlennox@jonesday.com
        poliss@jonesday.com
        ozeltner@jonesday.com
        bbell@jonesday.com
        nbuchta@jonesday.com
        aprunka@jonesday.com

Counsel for:
Cleveland Guardians Baseball Company,
LLC

**WHITE & CASE LLP**

*/s/ Charles Koster*
Thomas E Lauria (Texas Bar No. 11998025)
Laura Femino (admitted pro hac vice)
Samuel Kava (admitted pro hac vice)
200 South Biscayne Blvd., Suite 4900
Miami, Florida
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Email: tlauria@whitecase.com
         laura.femino@whitecase.com
         sam.kava@whitecase.com

Glenn M. Kurtz (admitted pro hac vice)
Harrison Denman (admitted pro hac vice)
Camille M. Shepherd (admitted pro hac vice)
Elizabeth C. Stainton (admitted pro hac vice)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: gkurtz@whitecase.com
         harrison.denman@whitecase.com
         camille.shepherd@whitecase.com
         elizabeth.stainton@whitecase.com

Charles Koster (Texas Bar No. 24128278)
609 Main Street, Suite 2900
Houston, Texas 77002
Telephone: (713) 496-9700
Facsimile: (713) 496-9701
Email: charles.koster@whitecase.com


Counsel for:
Rangers Baseball Express LLC

## <u>CERTIFICATE OF SERVICE</u>

       I certify that on April 10, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ William A. (Trey) Wood III*
William A. (Trey) Wood III
