**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| DIAMOND SPORTS GROUP, LLC, *et al.*,[1] | ) | Case No. 23-90116 (CML) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**DEBTORS' THIRD OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM**
**(MODIFY AND ALLOW CLAIMS)**

> **THIS OBJECTION SEEKS TO MODIFY AND ALLOW CERTAIN PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON SCHEDULE 1 TO THE PROPOSED ORDER ATTACHED TO THIS OBJECTION.**

> **THIS IS AN OBJECTION TO YOUR CLAIM.  THE OBJECTING PARTY IS ASKING THE COURT TO MODIFY AND ALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE.  YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE.  IF YOU DO NOT REACH AN AGREEMENT, YOU MUST FILE A RESPONSE TO THIS OBJECTION AND SEND A COPY OF YOUR RESPONSE TO THE OBJECTING PARTY WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE OBJECTION IS NOT VALID.  IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE MODIFIED AND ALLOWED WITHOUT A HEARING.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this objection:[2]

**Relief Requested**

1.     The Debtors seek entry of an order, substantially in the form attached hereto, modifying and allowing each of the Claims identified on Schedule 1 to the proposed order

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/DSG.  The Debtors' service address for purposes of these chapter 11 cases is:  c/o Diamond Sports Group, LLC, 3003 Exposition Blvd., Santa Monica, CA 90404.

[2]   Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the *Debtors' Motion for Entry of an Order (A) Approving (I) Omnibus Claims Objections Procedures and (II) Filing of Substantive Omnibus Claims Objections, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [Docket No. 1850].

(collectively, the "Modify and Allow Claims") because the Debtors determined, based on their books and records, that each such Claim (a) does not accurately reflect the correct amount of each such Claim against the Debtors, and (b) in certain instances, was filed against an incorrect Debtor and/or in an incorrect classification.   In support of this objection, the Debtors submit the declaration of Daniel Kelsall, a Partner at AlixPartners, LLP (the "Kelsall Declaration"), attached hereto as **Exhibit A**.

## Jurisdiction and Venue

2.        The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.        Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.        The bases for the relief requested herein are section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, rules 3007-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules"), paragraphs 33 and 34 of the *Procedures for Complex Cases in the Southern District of Texas*, and the Objection Procedures Order (as defined below).

## Claims Reconciliation Process

5.        On May 12, 2023, each of the Debtors filed their schedules of assets and liabilities, schedules of current income and expenditures, and schedules of executory contracts and unexpired leases (collectively, the "Schedules") and statements of financial affairs (collectively,

the "Statements") [Docket Nos. 597–648, 654–661].  On July 18, 2023, Debtor Diamond Ohio Holdings II, LLC filed amended Schedules and Debtor Diamond Sports Net, LLC filed amended Schedules and Statements [Docket Nos. 968, 971–972].

6.     On June 7, 2023, the Court entered an order [Docket No. 837] establishing certain dates and deadlines for filing Proofs of Claim in these chapter 11 cases (the "Bar Date Order"). Pursuant to the Bar Date Order, the Court established Monday, July 17, 2023, at 5:00 p.m. (prevailing Central Time) and Monday, September 11, 2023, at 5:00 p.m. (prevailing Central Time) as the deadlines for non-governmental units and governmental units, respectively, to file Proofs of Claim.

7.     According to the official register of Claims (the "Claims Register") maintained by Kroll Restructuring Administration LLC, the Debtors' claims, noticing, and solicitation agent, more than 500 Proofs of Claim have been filed against the Debtors in these chapter 11 cases as of the date hereof.  Given the large number of Claims in these chapter 11 cases, the Debtors sought and were granted approval to file omnibus objections to certain Claims in accordance with the procedures (the "Objection Procedures") approved pursuant to the *Order (A) Approving (I) Omnibus Claims Objections Procedures and (II) Filing of Substantive Omnibus Claims Objections, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [Docket No. 1940] (the "Objection Procedures Order").

8.     The Debtors and their advisors have been working diligently to review the Proofs of Claim, including supporting documentation, if any, filed together with any Proof of Claim.  For the reasons set forth in more detail below, and based on their review to date, the Debtors have determined that the Modify and Allow Claims should be modified and allowed as set forth herein.

**Objection**

9.      Section 502(a) of the Bankruptcy Code provides, in pertinent part, as follows: "[a] claim or interest, proof of which is filed under section 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  Moreover, Bankruptcy Rule 3007 provides certain grounds upon which "objections to more than one claim may be joined in an omnibus objection," which include when "the objections are based solely on the grounds that the claims should be disallowed, in whole or in part, because":   (a) "they duplicate other claims"; (b) "they have been filed in the wrong case"; (c) "they have been amended by subsequently filed proofs of claim"; (d) "they have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order"; (e) "they were presented in a form that does not comply with applicable rules"; or (f) "they are interests, rather than claims."  Fed. R. Bankr. P. 3007(d).

10.      In addition to those grounds expressly set forth in Bankruptcy Rule 3007(d), the Objection Procedures Order authorized the Debtors to file omnibus objections to Claims on the grounds that such Claims, in part or in whole:  (a) are inconsistent with the Debtors' books and records;  (b) fail to specify the asserted Claim amount (or only list the Claim amount as "unliquidated");  (c) seek recovery of amounts for which the Debtors are not liable;  (d) are incorrectly or improperly classified;  (e) have been formally withdrawn by the claimant through the filing of a pleading or through the entry of a Court order indicating withdrawal of the Claim;  (f) are filed against non-Debtors, the incorrect Debtor, or are filed incorrectly against multiple Debtors; (g) fail to specify a Debtor against whom the Claim is asserted;  (h) are disallowed pursuant to section 502 of the Bankruptcy Code;  (i) fail to comply with the requirements for a proof of claim in that they do not sufficiently specify the basis for the Claim or lack sufficient supporting documentation therefor;  (j) are disallowed or subordinated to all Claims or interests senior to or

4

equal to the asserted Claim or interest arising out of the purchase or sale of a security of a Debtor or affiliate thereof pursuant to section 510(b) of the Bankruptcy Code; (k) are disallowed pursuant to, or asserted in an amount, priority, or on terms that are otherwise inconsistent with, the Debtors' chapter 11 plan; (l) seek priority in an amount that exceeds a statutory limit or otherwise improperly assert a right to priority treatment; or (m) are satisfied by payment in full or in part on account of such Claim from a party that is not a Debtor, including one or more of the Debtors' insurers.  Objection Procedures ¶ 1.

11.     As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes prima facie evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code.  *See, e.g.*, *In re Jack Kline Co., Inc.*, 440 B.R. 712, 742 (Bankr. S.D. Tex. 2010) (holding that "a proof of claim is prima facie evidence of the pre-petition debt owed"); *In re Tran,* 351 B.R. 440, 444 (Bankr. S.D. Tex. 2006), *aff'd*, 369 B.R. 312 (S.D. Tex. 2007) (holding that "[a] properly filed proof of claim is prima facie evidence of the validity and amount of the claim.").  A proof of claim loses the presumption of prima facie validity under Bankruptcy Rule 3001(f) if an objecting party refutes at least one of the allegations that are essential to the claim's legal sufficiency.  *See In re Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988) ("If . . . evidence rebutting the claim is brought forth, then the claimant must produce additional evidence to prove the validity of the claim by a preponderance of the evidence.") (internal quotations omitted).  Once such an allegation is refuted, the burden reverts to the claimant to prove the validity of its claim by a preponderance of the evidence.  *Id*.  However, despite this shifting burden during the claim objection process, "the ultimate burden of proof always rests upon the claimant."  *Id.*

12.     As set forth in the Kelsall Declaration, the Debtors have thoroughly reviewed their books and records, the Claims Register, the relevant Proofs of Claim, and the supporting documentation provided by the claimant (if any), and have determined that each Modify and Allow Claim identified on Schedule 1 to the proposed order (a) does not accurately reflect the correct amount of each such Claim against the Debtors, and (b) in certain instances, was filed against an incorrect Debtor and/or in an incorrect classification.  Specifically, the Debtors determined that the Modify and Allow Claims consist of the following categories of Claims, in each case as specified in the column labeled "Basis for Modification" on Schedule 1 to the proposed order:

a.     Reduce Claims.  The Claims identified as "Reduce Claims" in the "Basis for Modification" column on Schedule 1 to the proposed order consist of Claims for which the asserted amount should be reduced to reflect one or more of the following:  (i) postpetition payments made by the Debtors in satisfaction of the portion of such Proofs of Claim asserting postpetition Claims; (ii) the portion of such Proofs of Claim asserted against and previously satisfied by entities that are not Debtors in the chapter 11 cases and for which the Debtors have no liability; (iii) postpetition payments made in satisfaction of prepetition amounts that were directly paid by Sinclair and are not remaining liabilities of the Debtors; (iv) prepetition amounts owed to the Debtors by such claimants; and/or (v) postpetition payments in satisfaction of prepetition amounts made by the Debtors to such claimants pursuant to the *Order (I) Authorizing the Debtors to (A) Pay Prepetition Wages and Other Workforce Obligations and (B) Continue Workforce Benefits Programs and Pay Related Obligations, and (II) Granting Related Relief* [Docket No. 149].

b.     Incorrect Debtor & Reduce Claim.  The Proof of Claim identified as "Incorrect Debtor & Reduce Claim" in the "Basis for Modification" column on Schedule 1 to the proposed order consists of a Claim (i) for which the asserted amount should be reduced in an amount equal to the portion of such Proof of Claim asserted against and previously satisfied by entities that are not Debtors in the chapter 11 cases and for which the Debtors have no liability, and (ii) which were asserted against the incorrect Debtor based on the Debtors' books and records.

c.     Incorrect Debtor Reduce & Reclassify Claim.  The Proof of Claim identified as an "Incorrect Debtor Reduce & Reclassify Claim" in the "Basis for Modification" column on Schedule 1 to the proposed order consists of a Claim (i) for which the asserted amount should be reduced to reflect

postpetition payments made by the Debtors in partial satisfaction of the portion of such Proof of Claim asserting postpetition Claims and amounts that are duplicative of Claims already asserted therein and that were filed in an incorrect classification, and (ii) which was asserted against the incorrect Debtor based on the Debtors' books and records.

13.     The Debtors have determined that the amounts asserted in each such Modify and Allow Claim and as set forth in the column labeled "Asserted Claim Amount and Priority" on Schedule 1 to the proposed order should be modified and allowed in the amount set forth in the column labeled "Modified Claim Amount and/or Priority" on Schedule 1 to the Proposed Order. The Debtors believe that the amounts identified in the column labeled "Modified Claim Amount and/or Priority" on Schedule 1 to the proposed order are consistent with the Debtors' books and records.

14.     Additionally, with respect to the Incorrect Debtor & Reduce Claim and the Incorrect Debtor Reduce & Reclassify Claim identified in the column labeled "Basis for Modification" on Schedule 1 to the proposed order, the Debtors have determined that (a) the Debtor against which the applicable Proof of Claim was filed and that is identified in the "Original Debtor" column on Schedule 1 to the proposed order should be modified to reflect the Debtor identified in the "Proposed Debtor" column on Schedule 1 to the proposed order, and (b) the asserted classification of the Incorrect Debtor Reduce & Reclassify Claim identified in the "Asserted Claim Amount and Priority" column on Schedule 1 to the proposed order should be modified to reflect the classification identified in the "Modified Claim Amount and/or Priority" column on Schedule 1 to the proposed order.

15.     Failure to modify and allow the Modify and Allow Claims as set forth herein and in accordance with Schedule 1 to the proposed order could result in the applicable claimants receiving unwarranted recoveries on account of their Claims to the detriment of the Debtors'

estates.  Moreover, the modification of such Claims will streamline and enable the Debtors to maintain a more accurate Claims Register in these chapter 11 cases.  Accordingly, the Debtors respectfully request that the Court enter the proposed order modifying and allowing the Modify and Allow Claims identified on <u>Schedule 1</u> to the proposed order.

## **<u>Reservation of Rights</u>**

16.     This objection is limited to the grounds stated herein.  Accordingly, it is without prejudice to the rights of the Debtors or any other party in interest to object to any of the Modify and Allow Claims (to the extent they are not modified and allowed pursuant to an order of the Court approving this objection) on any grounds whatsoever.  The Debtors hereby reserve the right to amend, modify, and/or supplement this objection.

## **<u>Separate Contested Matter</u>**

17.     To the extent that a response is filed regarding any Modify and Allow Claim and the Debtors are unable to resolve any such response, each such Modify and Allow Claim, and this objection as it pertains to such Modify and Allow Claim, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Further, the Debtors request that any order entered by the Court regarding an objection asserted herein be deemed a separate order with respect to each Proof of Claim.

## **<u>Notice</u>**

18.     The Debtors will provide notice of this objection to (a) the holders of the Modify and Allow Claims, (b) the parties on the Master Service List available on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/DSG, and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors respectfully request that the Court enter the proposed order, substantially in the form attached hereto, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

April 26, 2024

Respectfully submitted,

*/s/ John F. Higgins*

**PORTER HEDGES LLP**
John F. Higgins (TX Bar No. 09597500)
M. Shane Johnson (TX Bar No. 24083263)
Megan Young-John (TX Bar No. 24088700)
Bryan L. Rochelle (TX Bar No. 24107979)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jhiggins@porterhedges.com
sjohnson@porterhedges.com
myoung-john@porterhedges.com
brochelle@porterhedges.com

- and -

**WILMER CUTLER PICKERING HALE AND DORR LLP**
Andrew N. Goldman (admitted *pro hac vice*)
Benjamin W. Loveland (admitted *pro hac vice*)
Lauren R. Lifland (admitted *pro hac vice*)
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
andrew.goldman@wilmerhale.com
benjamin.loveland@wilmerhale.com
lauren.lifland@wilmerhale.com

*Section 327(e) Counsel to the Debtors and Debtors in Possession*

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Brian S. Hermann (admitted *pro hac vice*)
Andrew M. Parlen (admitted *pro hac vice*)
Joseph M. Graham (admitted *pro hac vice*)
Alice Nofzinger (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
bhermann@paulweiss.com
aparlen@paulweiss.com
jgraham@paulweiss.com
anofzinger@paulweiss.com

*Counsel to the Debtors and Debtors in Possession*

**<u>Certificate of Service</u>**

I certify that on April 26, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ John F. Higgins*
John F. Higgins