IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| DIAMOND SPORTS GROUP, LLC, *et al.*,[1] | ) ) ) | Case No. 23-90116 (CML) |
| Debtors. | ) ) ) | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE REJECTION OF THE AT&T AGREEMENT AND (II) GRANTING RELATED RELIEF**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within 21 days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within 21 days from the date this motion was filed. Otherwise, the court may treat the pleading as unopposed and grant the relief requested.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion:

### Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto, (a) authorizing the rejection of the AT&T Agreement (as defined below), effective as of May 31, 2024, and (b) granting related relief.

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of*

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/DSG. The Debtors' service address for purposes of these chapter 11 cases is: c/o Diamond Sports Group, LLC, 3003 Exposition Blvd., Santa Monica, CA 90404.

*Texas*, dated May 24, 2012 (the "Amended Standing Order"). The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are section 365 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rules 6004 and 6006, and Rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules").

**Background**

5. On March 14 and 15, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On March 15, 2023, the Court entered an order authorizing the joint administration and procedural consolidation of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On March 27, 2023, the Office of the United States Trustee for the Southern District of Texas appointed an official committee of unsecured creditors. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

6. Debtor Diamond Sports Group, LLC is party to an agreement with AT&T Corp. ("AT&T") executed December 18, 2020 with AT&T MA Reference No.: 201401294645UA (as amended, restated, amended and restated, supplemented, or otherwise modified from time to time, including, without limitation, by that certain Amendment No. 1 to AT&T Global Video Service Pricing Schedule (No. 92078) executed April 13, 2021, and that certain Amended and Restated

Pricing Schedule No. 92078 executed December 14, 2021, the "AT&T Agreement"). Pursuant to the AT&T Agreement, AT&T provides broadcasting services to the Debtors through the AT&T Global Video Service. The current term of the AT&T Agreement expires on February 24, 2025.

7. In connection with their restructuring efforts, the Debtors have been conducting an ongoing analysis of their operational costs and executory contracts to identify cost-saving opportunities. As part of this process, the Debtors identified an alternative service provider that was willing to provide similar services as provided under the AT&T Agreement, but on more favorable economic terms for the Debtors. Based on the anticipated cost savings, the Debtors determined that entering into an agreement with the alternative service provider and rejecting the AT&T Agreement was in the best interests of their estates and a prudent exercise of their business judgment. Accordingly, the Debtors have determined that they no longer need the services provided under the AT&T Agreement and have filed this motion to request authorization to reject the AT&T Agreement.

**Basis for Relief**

**I. Rejection of the AT&T Agreement Constitutes a Sound Exercise of the Debtors' Business Judgment**

8. Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may . . . reject any executory contract . . . of the debtor." 11 U.S.C. § 365(a). "This provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996).

9. The business judgment standard applies to a court's review of a debtor's decision to reject an executory contract. *See Richmond Leasing Co.* v. *Cap. Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) ("It is well established that 'the question whether a lease should be rejected .

3

. . is one of business judgment.'" (quoting *Grp. of Institutional Invs.* v. *Chi., Milwaukee, St. Paul & Pac. R.R. Co.*, 318 U.S. 523, 550 (1943))); *see also In re Texas Sheet Metals, Inc.*, 90 B.R. 260, 264 (Bankr. S.D. Tex. 1988) ("The traditional business judgment standard governs the rejection of ordinary executory contracts."). Rejection of an executory contract is appropriate where such rejection would benefit the estate. *See In re Pisces Energy, LLC*, No. 09-36591-H5-11, 2009 WL 7227880, at *6 (Bankr. S.D. Tex. Dec. 21, 2009) ("Courts apply the 'business judgment test,' which requires a showing that the proposed course of action will be advantageous to the estate and the decision be based on sound business judgment."); *see also In re Orion Pictures Corp.*, 4 F.3d 1095, 1098–99 (2d Cir. 1993) (stating that section 365 of the Bankruptcy Code permits a debtor in possession, subject to court approval, to decide which executory contracts would be beneficial to reject). Under the business judgment standard, "a bankruptcy court should only withhold approval when 'the debtor's judgment is clearly erroneous, too speculative, or contrary to the provisions of the Bankruptcy Code.'" *In re J.C. Penney Direct Mktg. Servs., L.L.C.*, 50 F.4th 532, 534 (5th Cir. 2022) (quoting *Richmond Leasing*, 762 F.2d at 1309); *see also Mission Prod. Holdings, Inc.* v. *Tempnology, LLC*, 139 S. Ct. 1652, 1658 (2019) ("The bankruptcy court will generally approve th[e] choice [to assume or reject a contract], under the deferential 'business judgment' rule."); *In re Idearc Inc.*, 423 B.R. 138, 162 (Bankr. N.D. Tex. 2009) ("In the absence of a showing of bad faith or an abuse of business discretion, the debtor's business judgment will not be altered."), *aff'd*, 662 F.3d 315 (5th Cir. 2011).

10. The Debtors have entered into an agreement with another provider for similar services at pricing that is more favorable for their estates and the Debtors' go-forward business. Accordingly, the Debtors respectfully request that the Court approve rejection of the AT&T Agreement as of May 31, 2024.

## Notice

11. The Debtors will provide notice of this motion to (a) the parties on the Master Service List available on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/DSG, (b) AT&T, and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the proposed order, substantially in the form attached hereto, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

May 7, 2024

Respectfully submitted,

/s/ *John F. Higgins*
**PORTER HEDGES LLP**
John F. Higgins (TX Bar No. 09597500)
M. Shane Johnson (TX Bar No. 24083263)
Megan Young-John (TX Bar No. 24088700)
Bryan L. Rochelle (TX Bar No. 24107979)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jhiggins@porterhedges.com
sjohnson@porterhedges.com
myoung-john@porterhedges.com
brochelle@porterhedges.com

- and -

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Brian S. Hermann (admitted *pro hac vice*)
Andrew M. Parlen (admitted *pro hac vice*)
Joseph M. Graham (admitted *pro hac vice*)
Alice Nofzinger (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
bhermann@paulweiss.com
aparlen@paulweiss.com
jgraham@paulweiss.com
anofzinger@paulweiss.com

*Counsel to the Debtors and Debtors in Possession*

**Certificate of Service**

    I certify that on May 7, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

    */s/ John F. Higgins*
    John F. Higgins