**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DIAMOND SPORTS GROUP, LLC, *et al.*,[1] | ) | Case No. 23-90116 (CML) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY OF AN ORDER**
**AUTHORIZING ASSUMPTION OF DIRECTV AGREEMENTS, AS AMENDED**

> **Emergency relief has been requested. Relief is requested not later than 2:00 p.m. (prevailing Central Time) on May 15, 2024.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on May 15, 2024, at 2:00 p.m. (prevailing Central Time) in Courtroom 401, 4th floor, 515 Rusk Street, Houston, Texas 77002. Participation at the hearing will be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's home page. The meeting code is "JudgeLopez." Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Lopez's home page. Select the case name, complete the required fields, and click "Submit" to complete your appearance.**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>")

respectfully state as follows in support of this motion:

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/DSG.  The Debtors' service address for purposes of these chapter 11 cases is:  c/o Diamond Sports Group, LLC, 3003 Exposition Blvd., Santa Monica, CA 90404.

**Relief Requested**

1.      By this motion, the Debtors seek expedited entry of an order, substantially in the form attached hereto, (a) authorizing the assumption of the agreements listed on **Exhibit A** hereto (as amended, supplemented, extended, and modified from time to time, including via the Renewal Agreement (as defined below), the "DIRECTV Agreements"), by and among certain of the Debtors and DIRECTV, LLC ("DIRECTV"), and performance of all obligations thereunder in accordance with the terms set forth therein, and (b) granting related relief.

**Jurisdiction and Venue**

2.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012 (the "Amended Standing Order").  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      The bases for the relief requested herein are sections 105(a) and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rules 6004 and 6006, and Rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules").

**Background**

4.      On March 14 and 15, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  On March 15, 2023, the Court entered an order authorizing the joint administration and procedural consolidation of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.  The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On March 27, 2023, the Office of the United States Trustee for the Southern District of Texas appointed an official committee of unsecured creditors (the "Committee").  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

5.      DIRECTV is one of the largest multichannel video programming distributors ("MVPDs") who distribute the Debtors' local sports content.  The DIRECTV Agreements grant DIRECTV the right to distribute the Debtors' content to its subscribers in exchange for the payment of regularly scheduled fees to the Debtors.  The term of the DIRECTV Agreements was scheduled to expire in the coming months.

6.      Since the filing of their chapter 11 plan (the "Plan"), the Debtors have been engaging with their larger MVPD partners, including DIRECTV, on go-forward arrangements in connection with the reorganization contemplated by the Plan.  On May 1, 2024, after weeks of arduous, good-faith negotiations among the senior-most executives of the Debtors and DIRECTV, the parties reached agreement on the terms (the "Renewal Agreement") of a multi-year renewal of the DIRECTV Agreements, which provides for the vital continued carriage of the Debtors' content on DIRECTV's services.

7.      The effectiveness of the Renewal Agreement, which extends the term of the DIRECTV Agreements for a period of years, contains mutual releases, and provides the parties a clean-slate going forward, is conditioned on the Debtors' assumption of the DIRECTV Agreements.   Assumption of the DIRECTV Agreements as contemplated by the Renewal Agreement also resolves the disputes that are the subject of the *Debtors' Motion (I) to Enforce the Automatic Stay Against DIRECTV, LLC; (II) to Compel Performance of DIRECTV, LLC's Obligations Under an Executory Contract; and (III) for Related Relief* [Docket No. 1253] (the "Enforcement Motion") and the associated payment-related matters raised by DIRECTV. Accordingly, the Debtors have agreed to withdraw the Enforcement Motion with prejudice upon approval of this motion.

8.      Because revenue generated from the continued carriage of the Debtors' content on DIRECTV's platforms is a crucial component of the Debtors' go-forward business plan, the Debtors submit that assumption of the DIRECTV Agreements, as amended by the Renewal Agreement, is a sound exercise of their business judgment.   Moreover, before entry into the Renewal Agreement, the Debtors consulted with the requisite parties to their Restructuring Support Agreement ("RSA") about the terms of the renewal and obtained the necessary consents under the RSA to enter into the Renewal Agreement.

### Basis for Relief

9.      Section 365(a) of the Bankruptcy Code authorizes a debtor in possession to assume or reject its executory contracts and unexpired leases, subject to the approval of the bankruptcy court:

> Except as provided in . . . subsections (b), (c), and (d) of this section, the trustee, subject the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.

11 U.S.C. § 365(a).

10.     The decision to assume or reject an executory contract or unexpired lease pursuant to section 365 is a matter within the "business judgment" of the debtor in possession.  *See Richmond Leasing Co.* v. *Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985); *In re Pisces Energy*, 2009 WL 7227880, at *6 (Bankr. S.D. Tex. Dec. 21, 2009) ("Courts apply the 'business judgment test,' which requires a showing that the proposed course of action will be advantageous to the estate and the decision be based on sound business judgment.").  Under the business judgment rule, debtors are given significant discretion when requesting to assume or reject a contract.  *See In re Idearc Inc.*, 423 B.R. 138, 162 (Bankr. N.D. Tex. 2009), *aff'd*, 662 F.3d 315 (5th Cir. 2011) ("In the absence of a showing of bad faith or an abuse of business discretion, the debtor's business judgment will not be altered."); *In re Continental Airlines Corp.*, 57 B.R. 845, 851 (Bankr. S.D. Tex. 1985) (same).

11.     Upon a finding that a debtor exercised its sound business judgment in determining that assumption of an executory contract or unexpired lease is in the best interests of its estate, a court should approve the assumption or rejection under section 365(a) of the Bankruptcy Code. *See Richmond Leasing Co.*, 762 F.2d at 1309; *Summit Land Co.* v. *Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

12.     Here, the Debtors believe that assumption of the DIRECTV Agreements, as amended by the Renewal Agreement, is a sound exercise of their business judgment and is without debate in the best interests of their estates.  By assuming the DIRECTV Agreements, the Debtors ensure that their broadcast content will continue to be carried on DIRECTV's services, and

therefore that the Debtors will continue receiving revenue from DIRECTV for such content, for several years to come.  The revenue that the Debtors anticipate receiving pursuant to the DIRECTV Agreements forms a critical component of the Debtors' go-forward business plan and projections, which underlie the reorganization contemplated by Debtors' Plan.  Further, upon approval of the requested relief and withdrawal of the Enforcement Motion, DIRECTV has agreed to release the fees withheld in connection with the disputes set forth in the Enforcement Motion and DIRECTV's objection thereto, which will provide an additional influx of funds to the Debtors' estates.

13.     For these reasons, the relief requested herein is necessary, appropriate, and in the best interests of the Debtors, their estates, and all other parties in interest.  Accordingly, the Debtors respectfully request that the Court authorize the assumption of the DIRECTV Agreements and the Debtors' performance of all obligations contemplated thereunder.

## Emergency Consideration

14.     Pursuant to Local Rule 9013-1, the Debtors respectfully request emergency consideration of this motion.  Any delay in granting the relief requested therein would cause irreparable harm to the Debtors.  The Renewal Agreement requires the Debtors to seek emergency approval of the assumption of the DIRECTV Agreements as a condition to effectiveness. Accordingly, the Debtors respectfully request that the Court grant the relief requested in this motion on an emergency basis, on or before May 15, 2024.

## Waiver of Bankruptcy Rule 6004(a) and 6004(h)

15.     The Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

**<u>Notice</u>**

16.     The Debtors will provide notice of this motion to (a) the parties on the Master Service List available on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/DSG, (b) DIRECTV, (c) counsel to DIRECTV, and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the proposed order, substantially in the forms attached hereto, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated:  May 8, 2024
       Houston, Texas

Respectfully submitted,

*/s/ John F. Higgins*

**PORTER HEDGES LLP**
John F. Higgins (TX Bar No. 09597500)
M. Shane Johnson (TX Bar No. 24083263)
Megan Young-John (TX Bar No. 24088700)
Bryan L. Rochelle (TX Bar No. 24107979)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jhiggins@porterhedges.com
sjohnson@porterhedges.com
myoung-john@porterhedges.com
brochelle@porterhedges.com

- and -

**WILMER CUTLER PICKERING HALE AND DORR LLP**
Andrew N. Goldman (admitted *pro hac vice*)
Benjamin W. Loveland (admitted *pro hac vice*)
Lauren R. Lifland (admitted *pro hac vice*)
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
andrew.goldman@wilmerhale.com
benjamin.loveland@wilmerhale.com
lauren.lifland@wilmerhale.com

*Section 327(e) Counsel to the Debtors and Debtors in Possession*

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Brian S. Hermann (admitted *pro hac vice*)
Andrew M. Parlen (admitted *pro hac vice*)
Joseph M. Graham (admitted *pro hac vice*)
Alice Nofzinger (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
bhermann@paulweiss.com
aparlen@paulweiss.com
jgraham@paulweiss.com
anofzinger@paulweiss.com

*Counsel to the Debtors and Debtors in Possession*

**<u>Certificate of Accuracy</u>**

I certify that the facts and circumstances described in the above pleading giving rise to the emergency request for relief are true and correct to the best of my knowledge, information, and belief.  This statement is made pursuant to Local Rule 9013-1(i).

*/s/ Andrew N. Goldman*
Andrew N. Goldman

**<u>Certificate of Service</u>**

I certify that on May 8, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ John F. Higgins*
John F. Higgins
