IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| DIAMOND SPORTS GROUP, LLC, *et al.*,[1] | Case No. 23-90116 (CML) |
| Debtors. | (Jointly Administered) |

### DEBTORS' EMERGENCY MOTION FOR DISCOVERY CONFERENCE

> Emergency relief has been requested.  Relief is requested not later than 11:30 a.m. (prevailing Central Time) on June 18, 2024.
>
> If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing, if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph.  Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.
>
> A virtual hearing will be conducted on this matter on June 18, 2024, at 11:30 a.m. (prevailing Central Time). Participation at the hearing will be permitted by an audio and video connection.
>
> Audio communication will be by use of the Court's dial-in facility.  You may access the facility at (832) 917-1510.  Once connected, you will be asked to enter the conference room number.  Judge Lopez's conference room number is 590153.  Video communication will be by use of the GoToMeeting platform.  Connect via the free GoToMeeting application or click the link on Judge Lopez's home page.  The meeting code is "JudgeLopez." Click the settings icon in the upper right corner and enter your name under the personal information setting.
>
> Hearing appearances must be made electronically in advance of both electronic and in-person hearings.  To make your appearance, click the "Electronic Appearance" link on Judge Lopez's home page.  Select the case name, complete the required fields, and click "Submit" to complete your appearance.

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") respectfully state as follows in support of this motion:

---

[1]  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/ DSG. The Debtors' service address for purposes of these chapter 11 cases is: c/o Diamond Sports Group, LLC, 3003 Exposition Blvd., Santa Monica, CA 90404.

1.	The Debtors respectfully request the Court's assistance in resolving the extant discovery disputes between the Leagues (defined below) on the one hand, and the Distributors (defined below) and Amazon (defined below) on the other hand, in connection with the Debtors' upcoming confirmation hearings on July 29-30, 2024.  Such disputes concern the Leagues' requests that the Debtors produce documents and information that the Debtors cannot produce or provide on their own, given the strict confidentiality provisions contained in their contracts with the Distributors and Amazon.

2.	On May 9, 2024, the Office of the Commissioner of Baseball d/b/a Major League Baseball ("MLB"), served 18 document requests on the Debtors.  *See* **Exhibit A** (the "MLB Document Requests").  On May 23, 2024, MLB served 20 interrogatories on the Debtors.  *See* **Exhibit B** (the "MLB Interrogatories" and, collectively with the MLB Document Requests, the "MLB Requests").[2]

3.	The MLB Requests generally seek documents and information relating to the Debtors' historical and projected financial performance, ostensibly aimed at whether the Debtors' proposed plan is feasible as required by 11 U.S.C. § 1129(a)(11).  Such requests include, but are not limited to, requests for documents and information—both historical and prospective in the

---

[2]	The National Basketball Association (the "NBA") and the National Hockey League (the "NHL") also served document requests on the Debtors in the last month.  Those requests seek substantially the same information, with one primary exception: the NHL's requests seek information related to MLB to the extent that the MLB Requests seek information about the NHL.  Given the duplicative nature of the requests, the Debtors have informed the NBA and NHL that they will respond only to the MLB Requests (except, to accommodate the NHL and the NBA, the Debtors will interpret any MLB Request covering NBA and NHL information also to cover the same MLB information, and that the Debtors will produce to the NBA and NHL the same documents and information produced to the MLB (and at the same time) provided that the NBA and NHL become parties to the *Stipulated Protective Order* [Dkt. No. 822] (the "Protective Order"), which the parties are in the process of implementing.  While the NBA and NHL have reserved all rights, they have thus far not objected to this path forward.

form of projections—concerning the Debtors' contracts with teams within the MLB, NBA and NHL (collectively, the "Leagues"), with Charter Communications, Inc., Comcast Corporation, Cox Communications, Inc., and DIRECTV, LLC, (collectively, the "Distributors"),[3] and with Amazon.com Services LLC ("Amazon"), as they relate to the Debtors' go-forward business plans and projections.  *See* Ex. A, Request Nos. 1-7, 9-13 and 16-17; Ex. B, Interrogatory Nos. 3, 5-8, 9-10, and 16.  Such contracts each contain confidentiality provisions that, in substance, prevent the Debtors from disclosing the contracts or the information therein, to third parties absent the consent of the Debtors' counterparty or a court order.[4]

4. Time is of the essence in resolving these disputes, given that the Debtors and MLB have agreed to the following schedule relating to the MLB Requests:[5]

| *Event* | *Due Date* |
|---|---|
| Service of responses and objections to the MLB Document Requests | June 14, 2024 |
| Production in response to MLB Document Request Nos. 1, 2, 4, 6, 8, 9, 11, 12, 13, 14, and 16 (related to historical information) | June 21, 2024 |
| Service of responses and objections to the MLB Interrogatory Nos. 1, 2, 4, 5, | June 21, 2024 |

---

[3] The MLB Requests purport to cover all of the Debtors' distribution partners. *See* Ex. A at 2-3 (definition of "Distributor"); Ex. B at 3 (same).  The Debtors have agreed to respond to the MLB Requests as to their four largest distribution partners as of the commencement of these chapter 11 cases—i.e., the Distributors as defined by the Debtors herein.

[4] Because the confidentiality provisions in the contracts are themselves confidential, the Debtors out of an abundance of caution do not include them with this filing.  The Debtors can make such agreements available to the Court *in camera* if that would be helpful to the Court, but respectfully submit that such review may not be necessary, as the disputes at issue are not whether the documents and information are confidential but rather to what extent such documents and information are discoverable and, to the extent they are, what, if any, protections should apply to such documents and information.

[5] The Debtors have informed the NBA and NHL of this schedule.  While the NBA and NHL have reserved all rights, they thus far have not objected to the schedule.

| Event | Due Date |
|---|---|
| 11, 14-19 (related to historical information) | |
| Production in response to the remaining MLB Document Requests | June 28, 2024 |
| Service of responses and objections to the remaining MLB Interrogatories | June 28, 2024 |
| Depositions | July 10-12, 2024 |

5.     The Debtors have conducted several "meet and confers" with the Leagues, with the Distributors, with Amazon, and then moderated a "joint" session with the Leagues and Distributors, all over the past two weeks.[6] Two categories of issues permeating these discussions remain unresolved: (1) historical and projected revenues that the Debtors have received, and expect to receive, based on the terms in the Debtors' distribution agreements with the Distributors, as well as most favored nation provisions ("MFNs") and other highly sensitive information in such contracts; and (2) information related to the Debtors' recent contracts with Amazon.

6.     With respect to the first category—the Debtors' agreements with the Distributors—the MLB Requests seek information relating to, among other things, certain contract terms (*see, e.g.,* Ex. A, Request Nos. 9 and 10) and historical and projected revenue attributable to such contracts (*see, e.g.,* Ex. A, Request No. 11). The Distributors have offered to consent to the Debtors' providing the following information to the Leagues in response to pending discovery requests on a professionals'-eyes-only basis: (a) historical revenue from the distributors on an aggregate basis (across both markets and distributors) for the past 12 months, excluding Arizona and San Diego; and (b) projected revenue from the distributors on an aggregate basis (across both markets and distributors) showing both (i) if any MFNs are triggered; and (ii) if any MFNs are not

---

[6]     Counsel for Comcast was unable to attend the joint session.

4

triggered, but have not consented to the Debtors disclosing anything more. The Leagues continue to request additional information, including, at minimum, the terms of the MFN clauses in the contracts themselves.[7]

7. With respect to the second category—Amazon—the MLB Requests seek information related to the terms of Amazon's commitment to provide exit financing through the issuance of Convertible B Exit Notes (the "Exit Financing Agreement") and the commercial agreement between the Debtors and Amazon related to distribution of the Debtors' sports programming (the "Commercial Agreement"). Amazon has consented to the production of a redacted version of the Exit Financing Agreement (and the Debtors already have provided such version to MLB and offered to provide it to the NBA and NHL, once they become parties to the Protective Order). However, the Debtors, Amazon and the Leagues have so far been unable to resolve the parties' respective concerns over disclosure in any fashion of the Commercial Agreement.[8] The Debtors will continue to work to bridge this divide, but if unable to do so, intend to return to the Court in the coming week to seek the Court's guidance on resolution of this issue as well.

8. Other than the aforenoted potential remaining Amazon dispute, the Debtors take no position on either the appropriateness of any of the MLB Requests, or the reasonableness of the Distributors' unwillingness to permit such disclosure. The Debtors would like to produce

---

[7] The Debtors do not speak for either the Leagues or the Distributors, and do not purport to state the entire position of either group in this motion. The Debtors are expressing their understanding of each group's stated position during meet-and-confers and leave it to each group (or member thereof) to articulate its complete position.

[8] The Debtors note that they have previously provided a two-page summary of the Commercial Agreement to the Leagues, and would be comfortable providing an unredacted version of such Commercial Agreement itself to the Leagues subject to the same being treated as "Outside Counsel Only Material" under the Protective Order.

information necessary for the Leagues to assess the feasibility of the Debtors' plan, but also do not wish to run afoul of applicable confidentiality provisions.  This is especially true given the importance of the Debtors' relationships with the Leagues, the Distributors, and Amazon alike.  However, given the rapidly approaching discovery deadlines and the July 29-30 confirmation hearing, the Debtors would request the Court's guidance now as to what they can produce, and in what form.

## Emergency Consideration

9. Pursuant to Local Rule 9013-1, the Debtors respectfully request emergency consideration of this motion.  Any delay in granting the relief requested therein would cause irreparable harm to the Debtors.  The first production deadline related to the MLB Requests is in one week, on June 21, 2024, and production and final interrogatory responses to be completed by June 28, 2024.  The Debtors need to ensure that they have enough time to make these productions and responses.

WHEREFORE, the Debtors respectfully request that the Court hold a status conference on June 18, 2024 and grant relief as the Court deems appropriate.

[*Remainder of page intentionally left blank*]

June 14, 2024

By:   */s/ John F. Higgins*

**PORTER HEDGES LLP**
John F. Higgins (TX Bar No. 09597500)
M. Shane Johnson (TX Bar No. 24083263)
Megan Young-John (TX Bar No. 24088700)
Bryan L. Rochelle (TX Bar No. 24107979)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jhiggins@porterhedges.com
sjohnson@porterhedges.com
myoung-john@porterhedges.com
brochelle@porterhedges.com

- and -

**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
Andrew Goldman (admitted *pro hac vice*)
Ross E. Firsenbaum (admitted *pro hac vice*)
Benjamin Loveland (admitted *pro hac vice*)
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
andrew.goldman@wilmerhale.com
ross.firsenbaum@wilmerhale.com
benjamin.loveland@wilmerhale.com

**Certificate of Service**

      I certify that on June 14, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

      */s/ John F. Higgins*
      John F. Higgins

**Certificate of Accuracy**

      I certify that the facts and circumstances described in the above pleading giving rise to the emergency request for relief are true and correct to the best of my knowledge, information, and belief. This statement is made pursuant to Local Rule 9013-1(i).

      */s/ Andrew Goldman*
      Andrew Goldman