**Exhibit A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| DIAMOND SPORTS GROUP, LLC, *et al.*,[1] | Case No. 23-90116 (CML) |
| Debtors. | (Jointly Administered) |

**REQUEST OF MAJOR LEAGUE BASEBALL AND
CERTAIN MAJOR LEAGUE BASEBALL CLUBS
FOR PRODUCTION OF DOCUMENTS**

Pursuant to rules 2004, 7026 and 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rules 26 and 34 of the Federal Rules of Civil Procedure (the "Civil Rules"), Atlanta National League Baseball Club, LLC (the "Braves"), Detroit Tigers, Inc. (the "Tigers"), Milwaukee Brewers Baseball Club, L.P. (the "Brewers"), Minnesota Twins, LLC (the "Twins"), Rangers Baseball Express LLC (the "Rangers") and Rays Baseball Club, LLC (the "Rays" and each of the Braves, Tigers, Brewers, Twins, Rangers and Rays, with certain of their affiliates, a "Club" and collectively, the "Clubs") and the Office of the Commissioner of Baseball d/b/a Major League Baseball ("MLB"), by and through its undersigned counsel, in connection with confirmation of the *Debtors' Joint Chapter 11 Plan of Reorganization* (Dkt. No. 1982) (as may be amended, modified, or supplemented from time to time, the "Plan"), hereby request that Diamond Sports Group, LLC and its affiliated debtors and debtors-in-possession (the "Debtors") produce the documents requested herein (the "Document Requests") to Sullivan

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases (as defined below) may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/DSG. The Debtors' service address for purposes of these Chapter 11 Cases is: c/o Diamond Sports Group, LLC, 3003 Exposition Blvd., Santa Monica, CA 90404.

& Cromwell LLP, Attention: James Bromley, (bromleyj@sullcrom.com) and Alexa J. Kranzley (kranzleya@sullcrom.com), no later than 5:00 p.m. EST on May 15, 2024, or by such other time as the parties shall agree.

MLB and the Clubs reserve all rights regarding the subject matter of the foregoing, and to amend, supplement and/or modify the requests herein.

## Definitions

1. Each reference to a "Person":  (i) shall be deemed to include that Person's agents, attorneys, and any other Person who acted on that Person's behalf; and (ii) with respect to entities, shall be deemed to include each and all of its subsidiaries, divisions, affiliates, predecessors and successors, and with respect to each of such entities, its officers, directors, shareholders, employees, members, partners, limited partners, representatives, agents, accountants, attorneys, and any other person who acted on its behalf.

2. "Any", "all", and "each" shall be construed broadly, and shall mean each, any, and all as necessary to bring within the scope of the Document Requests all responses that otherwise could be construed to be outside of its scope.

3. "Chapter 11 Cases" means the jointly administered cases captioned as *In re Diamond Sports Group, LLC, et al.*, Case No. 23-90116 (CML).

4. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) including, without limitation, all conversations, correspondence, facsimiles, electronic mail, or other forms of written or verbal interchange, however transmitted.

5. "Distributor" means (i) any multichannel video programming distributor, including but not limited to DIRECTV, LLC, Charter Communications, Inc., and Comcast

2

Corporation, (ii) any virtual multichannel video programming distributors, including but not limited to DIRECTV STREAM and FuboTV, and (iii) direct-to-consumer distributors, including but not limited to Bally Sports+ and Amazon.com Services LLC through Amazon Prime Video.

6. "<u>Document</u>" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), made applicable by Federal Rule of Bankruptcy Procedure 7034, and includes audio files, electronic text, e-mail messages (including draft and deleted e-mail messages and all attachments to any e-mail message), text messages, spreadsheets, Communications, and other computerized data or electronically stored information (together with all ancillary agreements and Documents related thereto). This includes any written, recorded, or graphic matter, in any language, whether produced or reproduced or stored on any medium and includes papers, trade letters, envelopes, telegrams, cables, messages, correspondence, memoranda, notes, e-mail, text messages, instant messages (including messages sent using Slack, Signal, WhatsApp or other similar application), reports, studies, press releases, comparisons, books, accounts, checks, audio and video recordings, pleadings, testimony, articles, bulletins, pamphlets, brochures, magazines, questionnaires, surveys, charts, newspapers, calendars, lists, logs, publications, notices, diagrams, instructions, diaries, meeting minutes, orders, resolutions, agendas and memorials, or notes of oral Communications, together with all notations on any of the foregoing, all originals, file copies or other unique copies of the foregoing and all versions of drafts thereof, whether used or not. A request for all Documents concerning a particular subject matter includes within its scope all Communications concerning that subject matter. A draft or non-identical copy is a separate Document within the meaning of this term. Notwithstanding the foregoing, for purposes of this set of Document Requests, Documents does not include the actual Telecast Rights Agreements, or draft amendments or supplements thereto, between the Debtors

or any affiliate or subsidiary and any NBA Team or any NHL Team.

7. "Including" means including, without limitation, or in any way qualifying, limiting or restricting the foregoing.

8. "NBA Teams" means the professional sports teams in the National Basketball Association.

9. "NHL Teams" means the professional sports teams in the National Hockey League.

10. "Telecast Rights Agreement" means any telecast rights agreement entered into by the Debtors or any affiliate or subsidiary and any related in-market streaming, sponsorship, promotional or ancillary agreements, or any agreement that amends or supplements one of the foregoing agreements.

11. "You" or "Your" means the Debtors, and all of their employees, representatives, agents, attorneys, advisors and any other entities or Persons acting on their behalf.

Instructions

1. Produce all of the requested Documents and Communications which are in Your possession or available to You, or to which You may gain access through reasonable efforts. This includes information in the possession of Your past and present attorneys, accountants, consultants, investigators, employees whether directly or indirectly retained or employed by You, or anyone else otherwise subject Your control maintaining records on Your behalf, in Your name or in Your control.

2. Produce all financial models and other non-standard electronic files, including spreadsheets, in native Excel format.

4

3. References to the singular shall include the plural and references to the plural shall include the singular; the conjunctive shall include the disjunctive and the disjunctive shall include the conjunctive; and the present tense shall include the past tense and the past tense shall include the present tense.

4. All Documents and Communications requested should be produced in the same order as they are kept, maintained, saved, or stored.

5. Any Document or Communication attached, appended or otherwise affixed to another Document or Communication must not be separated.

6. All Documents and Communications requested should be produced in the file, folder, or other container in which the Documents or Communications are kept, maintained or stored. Please also produce copies of all labels or other identifying markings.

7. In the event that any Document or Communications requested has been destroyed, discarded, lost, or is otherwise not available, such Document or Communication is to be identified as comprehensively as possible, including, without limitation, the following information: date, method and reason for disposal; person who authorized the disposal; and the person who effected the disposal.

8. The time period applicable to these Document Requests is January 1, 2023, through the present.

## Document Requests

1. Provide Documents sufficient to show the start date, end date, payment schedule, amount of rights fees and any other amounts payable to any NHL Team or NBA Team pursuant to any Telecast Rights Agreements in effect at any point between January 1, 2023 and the present.

5

2. To the extent You paid less than the full amount owed under any Telecast Rights Agreement in effect at any point between January 1, 2023 and the present between You and any NHL Team or NBA Team, provide Documents sufficient to show the amount actually paid, the date upon which payment was made, and the amount of any outstanding rights fees due to any NHL Team or NBA Team.

3. Provide Documents sufficient to show the projected or assumed telecast rights fees, any other amounts payable, duration and payment schedule related to the renegotiation of Telecast Rights Agreements in effect at any point between January 1, 2023 and the present with any NHL Teams or NBA Teams that are scheduled to expire or otherwise terminate in the next 12 months, or are expected to be amended in connection with confirmation of the Plan.

4. Provide Documents sufficient to show Your historical financial performance over the past five years arising directly or indirectly from Telecast Rights Agreements between You and any MLB Club, NHL Team, or NBA Team, including but not limited to documents sufficient to show revenues and/or profits generated pursuant to those agreements.

5. Provide Documents sufficient to show Your projected financial performance arising directly or indirectly from Telecast Rights Agreement in effect at any point between January 1, 2023 and the present between You and any MLB Club, NHL Team, or NBA Team, including but not limited to revenues and/or profits projected to be generated pursuant to those agreements.

6. Provide Documents sufficient to show costs and expenditures arising directly or indirectly from telecast rights for any MLB Club, NHL Team, or NBA Team over the

past five years, including but not limited to programming rights amortization, production expenses, operating expenses, and SG&A expenses.

7. Provide Documents sufficient to show Your projected costs and expenditures arising directly or indirectly from each Telecast Rights Agreement in effect at any point between January 1, 2023 and the present between You and any MLB Club, NHL Team, or NBA Team, including but not limited to programming rights amortization, production expenses, operating expenses and SG&A expenses.

8. Provide Documents sufficient to show Your apportionment, or potential apportionment, of telecast rights fee expenses between Your direct-to-consumer broadcasting segment and linear broadcasting segment.

9. Provide any and all distribution agreements, contracts or other similar carriage or ancillary agreements with any Distributors in effect at any point between January 1, 2023 and the present.

10. Provide any and all Documents reflecting the pro forma financial impact related to most-favored nations clauses contained in any Distributor agreement, including any Documents reflecting pro forma financial impact assuming most-favored nations clauses are triggered, as well as any analysis of impact by individual economic term and/or by Distributor.

11. Provide any and all Documents and Communications relating to Your historical financial performance over the past five years arising directly or indirectly from Your agreements with Distributors, including but not limited to the revenues and/or profits generated pursuant to those agreements.

12. Provide all Documents and Communications relating to the historical penetration rates and affiliate growth rates over the past five years for each Distributor or potential Distributor of MLB Club, NHL Team, or NBA Team telecasts.

13. Provide all Documents and Communications relating to the historical direct-to-consumer churn and monthly, seasonal and annual subscribers over the past five years for each MLB Club, NHL Team, or NBA Team.

14. Provide any and all Documents and Communications relating to historical financial performance over the past five years, including but not limited to revenues and/or profits, for each Debtor regional sports network.

15. Provide any and all Documents and Communications relating to projected financial performance, including but not limited to revenues and/or profits, for each Debtor regional sports network.

16. Provide any and all agreements underlying or related to the Restructuring Support Agreement with Amazon.com Services LLC (Dkt. No. 1613-1), including but not limited to the Convertible B Commitment Letter, exit financing, and the commercial arrangement pursuant to which Amazon Prime Video ostensibly will become the Debtors' primary direct-to-consumer streaming partner.

17. Provide any and all Documents reflecting any business plan or financial model underlying or related to the Plan, including any pro forma reflecting renegotiations of agreements or contracts with Distributors, as well as any assumptions underlying the financial model.

18. Provide any and all Documents and Communications containing a comparison or assessment of actual financial performance for any Debtor regional sports network

during the pendency of these Chapter 11 Cases with respect to the projected financial performance for the Debtor regional sports network.

Dated: May 9, 2024
       Houston, Texas

**BRACEWELL LLP**

*/s/ William A. (Trey) Wood III*
William A. (Trey) Wood III (Texas Bar No. 21916050)
711 Louisiana St., Suite 2300
Houston, Texas 77002
Telephone:  (713) 221-1166
Facsimile:  (713) 221-1212
E-mail:  trey.wood@bracewell.com

Mark Dendinger (admitted *pro hac vice*)
CityPlace I, 34th Floor, 185 Asylum Street
Hartford, Connecticut  06103
Telephone:  (860) 256-8541
Facsimile:  (800) 404-3970
E-mail:  mark.dendinger@bracewell.com

-and-

**SULLIVAN & CROMWELL LLP**
James L. Bromley (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588
E-mail: bromleyj@sullcrom.com
        kranzleya@sullcrom.com

Counsel for:
Counsel for Office of the Commissioner of Baseball d/b/a Major League Baseball Atlanta National League Baseball Club, LLC Milwaukee Brewers Baseball Club, L.P. Minnesota Twins, LLC Detroit Tigers, Inc. Rays Baseball Club, LLC

**WHITE & CASE LLP**

/s/ *Thomas E Lauria*
Thomas E Lauria (Texas Bar No. 11998025)
Laura Femino (admitted pro hac vice)
Samuel Kava (admitted pro hac vice)
200 South Biscayne Blvd., Suite 4900
Miami, Florida
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Email: tlauria@whitecase.com
  laura.femino@whitecase.com
  sam.kava@whitecase.com

Glenn M. Kurtz (admitted pro hac vice)
Harrison Denman (admitted pro hac vice)
Camille M. Shepherd (admitted pro hac vice)
Elizabeth C. Stainton (admitted pro hac vice)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: gkurtz@whitecase.com
  harrison.denman@whitecase.com
  camille.shepherd@whitecase.com
  elizabeth.stainton@whitecase.com

Charles Koster (Texas Bar No. 24128278)
609 Main Street, Suite 2900
Houston, Texas 77002
Telephone: (713) 496-9700
Facsimile: (713) 496-9701
Email: charles.koster@whitecase.com

Counsel for:
Rangers Baseball Express LLC