**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| DIAMOND SPORTS GROUP, LLC, *et al.*,[1] | Case No. 23-90116 (CML) |
| Debtors. | (Jointly Administered) |
|  | (Emergency Relief Requested) |

**DEBTORS' <u>EMERGENCY</u> MOTION FOR**
**ENTRY OF AN AGREED ORDER (I) AUTHORIZING THE REJECTION**
**OF THE STARS AGREEMENT AND (II) GRANTING RELATED RELIEF**

> **Emergency relief has been requested. Relief is requested not later than 5:00 p.m. (prevailing Central Time) on July 11, 2024.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") by and through their undersigned counsel, respectfully state as follows in support of this motion:

### Relief Requested

1.      The Debtors seek entry of an order, substantially in the form attached hereto, (a) authorizing the Debtors' rejection of the Stars Agreement (as defined below), effective as of the date of entry of the proposed order, and (b) granting related relief.

### Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of Texas (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended*

---

[1]      A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/DSG. The Debtors' service address for purposes of these chapter 11 cases is: c/o Diamond Sports Group, LLC, 3003 Exposition Blvd., Santa Monica, CA 90404.

*Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012 (the "Amended Standing Order").  The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.        Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.        The bases for the relief requested herein are sections 105(a) and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rules 6004 and 6006, and Rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules").

**Background**

5.        On March 14 and 15, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  On March 15, 2023, the Court entered an order authorizing the joint administration and procedural consolidation of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.  The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On March 27, 2023, the Office of the United States Trustee for the Southern District of Texas appointed an official committee of unsecured creditors (the "UCC"). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

6.        Debtor ARC Holdings, Ltd., which owns and operates the Bally Sports Southwest RSN, is party to a binding term sheet, effective as of October 9, 2014, with DSE Hockey Club, L.P. (the "Stars"), which owns and operates the NHL franchise known as the Dallas Stars (such agreement, as amended, restated, amended and restated, supplemented, or otherwise modified

from time to time, the "Stars Agreement").[2]  Pursuant to the Stars Agreement, the Debtors have the exclusive right to telecast all local Stars games (that are not selected for exclusive national telecast) within a specified territory in exchange for annual payments to the Stars.  The current term of the Stars Agreement extends through the conclusion of the 2024–25 NHL season.

7.     To identify their television rights agreements that are burdensome and/or unnecessary for the Debtors' go-forward business operations, the Debtors have been conducting an ongoing analysis of those agreements, reviewing the fees incurred in connection therewith, and the revenue from distributors and advertisers earned from the broadcasts of games pursuant to those agreements.  Based on their analysis, the Debtors have determined that they lose money broadcasting games pursuant to the Stars Agreement.

8.     The Debtors also have been engaged in ongoing discussions with the NHL and the Stars regarding, among other things, the Stars Agreement and the parties' go-forward relationships. During these discussions, the Stars requested that the parties mutually terminate the Stars Agreement in advance of the 2024–25 NHL season.  Following these discussions, the Debtors determined that the Stars Agreement could not be made profitable for the Debtors and should be rejected, and have agreed to that request.  Importantly, the Debtors have continued to consult with ad hoc first lien group (the "First Lien Group"), lenders under the Debtors' DIP financing facility (the "DIP Lenders"), Amazon.com Services LLC ("Amazon"), and the UCC, on the terms of their ongoing league negotiations and the analysis around their revenue under each rights agreement. In connection with their ongoing NHL negotiations, the Debtors obtained the necessary consents under the Debtors' restructuring support agreement to terminate the Stars Agreement.  The Stars

---

[2]   The Stars Agreement has not been filed with this motion because it contains confidential, sensitive, or proprietary information and is subject to confidentiality restrictions.  The relevant non-debtor counterparties are already in possession of the Stars Agreement. A complete copy of the Stars Agreement will be made available to the Court and/or, the United States Trustee upon request, subject to appropriate confidentiality protections.

have consented to the relief requested herein and entry of the proposed order.  The Debtors have

shared this motion with the advisors to the First Lien Group, the DIP Lenders, Amazon, and the

UCC prior to filing, and none object to the relief requested.

### Basis For Relief

9.      Section 365(a) of the Bankruptcy Code provides that a debtor in possession,

"subject to the court's approval, may . . . reject any executory contract or unexpired lease of the

debtor."  11 U.S.C. § 365(a).  "This provision allows a trustee to relieve the bankruptcy estate of

burdensome agreements which have not been completely performed."  *Stewart Title Guar. Co. v.*

*Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citing *In re Murexco*

*Petroleum, Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)); *see also In re Orion Pictures Corp.*, 4 F.3d 1095,

1098 (2d Cir. 1993) (noting that the purpose of rejection of executory contracts is to permit the

debtor in possession to renounce title to and abandon burdensome property).

10.     A debtor's decision to reject an executory contract or unexpired lease is ordinarily

governed by the "business judgment" standard.  *See Richmond Leasing Co. v. Capital Bankr, N.A.*,

762 F.2d 1303 1309 (5th Cir. 1985) ("It is well established that the 'question whether a lease

should be rejected . . . is one of business judgment."  (quoting *Grp. of Institutional Inv'rs v.*

*Chicago, M., St. P & P. R. Co.*, 318 U.S. 523, 550 (1943))); *see also In re Texas Sheet Metals,*

*Inc.*, 90 B.R. 260, 264 (Bankr. S.D. Tex. 1988) ("The traditional business judgment standard

governs the rejection of ordinary executory contracts.").

11.     Rejection of an executory contract is appropriate where such rejection would

benefit the estate.  *See In re Pisces Energy*, *LLC*, No. 09-36591-H5-11, 2009 WL 7227880, at \*6

(Bankr. S.D. Tex. Dec. 21, 2009) ("Courts apply the 'business judgment test,' which requires a

showing that the proposed course of action will be advantageous to the estate and the decision be

based on sound business judgment."); *see also In re Orion Pictures Corp.*, 4 F.3d at 1098–99

(stating that section 365 of the Bankruptcy Code permits a debtor in possession, subject to court approval, to decide which executory contracts would be beneficial to reject).  The business judgment standard requires a court to approve a debtor's business decision unless that decision is the product of "bad faith, or whim or caprice." *See Pisces Energy*, 2009 WL 7227880, at *6 ("In the absence of a showing of bad faith . . . the debtor's business judgment will not be altered.").

12.     Rejection of the Stars Agreement is well within the Debtors' business judgment and is in the best interest of their estates.  As a result of the Debtors' ongoing analysis of its team rights portfolio, the Debtors have determined that the costs associated with performing under the Stars Agreement for its remaining term, including payment of substantial rights fees, outweigh the revenues the Debtors are able to obtain through broadcasting Stars games.  The Debtors have determined in their business judgment that the associated costs are an unnecessary and unproductive use of estate assets and that rejection of the Stars Agreement will provide significant savings to the Debtors' estates moving forward.

13.     In addition, as discussed above, in connection with the Debtors' ongoing negotiations with the NHL and certain of their teams regarding go-forward rights agreements, the Stars requested that the parties mutually terminate the Stars Agreement, and the relief requested herein is fully consensual.  The Debtors have also obtained the necessary consents required under their restructuring support agreement to reject the Stars Agreement.  Finally, the First Lien Group, the DIP Lenders, Amazon, and the UCC have been fully apprised of the relief requested herein and do not object to entry of the proposed order.

## Emergency Consideration

14.     Pursuant to Local Rule 9013-1, the Debtors respectfully request emergency consideration of this motion.  The Debtors and the Stars have agreed on the relief requested in this motion, and having the rejection order entered is necessary to facilitate the Debtors' ongoing

negotiations with the NHL, give the Stars certainty that their relationship with the Debtors will be terminated in advance of the 2024–25 NHL season, and enable the Stars and NHL to facilitate an appropriate transition to avoid disruption to fans.

### Notice

15.     The Debtors will provide notice of this motion to (a) the parties on the Master Service List available on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/DSG, (b) the Stars, (c) the NHL, and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the proposed order, substantially in the form attached hereto, granting the relief requested herein and granting such other relief as the Court deems appropriate under the circumstances.

July 3, 2024                                              Respectfully submitted,

                                                    By:  */s/ John F. Higgins*
                                                    **PORTER HEDGES LLP**
                                                    John F. Higgins (TX Bar No. 09597500)
                                                    M. Shane Johnson (TX Bar No. 24083263)
                                                    Megan Young-John (TX Bar No. 24088700)
                                                    Bryan L. Rochelle (TX Bar No. 24107979)
                                                    1000 Main St., 36th Floor
                                                    Houston, Texas 77002
                                                    Telephone: (713) 226-6000
                                                    Facsimile:  (713) 226-6248
                                                    jhiggins@porterhedges.com
                                                    sjohnson@porterhedges.com
                                                    myoung-john@porterhedges.com
                                                    brochelle@porterhedges.com

                                                    - and -

                                                    **PAUL, WEISS, RIFKIND, WHARTON
                                                    & GARRISON LLP**
                                                    Brian S. Hermann (admitted *pro hac vice*)
                                                    Andrew M. Parlen (admitted *pro hac vice*)
                                                    Joseph M. Graham (admitted *pro hac vice*)
                                                    Alice Nofzinger (admitted *pro hac vice*)
                                                    1285 Avenue of the Americas
                                                    New York, New York 10019
                                                    Telephone: (212) 373-3000
                                                    Facsimile: (212) 757-3990
                                                    bhermann@paulweiss.com
                                                    aparlen@paulweiss.com
                                                    jgraham@paulweiss.com
                                                    anofzinger@paulweiss.com

                                                    *Counsel to the Debtors and Debtors in
                                                    Possession*

8

## **Certificate of Accuracy**

I certify that the facts and circumstances described in the above pleading giving rise to the emergency request for relief are true and correct to the best of my knowledge, information, and belief.  This statement is made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/ John F. Higgins*
John F. Higgins

## Certificate of Service

I certify that on July 3, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ John F. Higgins*
John F. Higgins