## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DIAMOND SPORTS GROUP, LLC, *et al.*,[1] | ) | Case No. 23-90116 (CML) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | (Emergency Relief Requested) |

**DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY OF AN ORDER
AUTHORIZING DEBTORS TO FILE UNDER SEAL EXHIBIT A TO THE MOTION
FOR ENTRY OF AN ORDER (I) AUTHORIZING ENTRY INTO AND
PERFORMANCE UNDER THE NBA TERM SHEET; (II) AUTHORIZING
ASSUMPTION OF CERTAIN NBA AGREEMENTS; (III) APPROVING THE FORM OF
ADEQUATE ASSURANCES TO NBA PARTIES; AND (IV)
GRANTING RELATED RELIEF**

[Related to Docket No.  2359]

> **Emergency relief has been requested. Relief is requested not later than 2:00 p.m. (prevailing Central Time) on September 3, 2024.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on September 3, 2024, at 2:00 p.m. (prevailing Central Time) in Courtroom 401, 4th floor, 515 Rusk Street, Houston, Texas 77002. Participation at the hearing will be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's home page. The meeting code is "JudgeLopez." Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Lopez's home page. Select the case name, complete the required fields, and click "Submit" to complete your appearance.**

---

[1]     A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/ DSG.  The Debtors' service address for purposes of these chapter 11 cases is:  c/o Diamond Sports Group, LLC, 3003 Exposition Blvd., Santa Monica, CA 90404.

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") respectfully state as follows in support of this motion:

## RELIEF REQUESTED

1.      The Debtors seek entry of an order substantially in the form attached hereto (the "<u>Proposed Order</u>") (i) authorizing the Debtors to file under seal the NBA Term Sheet (as defined below) attached as Exhibit A to the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing Entry Into and Performance Under the NBA Term Sheet; (II) Authorizing Assumption of Certain NBA Agreements; (III) Approving the Form of Adequate Assurances to the NBA Parties; and (IV) Granting Related Relief*, (the "<u>NBA Term Sheet Motion</u>"); and (ii) granting related relief.

## JURISDICTION AND VENUE

2.      The United States Bankruptcy Court for the Southern District of Texas (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of Texas, dated May 24, 2012 (the "<u>Amended Standing Order</u>").  The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a) and 107 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "<u>Bankruptcy Code</u>"), Bankruptcy Rule 9018, and rule 9037-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "<u>Bankruptcy Local Rules</u>").

## FACTUAL BACKGROUND

5.      After months of negotiations, the Debtors have entered into a term sheet (the "NBA

Term Sheet") with the National Basketball Association (the "NBA"), certain of its affiliates and

certain of its teams, which is attached as Exhibit A to the NBA Term Sheet Motion.  The NBA

Term Sheet modifies the terms of certain of the Debtors' rights agreements with the NBA, certain

of its affiliates and certain NBA teams.  As discussed in detail in the NBA Term Sheet Motion, the

Debtors believe that these modifications will yield significant benefits to the Debtors.

6.      The NBA Term Sheet contains highly sensitive commercial information that is

confidential to the Debtors, as well as to the NBA, certain of its affiliates and certain of its teams.

The NBA Term Sheet, and the underlying rights agreements modified by the NBA Term Sheet,

include confidentiality provisions that prohibit the parties from disclosing their terms outside of

specific exceptions that are not applicable here.

7.      Because the Debtors are prohibited under the NBA Term Sheet and the underlying

rights agreements from publicly disclosing the commercially sensitive information contained

therein (collectively, "Confidential Information"), and because disclosure of the Confidential

Information would harm the Debtors, as well as the NBA, certain of its affiliates and certain of its

teams, the Debtors seek authority to file the NBA Term Sheet under seal.

## BASIS FOR RELIEF

8.      While there is a strong presumption in favor of public access to court records,

access to judicial records is not without limit.  *See Nixon v. Warner Comm., Inc.*, 435 U.S. 589,

598 (1978).  Section 105(a) of the Bankruptcy Code codifies the inherent equitable powers of the

bankruptcy court and empowers the bankruptcy court to "issue any order, process, or judgment

that is necessary or appropriate to carry out the provisions of this title."  Section 107(b) of the

Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect

entities from potential harm that may result from the disclosure of certain confidential information. *See In re Gen. Homes Corp.*, 181 B.R. 898, 903 (Bankr. S.D. Tex. 1995).  This section provides, in relevant part, that, "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information."  11 U.S.C. § 107(b)(1).

9.      Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code.  Bankruptcy Local Rule 9037-1(c) provides, in relevant part, that "[a] motion, reply or other document may initially be filed under seal if the filing party simultaneously files a motion requesting that the document be maintained under seal."

10.     Commercial information is information that would result in "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor."  *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (quoting *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994)). Commercial information need not rise to the level of a "trade secret" to be protected under section 107(b) of the Bankruptcy Code.  *Orion Pictures*, 21 F.3d at 28.  Rather, the protections of section 107(b) of the Bankruptcy Code extend to commercial information that, if disclosed to the public, could be reasonably expected to cause the entity commercial injury by unfairly benefiting competitors.  *See In re Northstar Energy, Inc.*, 315 B.R. 425, 429 (Bankr. E.D. Tex. 2004).  Once a court determines that a party in interest is seeking to protect "commercial information," the court "is *required* to protect a requesting interested party and has no discretion to deny the application." *Orion Pictures*, 21 F.3d at 27 (emphasis in original).

11.     The Confidential Information falls within the scope of commercial information that may be protected by the Court pursuant to section 107(b)(1) of the Bankruptcy Code and

Bankruptcy Rule 9018.  Specifically, the Confidential Information contained in the NBA Term Sheet constitutes detailed proprietary and commercially sensitive information that would not typically be disclosed to the public or competing businesses.  In light of the sensitivity of the commercial information contained in the NBA Term Sheet and the parties' negotiations, it is of critical importance to the Debtors, as well as the NBA, certain of its affiliates and certain of its teams, that the Confidential Information be kept confidential so that outside parties may not appropriate the Confidential Information for their own use, to the detriment of the Debtors, their estates, and the NBA, certain of its affiliates and certain of its teams.  Public disclosure of such information would cause injury to the Debtors, as well as the NBA, certain of its affiliates and certain of its teams, and is also expressly prohibited under the confidentiality provisions of the NBA Term Sheet and the underlying rights agreements modified by the NBA Term Sheet.

12.     The NBA, certain of its affiliates, and certain of its teams already possess the unsealed version of the NBA Term Sheet, to which they are parties, and thus will not be prejudiced by this request.  Moreover, the summary of the NBA Term Sheet contained in the NBA Term Sheet Motion contains sufficient information to enable other parties in interest to evaluate whether the relief requested is a proper exercise of the Debtors' business judgment and in the best interests of the Debtors and their estates.

13.     The Debtors will make an unsealed version of the NBA Term Sheet available to (i) the Court, (ii) the U.S. Trustee, and (iii) on a professional eyes only basis, counsel to the Ad Hoc First Lien Group, the Crossholder Group, and the Committee (each as defined in the *Final Order (I) Authorizing the Debtors to (A) Enter into and Perform Under the DIP Commitment Letter, (B) Obtain Postpetition Financing, (C) Use Proceeds of the DIP Facility to Make the First Lien Paydown, (D) Use Cash Collateral, (E) Grant Liens and Provide Claims With*

*Superpriority Administrative Expense Status, and (F) Grant Adequate Protection to the Prepetition First Lien Secured Parties; (II) Modifying Automatic Stay; and (III) Granting Related Relief* [Docket No. 1834]), in accordance with the confidentiality provisions of the NBA Term Sheet and the underlying rights agreements modified by the NBA Term Sheet, and subject to appropriate confidentiality restrictions.

14. In light of the foregoing, the Debtors respectfully request that the Court protect the Confidential Information and authorize the Debtors to file the NBA Term Sheet under seal.

## **NO PRIOR REQUEST**

15. No previous request for relief sought herein has been made by the Debtors to this or any other court.

## **EMERGENCY CONSIDERATION**

16. Pursuant to Local Rule 9013-1, the Debtors respectfully request emergency consideration of this motion. For the reasons described therein, the Debtors have requested emergency consideration of the NBA Term Sheet Motion, and therefore request that this motion be heard simultaneously with the NBA Term Sheet Motion.

## **NOTICE**

17. The Debtors will provide notice of this motion to (a) the parties on the Master Service List available on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/DSG, (b) the NBA, (c) the NBA affiliates and teams that are parties to the NBA Term Sheet, and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

18.     WHEREFORE, the Debtors respectfully request that the Court (a) enter the

Proposed Order, and (b) grant such other and further relief as is just and proper.


Dated:  August 23, 2024                          Respectfully submitted,
        Houston, Texas


By:   _/s/ John F. Higgins_
      **PORTER HEDGES LLP**
      John F. Higgins (TX Bar No. 09597500)
      M. Shane Johnson (TX Bar No. 24083263)
      Megan Young-John (TX Bar No. 24088700)
      Bryan L. Rochelle (TX Bar No. 24107979)
      1000 Main St., 36th Floor
      Houston, Texas 77002
      Telephone: (713) 226-6000
      Facsimile:  (713) 226-6248
      jhiggins@porterhedges.com
      sjohnson@porterhedges.com
      myoung-john@porterhedges.com
      brochelle@porterhedges.com

      - and -

      **WILMER CUTLER PICKERING**
      **  HALE AND DORR LLP**
      Andrew Goldman (admitted _pro hac vice_)
      Benjamin Loveland (admitted _pro hac vice_)
      250 Greenwich Street
      New York, New York 10007
      Telephone: (212) 230-8800
      Facsimile:  (212) 230-8888
      andrew.goldman@wilmerhale.com
      benjamin.loveland@wilmerhale.com

## Certificate of Accuracy

I certify that the facts and circumstances described in the above pleading giving rise to the emergency request for relief are true and correct to the best of my knowledge, information, and belief.  This statement is made pursuant to Local Rule 9013-1(i).

_/s/ Andrew N. Goldman_
Andrew N. Goldman

## Certificate of Service

I certify that on August 23, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

_/s/ John F. Higgins_
John F. Higgins