# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| DIAMOND SPORTS GROUP, LLC, *et al.*,[1] | Case No. 23-90116 (CML) |
| Debtors. | (Jointly Administered) |
| | (Emergency Relief Requested) |

## DEBTORS' **EMERGENCY** MOTION FOR
## ENTRY OF AN AGREED ORDER (I) AUTHORIZING THE REJECTION
## OF AGREEMENTS WITH THE NEW ORLEANS PELICANS AND THE DALLAS
## MAVERICKS AND (II) GRANTING RELATED RELIEF

> **Emergency relief has been requested. Relief is requested not later than 2:00 p.m. (prevailing Central Time) on September 3, 2024.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on September 3, 2024, at 2:00 p.m. (prevailing Central Time) in Courtroom 401, 4th floor, 515 Rusk Street, Houston, Texas 77002. Participation at the hearing will be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's home page. The meeting code is "JudgeLopez." Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Lopez's home page. Select the case name, complete the required fields, and click "Submit" to complete your appearance.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") by and through their undersigned counsel, respectfully state as follows in support of this motion:

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/DSG. The Debtors' service address for purposes of these chapter 11 cases is: c/o Diamond Sports Group, LLC, 3003 Exposition Blvd., Santa Monica, CA 90404.

**Relief Requested**

1.  The Debtors seek entry of an order, substantially in the form attached hereto, (a) authorizing the Debtors' rejection of the Pelicans Agreement and the Mavericks Agreement (each as defined below), effective as of the date of entry of the proposed order, and (b) granting related relief.

**Jurisdiction and Venue**

2.  The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012 (the "Amended Standing Order"). The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The bases for the relief requested herein are sections 105(a) and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rules 6004 and 6006, and Rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules").

**Background**

5.  On March 14 and 15, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On March 15, 2023, the Court entered an order authorizing the joint administration and procedural consolidation of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. The Debtors are operating their

business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On March 27, 2023, the Office of the United States Trustee for the Southern District of Texas appointed an official committee of unsecured creditors (the "UCC"). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

6. Debtor ARC Holdings, Ltd., which owns and operates the Bally Sports Southwest RSN, is party to (a) an agreement, effective as of June 14, 2022, with New Orleans Pelicans NBA, LLC (the "Pelicans"), which owns and operates the NBA franchise known as the New Orleans Pelicans (such agreement, as amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "Pelicans Agreement") and (b) a telecast rights agreement, dated as of August 20, 2015, with Dallas Basketball Limited (the "Mavericks"), which owns and operates the NBA franchise known as the Dallas Mavericks (such agreement, as amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "Mavericks Agreement," and together with the Pelicans Agreements, the "Agreements").[2] Pursuant to the Agreements, the Debtors have the exclusive right to telecast all local Pelicans and Mavericks games (that are not selected for exclusive national telecast) within the teams' respective specified territories in exchange for annual payments to the teams. The current term of the Pelicans Agreement extends through the conclusion of the 2026–27 NBA season, and the current term of the Mavericks Agreement extends through the conclusion of the 2029-30 NBA season.

---

[2] The definition of "Mavericks Agreement" and "Agreements" shall also include that certain American Airlines Center Suite License Agreement, dated as of July 1, 2015, between ARC Holding, Ltd. and an affiliate of the Mavericks, which is ancillary to the telecast rights agreement with the Mavericks, and which is being rejected pursuant to this motion. The Agreements have not been filed with this motion because they contain confidential, sensitive, or proprietary information and are subject to confidentiality restrictions. The relevant non-debtor counterparties are already in possession of the Agreements. Complete copies of the Agreements will be made available to the Court and/or, the United States Trustee upon request, subject to appropriate confidentiality protections.

7. To identify their television rights agreements that are burdensome and/or unnecessary for the Debtors' go-forward business operations, the Debtors have been conducting an ongoing analysis of those agreements, reviewing the fees incurred in connection therewith, and the revenue from distributors and advertisers earned from the broadcasts of games pursuant to those agreements. Based on their analysis, the Debtors have determined that they lose money broadcasting games pursuant to the Agreements.

8. The Debtors also have been engaged in ongoing discussions with the NBA, the Pelicans, and the Mavericks regarding, among other things, the Agreements and the parties' go-forward relationships. During these discussions, the Pelicans and the Mavericks requested that the parties mutually terminate the Agreements in advance of the 2024–25 NBA season. Following these discussions, the Debtors determined that the Agreements could not be made profitable for the Debtors and should be rejected, and have agreed to that request. In connection with the rejection of the Agreements, the Pelicans and the Mavericks have agreed to refund to the Debtors certain amounts paid by the Debtors relating to the 2024-25 NBA season.[3] Importantly, the Debtors have continued to consult with ad hoc first lien group (the "First Lien Group"), lenders under the Debtors' DIP financing facility (the "DIP Lenders"), Amazon.com Services LLC ("Amazon"), and the UCC, on the terms of their ongoing league negotiations and the analysis around their revenue under each rights agreement. In connection with their ongoing NBA negotiations, the Debtors obtained the necessary consents under the Debtors' restructuring support agreement to terminate the Agreements. The Pelicans and the Mavericks have consented to the relief requested herein and entry of the proposed order. The Debtors have shared this motion with

---

[3] With respect to amounts the Debtors have paid related to the 2024-25 NBA season, the Pelicans have agreed to repay $1,310,750.82 and the Mavericks have agreed to repay $297,194.42 (collectively, the "Refund Amounts"), which represent the net amounts owed to the Debtors after crediting certain amounts owed by the Debtors to the Pelicans and the Mavericks, respectively.

the advisors to the First Lien Group, the DIP Lenders, Amazon, and the UCC prior to filing, and none object to the relief requested.

### Basis For Relief

9. Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). "This provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citing *In re Murexco Petroleum, Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)); *see also In re Orion Pictures Corp.*, 4 F.3d 1095, 1098 (2d Cir. 1993) (noting that the purpose of rejection of executory contracts is to permit the debtor in possession to renounce title to and abandon burdensome property).

10. A debtor's decision to reject an executory contract or unexpired lease is ordinarily governed by the "business judgment" standard. *See Richmond Leasing Co. v. Capital Bankr, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) ("It is well established that the 'question whether a lease should be rejected . . . is one of business judgment." (quoting *Grp. of Institutional Inv'rs v. Chicago, M., St. P & P. R. Co.*, 318 U.S. 523, 550 (1943))); *see also In re Texas Sheet Metals, Inc.*, 90 B.R. 260, 264 (Bankr. S.D. Tex. 1988) ("The traditional business judgment standard governs the rejection of ordinary executory contracts.").

11. Rejection of an executory contract is appropriate where such rejection would benefit the estate. *See In re Pisces Energy, LLC*, No. 09-36591-H5-11, 2009 WL 7227880, at *6 (Bankr. S.D. Tex. Dec. 21, 2009) ("Courts apply the 'business judgment test,' which requires a showing that the proposed course of action will be advantageous to the estate and the decision be based on sound business judgment."); *see also In re Orion Pictures Corp.*, 4 F.3d at 1098–99 (stating that section 365 of the Bankruptcy Code permits a debtor in possession, subject to court

approval, to decide which executory contracts would be beneficial to reject). The business judgment standard requires a court to approve a debtor's business decision unless that decision is the product of "bad faith, or whim or caprice." *See Pisces Energy*, 2009 WL 7227880, at *6 ("In the absence of a showing of bad faith . . . the debtor's business judgment will not be altered.").

12. Rejection of the Agreements is well within the Debtors' business judgment and is in the best interest of their estates. As a result of the Debtors' ongoing analysis of its team rights portfolio, the Debtors have determined that the costs associated with performing under the Agreements for its remaining term, including payment of substantial rights fees, outweigh the revenues the Debtors are able to obtain through broadcasting games pursuant to the Agreements. The Debtors have determined in their business judgment that the associated costs are an unnecessary and unproductive use of estate assets and that rejection of the Agreements will provide significant savings to the Debtors' estates moving forward.

13. In addition, as discussed above, in connection with the Debtors' ongoing negotiations with the NBA and certain of their teams regarding go-forward rights agreements, the Pelicans and the Mavericks requested that the parties mutually terminate the Agreements, and the relief requested herein is fully consensual. The Debtors have also obtained the necessary consents required under their restructuring support agreement to reject the Agreements. Finally, the First Lien Group, the DIP Lenders, Amazon, and the UCC have been fully apprised of the relief requested herein and do not object to entry of the proposed order.

**Emergency Consideration**

14. Pursuant to Local Rule 9013-1, the Debtors respectfully request emergency consideration of this motion. The Debtors, the Pelicans, and the Mavericks have agreed on the relief requested in this motion, and having the rejection order entered is necessary to facilitate the Debtors' ongoing negotiations with the NBA, give the Pelicans and the Mavericks certainty that

their relationship with the Debtors will be terminated in advance of the 2024–25 NBA season, and enable the teams and the NBA to facilitate an appropriate transition to avoid disruption to fans.

### Notice

15. The Debtors will provide notice of this motion to (a) the parties on the Master Service List available on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/DSG, (b) the Pelicans, (c) the Mavericks, (d) the NBA, and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the proposed order, substantially in the form attached hereto, granting the relief requested herein and granting such other relief as the Court deems appropriate under the circumstances.

August 23, 2024                              Respectfully submitted,

By: /s/John F. Higgins

**PORTER HEDGES LLP**
John F. Higgins (TX Bar No. 09597500)
M. Shane Johnson (TX Bar No. 24083263)
Megan Young-John (TX Bar No. 24088700)
Bryan L. Rochelle (TX Bar No. 24107979)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jhiggins@porterhedges.com
sjohnson@porterhedges.com
myoung-john@porterhedges.com
brochelle@porterhedges.com

- and -

**WILMER CUTLER PICKERING HALE AND DORR LLP**
Andrew Goldman (admitted *pro hac vice*)
Benjamin Loveland (admitted *pro hac vice*)
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
andrew.goldman@wilmerhale.com
benjamin.loveland@wilmerhale.com

*Counsel to the Debtors and Debtors in Possession*

**Certificate of Accuracy**

I certify that the facts and circumstances described in the above pleading giving rise to the emergency request for relief are true and correct to the best of my knowledge, information, and belief.  This statement is made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/ Andrew N. Goldman*
Andrew N. Goldman

**Certificate of Service**

I certify that on August 23, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ John F. Higgins*
John F. Higgins