IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DIAMOND SPORTS GROUP, LLC, *et al.*,[1] | ) | Case No. 23-90116 (CML) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## DEBTORS' FIFTH OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM (NO LIABILITY CLAIMS)

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON <u>SCHEDULE 1</u> TO THE PROPOSED ORDER ATTACHED TO THIS OBJECTION.**

> **THIS IS AN OBJECTION TO YOUR CLAIM. THE OBJECTING PARTY IS ASKING THE COURT TO DISALLOW AND EXPUNGE THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE. YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE. IF YOU DO NOT REACH AN AGREEMENT, YOU MUST FILE A RESPONSE TO THIS OBJECTION AND SEND A COPY OF YOUR RESPONSE TO THE OBJECTING PARTY WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE OBJECTION IS NOT VALID. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED AND EXPUNGED WITHOUT A HEARING.**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") state as follows in support of this objection:[2]

### Relief Requested

1.      The Debtors seek entry of an order, substantially in the form attached hereto, disallowing and expunging the Claims identified on <u>Schedule 1</u> to the proposed order (collectively,

---

[1]      A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/DSG. The Debtors' service address for purposes of these chapter 11 cases is: c/o Diamond Sports Group, LLC, 3003 Exposition Blvd., Santa Monica, CA 90404.

[2]      Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the *Debtors' Motion for Entry of an Order (A) Approving (I) Omnibus Claims Objections Procedures and (II) Filing of Substantive Omnibus Claims Objections, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [Docket No. 1850].

the "No Liability Claims") in their entirety because the Debtors have determined that the liability asserted in each such Proof of Claim was satisfied in the ordinary course of business prior to the Petition Date and/or that no Debtor entity is liable to the claimant on account of such asserted liability.[3]   In support of this objection, the Debtors submit the declaration of Daniel Kelsall, a Partner at AlixPartners, LLP (the "Kelsall Declaration"), attached hereto as **Exhibit A**.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, rules 3007-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules"), paragraphs 33 and 34 of the *Procedures for Complex Cases in the Southern District of Texas*, and the Objection Procedures Order (as defined below).

## Claims Reconciliation Process

5.      On May 12, 2023, each of the Debtors filed their schedules of assets and liabilities, schedules of current income and expenditures, and schedules of executory contracts and unexpired

---

[3]     To protect the privacy of the claimants who filed the No Liability Claims, the addresses of each such claimant have been omitted from Schedule 1 to the proposed order.  An unredacted version of Schedule 1 to the proposed order will be made available to the Court upon request.

leases (collectively, the "Schedules") and statements of financial affairs (collectively, the "Statements") [Docket Nos. 597–648, 654–661]. On July 18, 2023, Debtor Diamond Ohio Holdings II, LLC filed amended Schedules and Debtor Diamond Sports Net, LLC filed amended Schedules and Statements [Docket Nos. 968, 971–972].

6.      On June 7, 2023, the Court entered an order [Docket No. 837] establishing certain dates and deadlines for filing Proofs of Claim in these chapter 11 cases (the "Bar Date Order"). Pursuant to the Bar Date Order, the Court established Monday, July 17, 2023, at 5:00 p.m. (prevailing Central Time) and Monday, September 11, 2023, at 5:00 p.m. (prevailing Central Time) as the deadlines for non-governmental units and governmental units, respectively, to file Proofs of Claim.

7.      According to the official register of Claims (the "Claims Register") maintained by Kroll Restructuring Administration LLC, the Debtors' claims, noticing, and solicitation agent, more than 500 Proofs of Claim have been filed against the Debtors in these chapter 11 cases as of the date hereof. Given the large number of Claims in these chapter 11 cases, the Debtors sought and were granted approval to file omnibus objections to certain Claims in accordance with the procedures (the "Objection Procedures") approved pursuant to the *Order (A) Approving (I) Omnibus Claims Objections Procedures and (II) Filing of Substantive Omnibus Claims Objections, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [Docket No. 1940] (the "Objection Procedures Order").

8.      The Debtors and their advisors have been working diligently to review the Proofs of Claim, including supporting documentation, if any, filed together with any Proof of Claim. For the reasons set forth in more detail below, and based on their review to date, the Debtors have determined that the No Liability Claims should be disallowed and expunged as set forth herein.

3

**Objection**

9.　　Section 502(a) of the Bankruptcy Code provides, in pertinent part, as follows: "[a] claim or interest, proof of which is filed under section 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  Moreover, Bankruptcy Rule 3007 provides certain grounds upon which "objections to more than one claim may be joined in an omnibus objection," which include when "the objections are based solely on the grounds that the claims should be disallowed, in whole or in part, because":   (a) "they duplicate other claims"; (b) "they have been filed in the wrong case"; (c) "they have been amended by subsequently filed proofs of claim"; (d) "they have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order"; (e) "they were presented in a form that does not comply with applicable rules"; or (f) "they are interests, rather than claims."  Fed. R. Bankr. P. 3007(d).

10.　　In addition to those grounds expressly set forth in Bankruptcy Rule 3007(d), the Objection Procedures Order authorized the Debtors to file omnibus objections to Claims on the grounds that such Claims, in part or in whole:  (a) are inconsistent with the Debtors' books and records; (b) fail to specify the asserted Claim amount (or only list the Claim amount as "unliquidated"); (c) seek recovery of amounts for which the Debtors are not liable; (d) are incorrectly or improperly classified; (e) have been formally withdrawn by the claimant through the filing of a pleading or through the entry of a Court order indicating withdrawal of the Claim; (f) are filed against non-Debtors, the incorrect Debtor, or are filed incorrectly against multiple Debtors; (g) fail to specify a Debtor against whom the Claim is asserted; (h) are disallowed pursuant to section 502 of the Bankruptcy Code; (i) fail to comply with the requirements for a proof of claim in that they do not sufficiently specify the basis for the Claim or lack sufficient supporting documentation therefor; (j) are disallowed or subordinated to all Claims or interests

senior to or equal to the asserted Claim or interest arising out of the purchase or sale of a security of a Debtor or affiliate thereof pursuant to section 510(b) of the Bankruptcy Code; (k) are disallowed pursuant to, or asserted in an amount, priority, or on terms that are otherwise inconsistent with, the Debtors' chapter 11 plan; (l) seek priority in an amount that exceeds a statutory limit or otherwise improperly assert a right to priority treatment; or (m) are satisfied by payment in full or in part on account of such Claim from a party that is not a Debtor, including one or more of the Debtors' insurers.  Objection Procedures ¶ 1.

11.     As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes prima facie evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code.  *See, e.g.*, *In re Jack Kline Co., Inc.*, 440 B.R. 712, 742 (Bankr. S.D. Tex. 2010) (holding that "a proof of claim is prima facie evidence of the pre-petition debt owed"); *In re Tran,* 351 B.R. 440, 444 (Bankr. S.D. Tex. 2006), *aff'd*, 369 B.R. 312 (S.D. Tex. 2007) (holding that "[a] properly filed proof of claim is prima facie evidence of the validity and amount of the claim.").  A proof of claim loses the presumption of prima facie validity under Bankruptcy Rule 3001(f) if an objecting party refutes at least one of the allegations that are essential to the claim's legal sufficiency.  *See In re Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988) ("If . . . evidence rebutting the claim is brought forth, then the claimant must produce additional evidence to prove the validity of the claim by a preponderance of the evidence.") (internal quotations omitted).  Once such an allegation is refuted, the burden reverts to the claimant to prove the validity of its claim by a preponderance of the evidence.  *Id*.  However, despite this shifting burden during the claim objection process, "the ultimate burden of proof always rests upon the claimant."  *Id.*

12.     As set forth in the Kelsall Declaration, the Debtors have thoroughly reviewed their books and records, the Claims Register, the relevant Proofs of Claim, and the supporting documentation provided by the claimant (if any), and have determined that each of the No Liability Claims identified on <u>Schedule 1</u> to the proposed order was satisfied in the ordinary course of business prior to the Petition Date and/or that no Debtor entity is liable to the claimant on account of such asserted liability.  In connection therewith, the Debtors determined that the No Liability Claims consist of the following categories of Claims:

a.     <u>No Outstanding Debtor Liability Claims</u>.  The Proofs of Claim identified as "No Outstanding Debtor Liability Claims" in the "Basis for Objection" column on <u>Schedule 1</u> to the proposed order were filed on the basis of amounts that allegedly remain owing for services rendered by employees of the Debtors (including temporary workers hired by the Debtors through XLT Management Services, Inc. ("<u>XLT</u>") from time to time) prior to the Petition Date.  Following a review of their books and records (and/or XLT's review of their books and records), the relevant Proofs of Claim, and the supporting documentation provided by the claimant (if any), the Debtors determined that payments for services rendered were timely issued to each such employee in the ordinary course of business prior to the Petition Date and that no Debtor entity is currently liable to such claimants on account of such asserted liabilities.

b.     <u>Non-Debtor Affiliate Liability Claim</u>.  The Proof of Claim identified as a "Non-Debtor Affiliate Liability Claim" in the "Basis for Objection" column on <u>Schedule 1</u> to the proposed order was filed on the basis of amounts that allegedly remain owing for services rendered to Debtor Diamond Sports Group, LLC ("<u>DSG</u>").  Following a review of their books and records (and XLT's review of their books and records), the relevant Proof of Claim, and the supporting documentation provided by the claimant, the Debtors determined that the services allegedly performed relate to Diamond Sports Net West, LLC, a non-Debtor affiliate of the Debtors, and that no Debtor entity is liable to such claimant on account of such asserted liabilities.

c.     <u>Non-Debtor Liability Claim</u>.   The Proof of Claim identified as a "Non-Debtor Liability Claim" in the "Basis for Objection" column on <u>Schedule 1</u> to the proposed order was filed against DSG by a claimant on account of amounts that allegedly remain owing pursuant to a nonqualified deferred compensation plan provided by Sinclair, Inc., the Debtors' current ultimate parent company, and that neither DSG nor any other Debtor entity is liable to such claimant on account of such asserted amounts.

13.     Failure to disallow and expunge the No Liability Claims as set forth herein and in accordance with Schedule 1 to the proposed order could result in the applicable claimants receiving unwarranted recoveries to the detriment of the Debtors' estates.  Moreover, elimination of such Claims will streamline and enable the Debtors to maintain a more accurate Claims Register in these chapter 11 cases.  Accordingly, the Debtors respectfully request that the Court enter the proposed order disallowing and expunging the No Liability Claims identified on Schedule 1 to the proposed order.

**Reservation of Rights**

14.     This objection is limited to the grounds stated herein.  Accordingly, it is without prejudice to the rights of the Debtors or any other party in interest to object to any of the No Liability Claims (to the extent they are not disallowed and expunged pursuant to an order of the Court approving this objection) on any grounds whatsoever.  The Debtors hereby reserve the right to amend, modify, and/or supplement this objection.

**Separate Contested Matter**

15.     To the extent that a response is filed regarding any No Liability Claim and the Debtors are unable to resolve any such response, each such No Liability Claim, and this objection as it pertains to such No Liability Claim, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Further, the Debtors request that any order entered by the Court regarding an objection asserted herein be deemed a separate order with respect to each Proof of Claim.

**Notice**

16.     The Debtors will provide notice of this objection to (a) the holders of the No Liability Claims, (b) the parties on the Master Service List available on the website of the Debtors'

claims and noticing agent at https://cases.ra.kroll.com/DSG, and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the proposed order, substantially in the form attached hereto, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

August 23, 2024

Respectfully submitted,

/s/ John F. Higgins
**PORTER HEDGES LLP**
John F. Higgins (TX Bar No. 09597500)
M. Shane Johnson (TX Bar No. 24083263)
Megan Young-John (TX Bar No. 24088700)
Bryan L. Rochelle (TX Bar No. 24107979)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jhiggins@porterhedges.com
sjohnson@porterhedges.com
myoung-john@porterhedges.com
brochelle@porterhedges.com

- and -

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Brian S. Hermann (admitted *pro hac vice*)
Andrew M. Parlen (admitted *pro hac vice*)
Joseph M. Graham (admitted *pro hac vice*)
Alice Nofzinger (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
bhermann@paulweiss.com
aparlen@paulweiss.com
jgraham@paulweiss.com
anofzinger@paulweiss.com

*Counsel to the Debtors and Debtors in Possession*

## **Certificate of Service**

I certify that on August 23, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ John F. Higgins*
John F. Higgins