IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| DIAMOND SPORTS GROUP, LLC, *et al.*,[1] | ) ) ) | Case No. 23-90116 (CML) |
| Debtors. | ) ) ) | (Jointly Administered) |

**DEBTORS' FIFTH MOTION FOR ENTRY OF AN ORDER
(A) EXTENDING THE TIME TO FILE NOTICES OF REMOVAL OF
CIVIL ACTIONS AND (B) GRANTING RELATED RELIEF**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within 21 days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within 21 days from the date this motion was filed. Otherwise, the court may treat the pleading as unopposed and grant the relief requested.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion:

### Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto, (a) extending the period within which the Debtors may file notices of removal of civil actions pursuant to 28 U.S.C. § 1452 and Rule 9027(a)(2)(A) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") through and including February 3, 2025, without prejudice to the Debtors' right to seek further extensions, and (b) granting related relief.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/DSG. The Debtors' service address for purposes of these chapter 11 cases is: c/o Diamond Sports Group, LLC, 3003 Exposition Blvd., Santa Monica, CA 90404.

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012 (the "Amended Standing Order"). The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are 28 U.S.C. § 1452 and Bankruptcy Rules 9006 and 9027.

**Background**

5. On March 14 and 15, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On March 15, 2023, the Court entered an order authorizing the joint administration and procedural consolidation of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Rule 1015-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules"). The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On March 27, 2023, the Office of the United States Trustee for the Southern District of Texas appointed an official committee of unsecured creditors. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

6. The Debtors have prepared and filed their schedules of assets and liabilities and statements of financial affairs for each Debtor. As of the date of the filing of this motion, the

Debtors are not aware of any civil actions to which any Debtor is a party that was commenced prior to the Petition Date (each, an "Action" and collectively, "Actions"), and none were disclosed in the schedules of assets or liabilities.  The general claims bar date was July 17, 2023, and the governmental claims bar date was September 11, 2023, and the Debtors continue to review the claims filed against the Debtors' estates at this time.  Pursuant to the *Order (A) Extending the Time to File Notices of Removal of Civil Actions and (B) Granting Related Relief* [Docket No. 2235], the current deadline to file notices of removal of civil actions is October 4, 2024.  Since the entry of that order on June 28, 2024, the Debtors have been focused on negotiations with their distributors and team and league partners, separating their business from their parent company, negotiating and drafting their amended plan of reorganization and related disclosure statement supplement, and continuing the solicitation process.

7. The Debtors file this motion as a protective measure out of an abundance of caution in case there are any Actions of which the Debtors remain unaware.  For instance, it is possible that a party commenced litigation against the Debtors' parent company that was meant to be a claim against the Debtors, which the Debtors may learn about as they complete the process of separating their business.

**Basis for Relief**

8. Bankruptcy Rule 9027 and 28 U.S.C. § 1452 govern the removal of pending civil actions related to bankruptcy cases.  In addition, Bankruptcy Rule 9027 sets forth the time periods for filing notices to remove claims or causes of action, and Bankruptcy Rule 9006(b)(1) permits the Court to extend the period to remove actions provided by Bankruptcy Rule 9027 "for cause shown . . . if the request therefor is made before the expiration of the period originally prescribed." Fed. R. Bankr. P. 9006(b)(1); *see also Jandous Elec. Constr. Corp. v. City of N.Y. (In re Jandous*

3

*Elec. Constr. Corp.)*, 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (acknowledging Bankruptcy Rule 9006(b)'s application to expansion of the Bankruptcy Rule 9027 removal period).

9. The Debtors respectfully request an extension of the deadline under Bankruptcy Rule 9027(a)(2)(A) to file notices of removal, which would otherwise expire on October 4, 2024, to ensure the Debtors' right to remove is preserved and that creditors are on notice of such extended removal deadline.[2]

10. While the Debtors are not currently aware of any Actions, in the event that any Actions do exist, the Debtors will need an opportunity to properly consider, or make decisions concerning, the removal of any Action. Accordingly, the Debtors request that the Court further extend the removal period as set forth herein, without prejudice to the Debtors' right to seek further extensions. The Debtors believe that further extending the removal period as requested herein will provide the Debtors' management and advisors additional time necessary to identify, consider, and make fully informed decisions concerning the removal of any Action, thereby ensuring that the Debtors can appropriately exercise the rights granted by 28 U.S.C. § 1452.

11. Further, the rights of any party to any Action will not be unduly prejudiced by the Debtors' requested extension. If the Debtors ultimately seek to remove any action pursuant to Bankruptcy Rule 9027, any party to such action may seek to have such action remanded pursuant to 28 U.S.C. § 1452(b), which provides that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). This right is not prejudiced by the Debtors' requested extension.

---

[2] Pursuant to Section K, paragraph 30 of the Procedures for Complex Cases in the Southern District of Texas, the filing of this motion automatically extends this deadline until the Court rules on the motion.

12. Accordingly, for the reasons set forth above, the Debtors submit that cause exists for the Court to extend the deadline to file notices of removal under Rule 9027(a)(2)(A) through and including February 3, 2025.

## Notice

13. The Debtors will provide notice of this motion to the parties on the Master Service List available on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/DSG and any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the proposed order, substantially in the form attached hereto, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

October 4, 2024

Respectfully submitted,

/s/ *John F. Higgins*
**PORTER HEDGES LLP**
John F. Higgins (TX Bar No. 09597500)
M. Shane Johnson (TX Bar No. 24083263)
Megan Young-John (TX Bar No. 24088700)
Bryan L. Rochelle (TX Bar No. 24107979)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jhiggins@porterhedges.com
sjohnson@porterhedges.com
myoung-john@porterhedges.com
brochelle@porterhedges.com

- and -

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Brian S. Hermann (admitted *pro hac vice*)
Andrew M. Parlen (admitted *pro hac vice*)
Joseph M. Graham (admitted *pro hac vice*)
Alice Nofzinger (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
bhermann@paulweiss.com
aparlen@paulweiss.com
jgraham@paulweiss.com
anofzinger@paulweiss.com

*Counsel to the Debtors and Debtors in Possession*

**Certificate of Service**

      I certify that on October 4, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                */s/ John F. Higgins*
                                                John F. Higgins