**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|   |   |   |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| DIAMOND SPORTS GROUP, LLC, *et al.*,[1] | ) | Case No. 23-90116 (CML) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE
DEBTORS TO FILE UNDER SEAL EXHIBIT A TO THE FANDUEL TERM SHEET
MOTION (II) GRANTING RELATED RELIEF**

[Related to Docket No. 2541]

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by
> the court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within
> twenty-one days from the date this motion was filed. If you do not have electronic filing
> privileges, you must file a written objection that is actually received by the clerk within twenty-
> one days from the date this motion was filed. Otherwise, the court may treat the pleading as
> unopposed and grant the relief requested.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state as follows in support of this motion:

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto,

(a) authorizing the Debtors to file under seal the term sheet with FanDuel Group, Inc.

(the "FanDuel Term Sheet") attached as Exhibit A to the *Debtors' Emergency Motion for Entry of*

*an Order (I) Authorizing Entry into and Performance Under the FanDuel Term Sheet and*

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors'
claims and noticing agent at https://cases.ra.kroll.com/DSG.  The Debtors' service address for purposes of these
chapter 11 cases is:  c/o Diamond Sports Group, LLC, 3003 Exposition Blvd., Santa Monica, CA 90404.

*(II) Granting Related Relief* (the "FanDuel Motion"), filed contemporaneously herewith,[2] and (b) granting related relief.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012 (the "Amended Standing Order").  The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a) and 107 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rule 9018, and Rules 9013-1 and 9037-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules").

## Background

5.      As more fully discussed in the FanDuel Motion, the FanDuel Term Sheet provides the Debtors with both a near-term and long-term naming rights solution and is an important component of a comprehensive restructuring that the Debtors intend to implement pursuant to a chapter 11 plan of reorganization.

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the FanDuel Motion.

6.      The terms and conditions of the FanDuel Term Sheet (the "Confidential Information") comprise sensitive commercial information that is confidential to the Debtors and FanDuel. In addition, the FanDuel Term Sheet includes confidentiality provisions that prohibit the parties from disclosing the terms contained therein.

7.      Because the Debtors are prohibited under the FanDuel Term Sheet from disclosing the terms thereof, and because public disclosure of the Confidential Information would harm the Debtors, their estates, and FanDuel, the Debtors seek authority file the FanDuel Term Sheet under seal.

**Basis for Relief**

8.      While there is a strong presumption in favor of public access to court records, access to judicial records is not without limit. *See Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).  Section 105(a) of the Bankruptcy Code codifies the inherent equitable powers of the bankruptcy court and empowers the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. *See In re Gen. Homes Corp.*, 181 B.R. 898, 903 (Bankr. S.D. Tex. 1995).  That section provides, in relevant part, that, "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1).

9.      Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code.  Local Rule 9037-1(c) provides, in relevant part, that "[a] motion, reply or other document may initially be filed under seal if the filing party simultaneously files a motion requesting that the document be maintained under seal."

10.     Commercial information is information that would result in "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (citing *Video Software Dealers Ass'n* v. *Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994)). Commercial information need not rise to the level of a "trade secret" to be protected under section 107(b) of the Bankruptcy Code. *Orion Pictures*, 21 F.3d at 28. Rather, the protections of section 107(b) of the Bankruptcy Code extend to commercial information that, if disclosed to the public, could be reasonably expected to cause the entity commercial injury by unfairly benefiting competitors. *See In re Northstar Energy, Inc.*, 315 B.R. 425, 429 (Bankr. E.D. Tex. 2004). Once a court determines that a party in interest is seeking to protect "commercial information," the court "is required to protect a requesting interested party and has no discretion to deny the application." *Orion Pictures*, 21 F.3d at 27.

11.     The Debtors submit that the Confidential Information falls within the scope of commercial information that may be protected by the Court pursuant to section 107(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9018. In light of the sensitivity of the Confidential Information, it is of critical importance to the Debtors and FanDuel that the Confidential Information be kept confidential so that outside parties may not appropriate the Confidential Information for their own use to the detriment of the Debtors, their estates, and FanDuel. Public disclosure of such information would cause injury to the Debtors and FanDuel, and is also expressly prohibited under the confidentiality provisions of the FanDuel Term Sheet. The confidentiality provisions of the FanDuel Term Sheet were critical components to FanDuel's commitments under the FanDuel Term Sheet, which were necessary to obtain the material benefits of the FanDuel Term Sheet and implement a broader value-maximizing restructuring.

4

12.     The Debtors will make a copy of the FanDuel Term Sheet available, on a confidential basis, to (a) the Court, (b) the U.S. Trustee, and (c) on a professional eyes only basis, counsel to the official committee of unsecured creditors.

13.     In light of the foregoing, the Debtors respectfully request that the Court authorize the Debtors to file the FanDuel Term Sheet under seal.

### No Prior Request

14.     No previous request for relief sought herein has been made by the Debtors to this or any other court.

### Notice

15.     The Debtors will provide notice of this motion to (a) the parties on the Master Service List available on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/DSG, (b) FanDuel, and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the proposed order, substantially in the form attached hereto, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

October 15, 2024

Respectfully submitted,

*/s/ John F. Higgins*

**PORTER HEDGES LLP**
John F. Higgins (TX Bar No. 09597500)
M. Shane Johnson (TX Bar No. 24083263)
Megan Young-John (TX Bar No. 24088700)
Bryan L. Rochelle (TX Bar No. 24107979)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jhiggins@porterhedges.com
sjohnson@porterhedges.com
myoung-john@porterhedges.com
brochelle@porterhedges.com

- and -

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Brian S. Hermann (admitted *pro hac vice*)
Andrew M. Parlen (admitted *pro hac vice*)
Joseph M. Graham (admitted *pro hac vice*)
Alice Nofzinger (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
bhermann@paulweiss.com
aparlen@paulweiss.com
jgraham@paulweiss.com
anofzinger@paulweiss.com

*Counsel to the Debtors and Debtors in Possession*

**<u>Certificate of Service</u>**

I certify that on October 15, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ John F. Higgins*
John F. Higgins