IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>DIAMOND SPORTS GROUP, LLC, *et al.*[1]<br><br>                      Debtors. | Chapter 11<br><br>Case No. 23-90116 (CML)<br><br>(Jointly Administered)<br><br>**Re: D.I. 1983, 2499 & 2521** |

## OBJECTION AND RESERVATION OF RIGHTS OF THE ATLANTA BRAVES AND MAJOR LEAGUE BASEBALL IN RESPECT OF DEBTORS' PROPOSED CHAPTER 11 PLAN OF REORGANIZATION

Atlanta National League Baseball Club, Inc. (the "Braves") and the Office of the Commissioner of Baseball d/b/a Major League Baseball ("MLB") hereby submit this Objection and Reservation of Rights (the "Objection") to the *Debtors' First Amended Joint Chapter 11 Plan of Reorganization* filed on October 9, 2024 [Dkt. No. 2521-1] (the "Plan").[2] In support of this Objection, the Braves and MLB respectfully represent as follows:

1. The Braves and MLB have been in business with partners in the sports telecast industry, like the Debtors, for decades. Although MLB and its constituent clubs have expressed concerns about the Debtors' plans for reorganization over the course of these chapter 11 cases, they would like nothing more than to see the Debtors emerge from bankruptcy with a right-sized and sustainable capital structure, based on a sensible business model supported by achievable

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/DSG. The Debtors' service address for the purposes of these chapter 11 cases is: c/o Diamond Sports Group, LLC, 3003 Exposition Blvd., Santa Monica, CA 90404.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

financial projections. MLB and the Braves have vested interests in the Debtors' long-term health and stability, and a successful reorganization of the Debtors is in the best interests of MLB and its constituent clubs that choose to continue to do business with the Debtors. That said, neither the Braves nor MLB should be compelled to partner with a business that does not have a realistic roadmap to future operations.

2. As the plan proponents, it is the Debtors', and solely the Debtors', burden to demonstrate that the Plan satisfies the requirements of Section 1129 of the Bankruptcy Code. This includes demonstrating that "[c]onfirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan." 11 U.S.C. § 1129(a)(11). Commonly known as the "plan feasibility" requirement, *the Debtors* must show by a preponderance of the evidence that the Plan offers a "reasonable assurance of commercial viability." *See In re Save Our Springs (S.O.S.) Alliance, Inc.*, 632 F.3d 168, 172 (5th Cir. 2011) (citing *Heartland Fed. Sav. & Loan Ass'n v. Briscoe Enters., Ltd., II (In re Briscoe Enter., Ltd., II),* 994 F.2d 1160, 1166 (5th Cir.1993)).

3. Importantly, plan feasibility requires credible projections: "[s]peculative, conjectural or unrealistic projections by Debtor cannot support Debtor's predictions of future performance." *Canal Place Ltd. P'ship* v. *Aetna Life Ins. Co.* (*In re Canal Place Ltd.*), 921 F.2d 569, 579 (5th Cir. 1991). While some degree of speculation is part and parcel of any predictor of forward-looking performance, to support a finding that a chapter 11 plan is feasible such speculations must be grounded in concrete, objective facts. *See In re Lakeside Global II, Ltd.*, 116 B.R. 499, 510 (Bankr. S.D. Tex. 1989) ("While all speculations are just that, predictions on performance must be met with objective fact and judged in that light."). For the purposes of

proving plan feasibility, the Debtors must set forth plausible projections. *See In re M&S Associate, Ltd.*, 138 B.R. 845, 849 (Bankr. W.D. Tex. 1992) (citing *In re Sound Radio, Inc.*, 103 B.R. 521, 524 (D.N.J. 1989)) ("The feasibility test contemplates the probability of actual performance of the provisions of the plan, and whether the things to be done under the plan can be done as a practical matter under the facts.").

4. The Debtors are unlikely to meet their burden of demonstrating that the Plan is feasible. In discovery, the Braves and MLB have sought the information and data on which Debtors' Plan and Financial Projections[3] are based in order to understand the basis for Plan feasibility. The Braves and MLB have conducted four depositions of the Debtors' executives and financial advisors in an effort to confirm, or at the very least "kick the tires" on, the Debtors' Plan and Financial Projections.

5. To date, the Debtors have produced only 20 documents, totaling 181 pages. Half of these documents were publicly available reports concerning the sports media world in general, and most of the remaining substantive documents were presentation materials that had already been shared with MLB (whether directly or through its advisors). Despite specific requests, the Debtors have failed to produce any materials concerning their as-yet unsigned Amazon commercial partnership, or its predicted substantial benefits.

6. The information provided by the Debtors through document and deposition discovery is insufficient to satisfy their burden of proof regarding plan feasibility. In particular, the Debtors' refusal to produce information concerning the proposed commercial lynchpin of the go-forward business plan as to DTC subscribers, a subscriber base that the Debtors estimate in the

---

[3] *Disclosure Statement Supplement for the Debtors' First Amended Joint Chapter 11 Plan of Reorganization*, Exhibit D (the "Financial Projections") [Dkt. No. 2529], supplementing the *Disclosure Statement for the Debtors' Joint Chapter 11 Plan of Reorganization* [Dkt. No. 1983-1] (the "Disclosure Statement").

Financial Projections to grow by hundreds of percentage points between now and the end of 2027, by itself justifies a finding that the Debtors cannot meet their feasibility burden. *See In re Trenton Ridge Investors, LLC*, 461 B.R. 440, 492-93 (Bankr. S.D. Ohio 2011) (denying confirmation on basis that debtor failed to "provid[e] credible evidence" of important projections). The Debtors have also consistently refused to produce information regarding distribution agreements for their linear business sufficient to allow credible cross-examination on their assumptions in that space. They have, instead, justified their position by assertions of confidentiality. But this cannot reduce the burden of proof the Debtors must satisfy, and due process requires that any party objecting in good faith have an appropriate opportunity to conduct discovery. The Debtors have failed to produce the concrete, objective facts concerning their projected reorganized revenue, and the assumptions underlying those projections, that are required to adequately assess their claims of plan feasibility.

7.  Based on the current inadequate record, the Braves and MLB have grave concerns that, if the Plan is confirmed, there is a substantial likelihood that the Debtors will find themselves once again in financial distress and/or bankruptcy court in the near future. The Debtors' inability to demonstrate plan feasibility also calls into question whether the Debtors can demonstrate adequate assurance of future performance to assume the Braves' executory contract. 11 U.S.C. § 365(b). The Braves and MLB therefore submit this Objection without prejudice to their rights to supplement and amend this pleading, to cross-examine any witness or any evidence offered at the hearing in support of confirmation of the Plan.

Dated: November 8, 2024
       Houston, Texas

**BRACEWELL LLP**

*/s/ William A. (Trey) Wood III*
William A. (Trey) Wood III (Texas Bar No. 21916050)
711 Louisiana St., Suite 2300
Houston, Texas 77002
Telephone: (713) 221-1166
Facsimile: (713) 221-1212
E-mail: trey.wood@bracewell.com

Mark Dendinger (admitted *pro hac vice*)
31 W. 52nd Street, Suite 1900
New York, NY 10019
Telephone: (212) 508-6141
Facsimile: (800) 404-3970
E-mail: mark.dendinger@bracewell.com

-and-

**SULLIVAN & CROMWELL LLP**
James L. Bromley (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: bromleyj@sullcrom.com
          kranzleya@sullcrom.com

Counsel for Office of the Commissioner of Baseball d/b/a Major League Baseball and Atlanta National League Baseball Club, Inc.

## **CERTIFICATE OF SERVICE**

I certify that on November 8, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *William A. (Trey) Wood III*
William A. (Trey) Wood III