United States Bankruptcy Court
Southern District of Texas
**ENTERED**
November 14, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| DIAMOND SPORTS GROUP, LLC, *et al* | ) Case No. 23-90116 (CML) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**ORDER (I) AUTHORIZING AND APPROVING THE DIAMOND SPORTS CINCINNATI SETTLEMENT AND (II) GRANTING RELATED RELIEF**
[Related to Docket No. 2639]

Upon the motion (the "Motion")[4] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) approving and authorizing Debtor Diamond Sports Net Ohio, LLC ("Diamond Ohio") to enter into and perform under a Settlement, Release, and Purchase Agreement (the "Settlement") on the terms and conditions set forth in the agreement attached thereto as **Exhibit A** (the "Settlement Agreement") and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Amended Standing Order; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and

---

[3] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/DSG. The Debtors' service address for purposes of these chapter 11 cases is: c/o Diamond Sports Group, LLC, 3003 Exposition Blvd., Santa Monica, CA 90404.

[4] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

1

other parties in interest, including any and all parties bound by the various releases granted pursuant to the Settlement Agreement; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. Pursuant to sections 105 and 363(b) of the Bankruptcy Code, Bankruptcy Rule 9019, and all applicable law, the Settlement Agreement and the transactions contemplated by the Settlement Agreement are hereby authorized and approved.

2. Diamond Ohio's execution of, and performance under, the Settlement Agreement is authorized and approved in all respects, and Diamond Ohio is authorized to execute, deliver, and perform under all additional instruments, documents, and agreements that may be necessary or desirable to implement the Settlement Agreement without further order of the Court. Diamond Ohio has the power and authority, and is hereby authorized, to take any and all actions necessary to consummate the Settlement Agreement and to perform any and all obligations contemplated by the Settlement Agreement and this Order, including, without limitation, the granting of the releases set forth in the Settlement Agreement.

3. The consideration provided by Diamond Ohio pursuant to the Settlement Agreement (a) is fair and reasonable, (b) is the highest or otherwise best offer under the circumstances, and (c) constitutes reasonably equivalent value (as those terms are defined in each

of the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act and section 548 of the Bankruptcy Code) and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, or possession.

4. Proof of Claim No. 260 is hereby withdrawn and expunged from the claims register of these chapter 11 cases effective as of the date of this Order without the need for any further notice or action by the Debtors or this Court.

5. Notice of the Motion as provided therein is hereby deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

6. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of the Settlement Agreement, this Order, and/or any related documents.

Signed: November 14, 2024

_____
Christopher Lopez
United States Bankruptcy Judge