**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| DIAMOND SPORTS GROUP, LLC, *et al.*,[1] | ) | Case No. 23-90116 (CML) |
|  | ) |  |
| Reorganized Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**REORGANIZED DEBTORS' MOTION FOR ENTRY
OF FINAL DECREE CLOSING CERTAIN OF THE CHAPTER 11 CASES**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within 21 days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within 21 days from the date this motion was filed. Otherwise, the court may treat the pleading as unopposed and grant the relief requested.**

In accordance with Article XII.O of the Plan,[2] the reorganized debtors in the above-captioned cases (prior to the Effective Date, the "Debtors," and, after the Effective Date, the "Reorganized Debtors") file this motion seeking entry of a final decree, substantially in the form attached hereto (the "Final Decree"), (a) consolidating and transferring all remaining matters and Claims against the estates of each of the Affiliated Debtors to the chapter 11 case of Diamond Sports Net, LLC ("DSN"), Case No. 23-90126 (CML) (the "Remaining Case"), for administration and resolution in accordance with the Plan, (b) closing each of the Affiliated Cases, and (c) granting related relief.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/DSG. The Debtors' service address for purposes of these chapter 11 cases is: c/o Diamond Sports Group, LLC, 3003 Exposition Blvd., Santa Monica, CA 90404.

[2] Capitalized terms used but not defined in this paragraph shall have the meanings ascribed to them elsewhere in this motion and capitalized terms used in this motion but not defined herein shall have the meanings ascribed to them in the Plan, as applicable.

**Jurisdiction and Venue**

1.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012 (the "Amended Standing Order").  The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 105(a) and 350(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rule 3002, and Rules 1075-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules").

**Background**

4.      On March 14 and 15, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  On March 15, 2023, the Court entered an order authorizing the joint administration and procedural consolidation of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1 [Docket No. 28] (the "Joint Administration Order").

5.      On November 14, 2024, the Court entered an order [Docket No. 2671] (the "Confirmation Order") confirming the Debtors' chapter 11 plan of reorganization, which is attached to the Confirmation Order as Exhibit 1 thereto (as may be amended, modified, or

supplemented from time to time, the "Plan").  The Confirmation Order is final, non-appealable, and not subject to any pending appeal.[3]

6.      On January 2, 2025, the Reorganized Debtors filed a notice [Docket No. 2836] disclosing that the Effective Date occurred on January 2, 2025.  On the Effective Date, the Debtors substantially consummated the Plan and emerged from these chapter 11 cases as the Reorganized Debtors.

7.      Upon the Effective Date, the Reorganized Debtors, among other things, commenced distributions to Holders of Claims in accordance with the Plan.  The Reorganized Debtors continue to reconcile and prosecute objections to Claims as warranted (the "Claims Reconciliation Process").

8.      Each Affiliated Debtor is current with respect to fees payable to the U.S. Trustee pursuant to section 1930 of the United States Code ("Section 1930 Fees") through the last quarter. Each of the Affiliated Debtors will pay all Section 1930 Fees accruing up to the date of the final decrees for their respective cases.

9.      Pursuant to the Plan, all final requests for payment of Professional Fee Claims for services rendered and reimbursement of expenses incurred prior to the Confirmation Date (collectively, the "Fee Applications") must be filed no later than 45 days after the Effective Date.

10.      Although the Reorganized Debtors do not anticipate any further significant contested matters related to their chapter 11 cases, miscellaneous motions, applications, pleadings, or other matters or proceedings may arise from time to time, including the ongoing dispute with Sinclair Television Group, Inc. regarding their asserted administrative expense claim [Docket

---

[3]  Confirmation Order ¶ 124 ("This Confirmation Order is a Final Order, and the period in which an appeal must be filed shall commence upon the entry hereof.").  Pursuant to Bankruptcy Rule 8002, an appeal must have been filed within 14 days of entry of the Confirmation Order (as adjusted by Bankruptcy Rule 9006), i.e., by November 29, 2024.

No. 2756] (such matters, collectively with the Claims Reconciliation Process and the Fee
Applications, the "Remaining Matters").   Any Remaining Matters related to any of the
Reorganized Debtors can be filed, administered, and adjudicated in the Remaining Case without
any substantive or negative impact on any party in interest.[4]

11.     Based on the foregoing, and as further discussed below, the Reorganized Debtors
respectfully submit that entry of the Final Decree closing the cases of DSN's Debtor affiliates
(the "Affiliated Debtors," and such cases, the "Affiliated Cases") is appropriate.

## Basis for Relief

12.     Section 350(a) of the Bankruptcy Code provides that, "after an estate is fully
administered and the court has discharged the trustee, the court shall close the case."   11 U.S.C.
§ 350(a).  Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further
provides that, "after an estate is fully administered in a chapter 11 reorganization case, the court,
on its own motion or on motion of a party in interest, shall enter a final decree closing the case."
Fed. R. Bankr. P. 3022.

13.     The term "fully administered" is not defined in the Bankruptcy Code, the
Bankruptcy Rules, or the Local Rules.  The Advisory Committee Notes to Bankruptcy Rule 3022
(the "Advisory Committee Notes"), however, set forth the following non-exclusive factors for
consideration in determining whether a case has been fully administered:

   a.     whether the order confirming the plan has become final;

   b.     whether deposits required by the plan have been distributed;

---

[4]  The Reorganized Debtors reserve all rights to dispute any outstanding Claims, and the failure of the Reorganized
Debtors to object to any Claim filed in these chapter 11 cases prior to entry of the Final Decree shall not cause such
claim to be deemed allowed.  The Reorganized Debtors request that the Bankruptcy Court permit any objections to
Claims against or Interests in any of these chapter 11 cases to be filed, administered, and adjudicated in the
Remaining Case.

      c.      whether the property proposed by the plan to be transferred has been transferred;

      d.      whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

      e.      whether payments under the plan have commenced; and

      f.      whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022, Advisory Comm. Note (1991).  Courts look "to the advisory committee's notes on Bankruptcy Rule 3022[] in seeking guidance as to the meaning of 'fully administered.'" *In re JCP Props., Ltd.*, 540 B.R. 596, 605 (Bankr. S.D. Tex. 2015).

14.      In addition to the factors set forth in the Advisory Committee Notes, courts consider whether the plan of reorganization has been substantially consummated. *See, e.g.*, *id.* ("Substantial consummation is the pivotal question here to determine the propriety of closing the [case].").  Section 1101(2) of the Bankruptcy Code defines substantial consummation as the:  (a) transfer of all or substantially all of the property proposed by the plan to be transferred; (b) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (c) commencement of distribution under the plan.  11 U.S.C. § 1101(2).  Not all of these factors must be present before a court will enter a final decree.  *See, e.g.*, *Walnut Assocs. v. Saidel*, 164 B.R. 487, 493 (E.D. Pa. 1994).

15.      Courts have also noted that entry of a final decree is appropriate to stop the accrual of Section 1930 Fees.  *See In re Jay Bee Enters., Inc.*, 207 B.R. 536, 539 (Bankr. E.D. Ky. 1997) (concluding that "it seems appropriate to close this case to stop the financial drain on the debtor" due to accrual of Section 1930 Fees).

16.      Here, the foregoing factors weigh strongly in favor of closing each of the Affiliated Cases.  As of the Effective Date, the Affiliated Cases have been "fully administered," the Plan has

been substantially consummated, and the Confirmation Order is a Final Order.  *See* Confirmation Order ¶ 119 ("On the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1101 and 1127(b) of the Bankruptcy Code."); *see also* Plan Art. IX.D ("'Substantial Consummation' of the Plan, as defined in section 1101(2) of the Bankruptcy Code, with respect to any of the Debtors, shall be deemed to occur on the Effective Date with respect to such Debtor."). Specifically:  (a) the Reorganized Debtors have separated from the Sinclair Parties; (b) the New Organizational documents have been executed; (c) the New TopCo Equity has been issued by New TopCo; (d) the New A/R Facility Documents have been executed and the closing of the New A/R Facility has occurred; (e) the Exit Term Loans have been issued; (f) a claims reserve in the amount necessary to fund the Unsecured Claim Cash Distribution has been funded by the Debtors; (e) distributions have commenced to Holders of Allowed Claims in accordance with the terms of the Plan; (h) the Reorganized Debtors have assumed the business and management of the Debtors; and (i) the Debtors have otherwise substantially consummated the Restructuring Transactions. Through the Disputed Claims Reserve, the Reorganized Debtors have sufficient cash for the remaining distributions to be made to the remaining Holders of Claims under the Plan.

17.     The Reorganized Debtors also request an amendment to the case caption approved in the Joint Administration Order to reflect the closure of the Affiliated Cases and ongoing administration under the docket of the Remaining Case, given that the Remaining Case was not originally the lead case under the Joint Administration Order.

18.     Closing the Affiliated Cases and amending the case caption is consistent with the confirmed Plan, which provides:

> Following the Effective Date, the Post-Effective Date Debtors shall be permitted to (i) close all of the Chapter 11 Cases except for one of the Chapter 11 Cases as determined by the Post-Effective Date Debtors, and any contested matters relating to each of the Debtors,

> including objections to Claims, shall be administered and heard in
> such Chapter 11 Case and (ii) change the name of the remaining
> Debtor and case caption of the remaining open Chapter 11 Case as
> desired, in the Post-Effective Date Debtors' sole discretion.

Plan Art. XII.O.

19.     Any pending Claims will be paid pursuant to the Plan in the Remaining Case or

outside the chapter 11 cases in accordance with the Bankruptcy Code and the Plan.  Closing the

Affiliated Cases will benefit the estates and the Court by reducing the costs and burdens attendant

to administering and keeping open the Affiliated Cases.  Pursuant to section 350(b) of the

Bankruptcy Code, the Court retains jurisdiction to reopen any of the Affiliated Cases for further

administration in the unlikely event that such a need arises.  The relief sought herein thus will not

prejudice any other party in interest.  For all of the foregoing reasons, the Reorganized Debtors

respectfully submit that the Affiliated Cases have been fully administered within the meaning of

section 350(a) of the Bankruptcy Code and entry of the Final Decree is appropriate for each

Affiliated Case.

20.     Additionally, section 105(a) of the Bankruptcy Code provides the Court with broad

powers in the administration of a case under title 11.  Section 105(a) of the Bankruptcy Code

provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate

to carry out the provisions of this title" and further that "no provision of this title shall be construed

to preclude the court from . . . taking any action or making any determination necessary or

appropriate to enforce or implement court orders or rules."  11 U.S.C. § 105(a).

21.     Section 105(a) authorizes the Court to consolidate the administration of the

Affiliated Cases with the Remaining Case.  Resolving these matters in this manner reflects the

Reorganized Debtors' emergence from chapter 11.  Moreover, no creditors or stakeholders will be

adversely affected by entry of the Final Decree because all of their rights and Claims will be preserved in the Remaining Case, including any bar dates or applicable deadlines.

22.    Accordingly, the Reorganized Debtors respectfully request that the Court enter the Final Decree closing the Affiliated Cases, consolidating the Affiliated Cases with the Remaining Case, and granting related relief.

**<u>Notice</u>**

23.    The Debtors will provide notice of this motion to (a) the parties on the Master Service List available on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/DSG, and (b) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the proposed order, substantially in the form attached hereto, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

January 3, 2025

Respectfully submitted,

*/s/ John F. Higgins*

**PORTER HEDGES LLP**
John F. Higgins (TX Bar No. 09597500)
M. Shane Johnson (TX Bar No. 24083263)
Megan Young-John (TX Bar No. 24088700)
Bryan L. Rochelle (TX Bar No. 24107979)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jhiggins@porterhedges.com
sjohnson@porterhedges.com
myoung-john@porterhedges.com
brochelle@porterhedges.com

- and -

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Brian S. Hermann (admitted *pro hac vice*)
Joseph M. Graham (admitted *pro hac vice*)
Alice Nofzinger (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
bhermann@paulweiss.com
jgraham@paulweiss.com
anofzinger@paulweiss.com

*Counsel to the Debtors and Debtors in Possession*

**<u>Certificate of Service</u>**

      I certify that on January 3, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ John F. Higgins*
_____
John F. Higgins
