United States Bankruptcy Court
Southern District of Texas
**ENTERED**
January 27, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DIAMOND SPORTS GROUP, LLC, *et al.*,[1] | ) | Case No. 23-90116 (CML) |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | |

**FINAL DECREE CLOSING CERTAIN OF THE CHAPTER 11 CASES**
**[Related to Docket No. 2841]**

Upon the motion (the "Motion")[2] of the Reorganized Debtors for entry of a final decree (this "Final Decree") (a) consolidating and transferring all remaining matters and Claims against the estates of each of the Affiliated Debtors to the Remaining Case for administration and resolution in accordance with the Plan, (b) closing each of the Affiliated Cases, and (c) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Amended Standing Order; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Reorganized Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Reorganized Debtors' notice of the Motion and

---

[1] A complete list of each of the Reorganized Debtors in these chapter 11 cases may be obtained on the website of the Reorganized Debtors' claims and noticing agent at https://cases.ra.kroll.com/DSG. The Reorganized Debtors' service address for purposes of these chapter 11 cases is: c/o Diamond Sports Group, LLC, 3003 Exposition Blvd., Santa Monica, CA 90404.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. Pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, the Affiliated Cases (listed below) are hereby closed, effective as of the date of entry of this Final Decree; *provided* that this Court shall retain jurisdiction as provided in the Plan, the Confirmation Order, and this Final Decree:

| Debtor | Case No. |
|---|---|
| Diamond Sports Group, LLC | 23-90116 |
| ARC Holding, Ltd. | 23-90115 |
| Diamond Sports Net Arizona, LLC | 23-90117 |
| Diamond Ohio Holdings II, LLC | 23-90118 |
| Diamond Sports Sun, LLC | 23-90119 |
| Diamond Sports Net North, LLC | 23-90120 |
| SportSouth Network, LLC | 23-90121 |
| SportSouth Network II, LLC | 23-90122 |
| Diamond Sports Net Detroit, LLC | 23-90123 |
| Diamond Sports Net West 2, LLC | 23-90124 |
| Diamond Sports Net Ohio, LLC | 23-90125 |
| Diamond Ohio Holdings, LLC | 23-90127 |
| Diamond San Diego Holdings, LLC | 23-90128 |
| Diamond Southern Holdings, LLC | 23-90129 |
| Diamond Sports Net Arizona Holdings, LLC | 23-90130 |
| Diamond Sports Net Florida, LLC | 23-90131 |
| Diamond St. Louis Holdings, LLC | 23-90132 |

| Debtor | Case No. |
|---|---|
| Diamond West Holdings, LLC | 23-90133 |
| Diamond-BRV Southern Sports Holdings, LLC | 23-90134 |
| Fastball Sports Productions, LLC | 23-90135 |
| FRSM Holdings, LLC | 23-90136 |
| Sports Holding, LLC | 23-90137 |
| Sports Network, LLC | 23-90138 |
| Sports Network II, LLC | 23-90139 |
| Sunshine Holdco, LLC | 23-90140 |
| Diamond College Sports, LLC | 23-90141 |
| Diamond Digital Group, LLC | 23-90142 |
| Diamond Gaming Services, LLC | 23-90143 |
| Diamond Mobile Holdings, LLC | 23-90144 |

2. The Remaining Case shall remain open pending entry of a final decree by this Court closing the Remaining Case.

3. Upon entry of this Final Decree, the caption for the Remaining Case shall be changed as follows:

| | |
|---|---|
| In re: | ) Chapter 11 |
| DIAMOND SPORTS NET, LLC,[1] | ) Case No. 23-90126 (CML) |
| Reorganized Debtor. | ) |

---

[1] The Reorganized Debtor's service address for purposes of this chapter 11 case is: c/o Main Street Sports Group, LLC, 2960 Post Road, Southport, CT 07890. The Reorganized Debtor's chapter 11 case was previously jointly administered under the chapter 11 case of Diamond Sports Group, LLC, Case No. 23-90116 (CML).

4. Notwithstanding anything to the contrary in the Joint Administration Order, all unresolved Claims against the estates of the Affiliated Debtors (collectively, the "Outstanding Claims") and the Remaining Matters shall be administratively consolidated and transferred to the

3

Remaining Case for administration and resolution in accordance with the Plan; *provided* that nothing herein shall be deemed to substantively consolidate the Debtors' estates and the Claims Agent will continue to maintain the Claims Register on a Debtor-by-Debtor basis.  The Affiliated Debtors shall have standing in the Remaining Case with respect to, *inter alia*, the administration of all Outstanding Claims and related matters to the extent set forth in the Plan and Confirmation Order.  This order does not authorize the filing of any adversary proceeding that is otherwise barred by section 546(a)(2) of the Bankruptcy Code.

5. The Court retains jurisdiction and authority with regard to the Remaining Matters and to the extent set forth in the Plan and Confirmation Order, whether or not they pertain to the Remaining Case or the Affiliated Cases and whether or not they are pending before the Court in the Remaining Case or the Affiliated Cases.  Any actions with regard to the Remaining Matters, including with respect to the Claims Reconciliation Process and the Fee Applications, whether currently pending in any Affiliated Case or not, shall be filed, administered, and adjudicated in the Remaining Case without the need to reopen any Affiliated Case.  Any failure of the Reorganized Debtors to file an objection to any Claim or Interest in the Affiliated Cases on or prior to entry of this Final Decree shall not constitute allowance of the Claim or Interest and shall not result in such Claim or Interest being deemed an Allowed Claim against or in any Debtor or Reorganized Debtor, as applicable.  Any Fee Application not already Filed prior to the entry of this Final Decree shall be filed, administered, and adjudicated in the Remaining Case.

6. All deadlines applicable in the Affiliated Cases as to the Outstanding Claims shall continue to apply as if those Outstanding Claims had not been consolidated and transferred to the Remaining Case.

7. The Clerk of the Court shall mark the docket of each Affiliated Case as "Closed" and now being administered under the Remaining Case, and shall make a docket entry in each of the Affiliated Cases substantially similar to the following:

> An order has been entered in this case directing that all further reporting concerning the administration of the assets and liabilities in this case will occur only in the case of Diamond Sports Net, LLC, Case No. 23-90126 (CML). All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 23-90126 (CML). The docket in Case No. 23-90126 (CML) should be consulted for all matters affecting this case.

8. Entry of this Final Decree is without prejudice to (a) the rights of any party in interest to seek to reopen any of the Affiliated Cases for cause shown in accordance with section 350(b) of the Bankruptcy Code and (b) the rights of the Reorganized Debtors, or any entity authorized pursuant to the Plan, to dispute any Claim that was filed against the Debtors or Reorganized Debtors, as applicable, in the chapter 11 cases as contemplated by the Plan and the Confirmation Order. Nothing in this Final Decree shall change the amount or nature of any distribution, or any other substantive rights, that any Claim against or interest in any Debtor or Reorganized Debtor, as applicable, would have been entitled to under the Plan, the Confirmation Order, the Bankruptcy Code, the Bankruptcy Rules, or otherwise had this Final Decree not been entered.

9. The Reorganized Debtors shall file one or more monthly operating report(s) covering the time period from December 1, 2024, to January 2, 2025 (if not already filed by the time of entry of this Final Decree), and serve a true and correct copy of such reports on the U.S. Trustee. Within 21 days after entry of this Final Decree, the Affiliated Debtors shall file post-confirmation reports for the period from January 3, 2025, to the date this Final Decree is entered, and serve a true and correct copy of such reports on the U.S. Trustee. All further reporting

concerning the administration of the assets and liabilities of the Affiliated Debtors shall occur only in the Remaining Case.

10. Quarterly disbursements for DSN will be reported and quarterly fees paid pending the entry of a final decree by this Court closing the Remaining Case.

11. The Reorganized Debtors, as applicable and in accordance with and to the extent set forth in Article XII.C of the Plan, shall pay the appropriate sum of quarterly fees due and payable under 28 U.S.C. § 1930(a)(6)(A) and (B) with respect to the Affiliated Debtors by no later than the later of (a) 21 days after the date of entry of the Final Decree and (b) the date on which such quarterly fees are otherwise due.  This Court shall retain jurisdiction to enforce of fees assessed under 28 U.S.C. § 1930(a)(6)(A) and (B).

12. Notwithstanding any provision in the Bankruptcy Rules to the contrary, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

13. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Local Rules are satisfied by such notice.

14. The Reorganized Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Decree in accordance with the Motion.

15. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Decree.

Signed: January 27, 2025

_____
Christopher Lopez
United States Bankruptcy Judge